Emanuel Kataev, Esq.
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Kenneth Jamison*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| KENNETH JAMISON,<br><br>        Plaintiff,<br><br>vs.<br><br>MEADOWBROOK INDUSTRIES, LLC,<br>and JOSEPH CALDEIRA,<br><br>        Defendants. | Case No.: 3:25-cv-13182<br><br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, KENNETH JAMISON, by and through his attorneys, CONSUMER ATTORNEYS PLLC, hereby complains of the Defendants, MEADOWBROOK INDUSTRIES, LLC (hereinafter "Meadowbrook" or the "Corporate Defendant") and JOSEPH CALDEIRA (hereinafter "Caldeira" or the "Individual Defendant"), upon information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action alleging that Defendant has violated the <u>Americans with Disabilities Act of 1990</u>, 42 U.S.C. § 12101, *et seq.* ("ADA"); the <u>New Jersey Law Against Discrimination</u>, N.J. Stat. Ann. § 10:5-1 *et seq.*, ("NJLAD"); the <u>Family and Medical Leave Act</u>, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"); and the <u>Fair Labor Standards Act, as amended</u> (hereinafter

1

the "FLSA"), 29 U.S.C. §201 *et seq.*, and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his actual and/or perceived disability and retaliated against following his request for a reasonable accommodation.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the ADA (42 U.S.C. § 12188).

3.    This Court has supplemental jurisdiction over related state claims of the NJLAD against Defendant under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the District of the State of New Jersey.

## PROCEDURAL REQUIREMENTS

5.    Plaintiff filed a charge of discrimination upon which this Complaint is based with the United States Equal Employment Opportunity Commission ("EEOC").

6.    Plaintiff received a Notice of Right to Sue from the EEOC on April 14, 2025, with respect to the herein charges of discrimination and retaliation.

7.    A copy of the Notice of Right to Sue is annexed hereto as Exhibit "A."

8.    This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

9.    Plaintiff therefore exhausted his administrative remedies as is required by Title VII.

## PARTIES

10. At all relevant times, Plaintiff was and is a resident of the 71 Beech St, 2nd Floor, East Orange, NJ 07018.

11. Upon Information and belief, Defendant is a domestic limited liability company duly existing pursuant to, and by virtue of, laws of the State of New Jersey that is authorized to do business in the State of New Jersey, including in this district.

12. Upon information and belief, Defendant employs more than fifty (50) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

13. Defendant Caldeira is an individual and, on information and belief, a resident of New Jersey.

14. Defendant Caldeira was an employer of the Plaintiff because he has sufficient control over the business of the Corporate Defendant and directs the terms of the Plaintiff's employment with them.

15. Indeed, Caldeira personally hired Plaintiff, set his wages and schedule, and otherwise had complete operational control over Meadowbrook.

16. At all relevant times, Plaintiff was an employee of Defendants, located at 320 Edison Avenue, Jackson, New Jersey 08527.

## STATEMENT OF FACTS

17. Plaintiff commenced employment with Defendant in or around July 12, 2019, wherein he served as a driver and a loader.

18. Plaintiff's regular work schedule with Defendants was from 5:00 AM to 1:00 PM, but the total number of hours worked varied from week to week due to overtime, wherein Plaintiff worked until 2:00 PM to 5:00 PM.

19. During the relevant period, Defendant typically paid Plaintiff, who regularly worked for fifty (50) hours per week, at a rate of twenty dollars and fifty cents ($23.50) per hour.

20. At all times relevant, Defendant had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week.

21. At all times relevant, Defendant had actual knowledge that it was obligated under the FLSA to track and record Plaintiff's compensable hours accurately and with precision.

22. At all times relevant, Defendant had actual knowledge that it was obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff overtime wages at the time one-and-one-half (1.5) rate for overtime Plaintiff worked in excess of forty (40) hours each week.

23. Plaintiff steadfastly performed his job duties in a loyal, efficient, and reliable manner, and maintained an unblemished record of employment.

