Ellen M. Boyle – NJ ID No. 043211987
KIRMSER, CUNNINGHAM & SKINNER
202A Hall's Mill Road
P O Box 1675
Whitehouse Station, New Jersey 08889-1675
(908) 572-3600
Attorneys for Defendants, Meadowbrook Industries, Inc.
and Joseph Calderia

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH JAMISON<br><br>    Plaintiff<br><br>    v.<br><br>MEADOWBROOK INDUSTRIES, LLC, ET AL<br><br>    Defendant | CIVIL ACTION NO:  3:25-cv-13182-MAS-JTQ<br><br>**ANSWER TO COMPLAINT, DEMAND FOR STATEMENT OF DAMAGES, JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL** |

Defendants, Meadowbrook Industries, Inc. and Joseph Calderia (hereinafter "Defendants") by way of Answer to Complaint, say:

### AS TO THE NATURE OF THE ACTION

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint.

### AS TO JURISDICTION AND VENUE

2. The allegations set forth in Paragraph 2 of the Complaint state a legal conclusion and Defendants make no answer thereto. If any of the allegations are construed against Defendants, they are denied.

3.      The allegations set forth in Paragraph 3 of the Complaint state a legal conclusion and Defendants makes no answer thereto. If any of the allegations are construed against Defendants, they are denied.

4.      The allegations set forth in Paragraph 4 of the Complaint state a legal conclusion and Defendants makes no answer thereto. If any of the allegations are construed against Defendants, they are denied.

## AS TO PROCEDURAL

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.      The allegations set forth in Paragraph 9 of the Complaint state a legal conclusion and Defendants makes no answer thereto. If any of the allegations are construed against Defendants, they are denied.

## AS TO PARTIES

10.     Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.     The allegations set forth in Paragraph 11 of the Complaint state a legal conclusion and Defendants makes no answer thereto. If any of the allegations are construed against Defendants, they are denied.

12.     The allegations set forth in Paragraph 12 of the Complaint state a legal conclusion and Defendants makes no answer thereto. If any of the allegations are construed against Defendants, they are denied.

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

## AS TO STATEMENT OF FACTS

17. Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint, except to admit that Plaintiff's regular work schedule was from 5:00 a.m. to 1:00 p.m. and that he sometimes worked overtime.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint except to admit that Plaintiff sometimes worked overtime for which he was paid overtime wages at 1.5 his regular rate.

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, except to admit that on April 12, 2024, at 6:15 a.m. Plaintiff was operating a 2009 Mack MRU garbage truck and while driving south on the Garden State Parkway he was in the EZ Pass lane of the Barnegat Toll Plaza when he crashed the truck into the concrete toll plaza divider, toll plaza supports, and a toll booth before stopping, injuring the driver of another vehicle and the toll booth operator and upon information and belief, Plaintiff was suspected by the New Jersey State Police of driving while intoxicated and his co-workers advised that he had been nodding off while he was driving.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

## AS TO FIRST CAUSE OF ACTION

51. Defendants repeat and reiterate their answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. The allegations set forth in Paragraph 53 of the Complaint state a legal conclusion and Defendants makes no answer thereto. If any of the allegations are construed against Defendants, they are denied.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

## AS TO SECOND CAUSE OF ACTION

59. Defendants repeat and reiterate their answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

60. The allegations set forth in Paragraph 60 of the Complaint state a legal conclusion and Defendants makes no answer thereto. If any of the allegations are construed against Defendants, they are denied.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

## AS TO THIRD CAUSE OF ACTION

62. Defendants repeat and reiterate their answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

63. The allegations set forth in Paragraph 63 of the Complaint state a legal conclusion and Defendants makes no answer thereto. If any of the allegations are construed against Defendants, they are denied.

64. The allegations set forth in Paragraph 64 of the Complaint state a legal conclusion and Defendants makes no answer thereto. If any of the allegations are construed against Defendants, they are denied.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

## AS TO FOURTH CAUSE OF ACTION

66. Defendants repeat and reiterate their answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

67. The allegations set forth in Paragraph 67 of the Complaint state a legal conclusion and Defendants makes no answer thereto. If any of the allegations are construed against Defendants, they are denied.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

## AS TO FIFTH CAUSE OF ACTION

69. Defendants repeat and reiterate their answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants admit the allegations contained in Paragraph 71 of the Complaint.

72. Defendants admit the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

## AS TO THE SIXTH CAUSE OF ACTION

81. Defendants repeat and reiterate their answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

## AS TO JURY DEMAND

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

**WHEREFORE**, Defendants demand (i) that the Complaint, and each and every claim for relief therein be dismissed in its entirety and with prejudice; (ii) that Defendants be awarded their reasonable costs, fees, and disbursements to the extent available by law; and (iii) that Defendants be granted such other and further relief as this Court deems fair and equitable.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is not an individual with a disability within the meaning of the Americans with Disabilities Act.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not qualified to perform the essential functions of Plaintiff's job with or without a reasonable accommodation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not request a reasonable accommodation.

### FOURTH AFFIRMATIVE DEFENSE

Defendants took no action affecting Plaintiff because of plaintiff's alleged disability.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compensatory damages or injunctive relief.

### SIXTH AFFIRMATIVE DEFENSE

Defendants did not violate any duty owed to plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of Equitable Estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE

The incident described in the Complaint was caused wholly or partly by the negligence or intentional acts of the plaintiff, and plaintiff is barred from recovery or plaintiff's recovery is reduced thereby.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not seek leave for any of the reasons enumerated in the Family Leave Act.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants took no action in violation of the Family Leave Act.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint constitutes a frivolous action in violation of N.J.S.A. 2A:15-59.1.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants did not harass plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants did not permit plaintiff to be harassed.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prove that the alleged conduct occurred because of his disability.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The conduct alleged by plaintiff in the Complaint is not severe or pervasive.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's conditions of employment were not altered and the working environment was not hostile or abusive.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants took no action in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

### TWENTIETH AFFIRMATIVE DEFENSE

Each and every employment decision made affecting plaintiff was taken for legitimate non-discriminatory reasons.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants relied upon a bona fide occupational qualification in making the challenged decision.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's retaliation claim is barred because plaintiff did not engage in any protected activity.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants took no action against plaintiff because of his disability.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants did not discriminate against plaintiff because of his disability.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants acted in good faith without malice or malicious intent.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants deny being liable for punitive damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claim for punitive damages violates Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of New Jersey and, therefore, fails to state a cause of action upon which relief can be granted.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was paid all wages to which he was entitled under New Jersey law, including the New Jersey Wage and Hour Law (WHL), and that no violation of the Fair Labor Standards Act (FLSA).

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant at all times acted in good faith and had reasonable grounds to believe its action were in compliance with Federal and State Wage and Hour Laws.

### THIRTIETH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred under the exclusive remedy provisions of the New Jersey Workers' Compensation Act, N.J.S.A. 34: 15-1 et seq.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to L. Civ. R. 8.1, these Defendants demands a written statement of the amount of damages claimed within fourteen (14) days of service of the within Answer.

## JURY DEMAND

Defendants demand a trial by jury as to all issues involved herein.

## DESIGNATION OF TRIAL COUNSEL

Defendants designate Ellen M. Boyle as trial counsel.

KIRMSER, CUNNINGHAM & SKINNER
Attorneys for Defendants, Meadowbrook Industries, Inc. and Joseph Calderia

*/s/ Ellen M. Boyle*

By: _____
        Ellen M. Boyle

DATED:  August 25, 2025