24. On April 12, 2024, Plaintiff got involved in a vehicular accident and after treatment, Plaintiff was advised by his doctor that he may return to work on restricted duty, particularly prescribing to him to avoid high cognitive functioning activities, lifting or heavy exertion, screen or computer use, and operating machinery or driving vehicles.

25. Despite informing Defendants of the prescribed restrictions by Plaintiff's doctor, Defendants ignored the same and nonetheless scheduled Plaintiff for full workdays with no restrictions.

26. Defendants did not comply with the requested accommodation by insisting that they are still waiting for the safety team to contact it.

27. For several months thereafter, Plaintiff repeatedly reached out to Defendants by visiting the job site for the purpose of requesting that he be assigned with light-duty tasks, but Defendants, in turn, always told Plaintiff that it is still waiting for the safety team.

28. Plaintiff asked Defendants if he could contact the safety team in order to expedite the process but Plaintiff received no response from Defendants.

29. The foregoing pattern continued from April 2024 until Caldeira no longer responded to Plaintiff's text messages and/or phone calls.

30. Because Plaintiff could no longer perform his regular duties without an accommodation, which the Defendants stonewalled Plaintiff from receiving, he was deemed constructively terminated from his employment with the Defendants.

31. Plaintiff realized that Defendants made no effort to address the culture of discrimination and retaliation that was permeated in the workplace against those who required necessary medical leave and accommodations.

32. Defendants, however, never engaged Plaintiff in any interactive dialogue to determine whether it could provide him with a reasonable accommodation.

33. Accordingly, as a result of Defendants' blatant and willful violations of ADA and NJLAD, their actions have detrimentally affected Plaintiff's emotional state of mind and caused him financial harm, as well.

34. It is clear from the extremely short temporal proximity of Plaintiff's request for accommodations and Defendants' decision to terminate him that the reason to terminate Plaintiff was discriminatory and retaliatory in nature.

35. Rather than engaging in a meaningful interactive dialogue, Defendants terminated Plaintiff in order to avoid providing a reasonable accommodation as is required by law.

36. Accordingly, Plaintiff has been unlawfully discriminated against on the basis of his actual and/or perceived disabilities and for requesting an accommodation.

37. Defendants acted intentionally and intended to harm Plaintiff.

38. Defendants treated Plaintiff this way solely due to his disability, whether actual and/or perceived and for requesting an accommodation.

39. Alternatively, Defendants decision to terminate Plaintiff was at least in part substantially motivated by the advent of his disability and need for modified work activity.

40. Defendants retaliated against Plaintiff solely because he requested a modified work activity assignment to care for his disability.

41. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, other compensation which such employment entails, and emotional distress damages.

42. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

43. Plaintiff was and is disabled and has a serious health condition within the meaning of the ADA and NJLAD, and/or Defendant perceived Plaintiff to be disabled.

44. Plaintiff is a qualified individual by virtue of his approximately six (6) years' experience acting as a driver and a loader who can perform the essential functions of his employment with or without a reasonable accommodation as defined by §12111(8) of the ADA.

45. At all times relevant, Plaintiff's disability was a physical impairment which substantially limits one or more major life activities within the meaning of § 12102(1)(A) of the ADA, including, but not limited to: walking, standing, thinking, concentrating, working, and interacting with others.

46. Defendants unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff and retaliated against his for seeking to permit his to seek a modified work assignment due to his disability as it is his right under the law.

47. The above are just some of the ways the Defendants discriminated and retaliated against the Plaintiff while employing him.

48. Plaintiff was offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.

49. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law given the existence of its employment law practice.

50. As such, Plaintiff demands punitive damages as against Defendant.

## AS A FIRST CAUSE OF ACTION FOR NON-PAYMENT OF OVERTIME COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT

51. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

52. Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

53. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

54. Defendants have failed to pay Plaintiff overtime for hours that he worked in excess of forty (40) hours in a workweek.

55. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

56. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

57. Because Defendants' violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

58. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE AMERICANS WITH DISABILITIES ACT

59. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

60. Section 12112 of the ADA, titled "Discrimination," provides:

    a.   General rule. - No covered entity shall discriminate against a qualified individual on the basis of **<u>disability</u>** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

61. Defendant violated this section as set herein

## AS A THIRD CAUSE OF ACTION FOR RETALIATION
## UNDER THE AMERICANS WITH DISABILITIES ACT

62. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63. The ADA prohibits retaliation, interference, coercion, or intimidation.

64. Section 12203 of the ADA provides:

    b.   Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

    c.   Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or his having exercised or enjoyed, or on account of his or his having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

65. Defendant violated this section as set forth herein.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION

66. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

67. The NJLAD prohibits discrimination and bias-based harassment in various areas, including employment, housing, and public accommodations. It protects individuals from discrimination based on a wide range of characteristics, including race, religion, national origin, gender, sexual orientation, gender identity, and disability.

68. Defendant violated this section as set herein.

## AS A FIFTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE FAMILY AND MEDICAL LEAVE ACT

69. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

70. Plaintiff was qualified for his position and had performed his job duties effectively prior to the acts complained of here.

71. Plaintiff worked for Defendants for more than a year.

72. Plaintiff worked for Defendants for more than 1,250 hours for the year prior to the date he requested leave due to his serious health condition.

73. Defendants, despite actual knowledge of the of serious health condition he had (which was documented by Plaintiff's doctor), simply ignored the same and nonetheless scheduled Plaintiff for full workdays.

74. When Plaintiff sought leave, Defendants decided to terminate Plaintiff's employment.

75. Plaintiff suffered an adverse employment action when he was wrongfully terminated.

76. Defendants' alleged reason for terminating Plaintiff's employment is pretextual and baseless.

77. Defendants fired Plaintiff because he asserted a right recognized under the FMLA.

78. Defendant's conduct constitutes unlawful retaliation against Plaintiff in violation of his rights under the FMLA, 29 U.S.C. § 2615(a).

79. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

80. Plaintiff is also entitled liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

### AS A SIXTH CAUSE OF ACTION FOR RETALIATION UNDER THE FAIR AND LABOR STANDARDS ACT

81. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

82. As a result of Defendants' termination of Plaintiff's employment following his complaint of not receiving proper overtime compensation, a reasonable employee would be dissuaded from engaging, or preparing to engage, in activity that is protected by the FLSA, such as speaking freely to the Department of Labor's investigators, participating in the Department

of Labor's investigation, filing a complaint, obtaining back wages due as part of an investigation, or otherwise asserting or complaining about their rights under the FLSA

83. The threat of termination and monetary damages is intended dissuade current and former employees from speaking freely with Department of Labor investigators.

84. Defendant's intent to dissuade employees from speaking freely with Department of Labor investigators or otherwise engaging in protected activity under the FLSA is evident.

85. By engaging in the conduct set forth in this Complaint, Defendant has willfully violated and is continuing to violate Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by retaliating against current and former employees for engaging in or preparing to engage in activity that is protected by the FLSA.

## JURY DEMAND AND PRAYER FOR RELIEF

86. Plaintiff requests a jury trial on all issues to be tried. WHEREFORE, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that that the practices complained of herein are unlawful under the FLSA;

B. Declaring that Defendant engaged in unlawful employment practices prohibited by the, ADA, the FMLA and the NJLAD, in that Defendant discriminated and retaliated against Plaintiff on the basis of his actual and/or perceived disability and requesting an accommodation and/or unpaid leave due to his serious health condition.

C. Awarding an amount for Plaintiff's unpaid wages and overtime compensation to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest (pre-judgment and post-judgment), overtime pay, attorneys' fees and costs;

D. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make his whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

F. Awarding Plaintiff punitive damages;

G. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant' unlawful employment practices.

Dated: July 11, 2025

*/s/ Emanuel Kataev*
Emanuel Kataev, Esq.
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Kenneth Jamison*