Emanuel Kataev, Esq.
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com (e-mail)

*Attorneys for Plaintiff*
*Kenneth Jamison*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH JAMISON, <br><br> Plaintiff, <br><br> vs. <br><br> MEADOWBROOK INDUSTRIES, LLC and JOSEPH CALDEIRA, <br><br> Defendants. | Case No.: 3:25-cv-13182 (MAS) (JTQ) <br><br> Hon. Michael A. Shipp <br> United States District Judge <br><br> **JOINT PROPOSED DISCOVERY PLAN** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), the Parties hereby submit their Joint Case Management Report for the Court's consideration.

**1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

**Plaintiff's Statement:**

Plaintiff brings this action alleging that Defendant has violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 *et seq.*, ("NJLAD"); the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"); and the Fair Labor Standards Act, as amended (hereinafter

1

the "FLSA"), 29 U.S.C. §201 *et seq.*, and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his actual and/or perceived disability and retaliated against following his request for a reasonable accommodation. After several weeks, Jamison provided the Employer with a doctor's note clearing him to return to work on light duty assignments. However, although the Employer said Mr. Jamison was cleared to return to work, they did not allow him to return to work. When Jamison followed up (repeatedly), the Employer continuously ignored him. Mr. Jamison knew that it was possible to accommodate his request. He works with others who could have helped him when it was necessary to lift something heavy and the Employer could have provided him breaks. Alternatively, Mr. Jamison could have been provided unpaid leave. Rather than accommodate him, the Employer never permitted Jamison to return to work, effectively terminating him. Rather than engage in the interactive process required by the ADA, the Employer decided to ignore Mr. Jamison's requests for a reasonable accommodation by terminating him in retaliation for his requests. Only a few weeks after Mr. Jamison requested a reasonable accommodation, the Employer terminated him.

**Defendants' Statement**:

Plaintiff was terminated from his position due to a series of significant incidents and regulatory violations that raised serious concerns about his fitness to operate a commercial vehicle safely. These included crashing into a toll booth on Garden State Parkway causing serious injury to the toll booth collector, reports from his co-workers that he was falling asleep while driving, being charged by the New Jersey State Police with driving while intoxicated, failing a drug test when PCP was found in his system, neglecting to report that failed drug test to Meadowbrook resulting in the Federal Motor Carrier Safety Administration ("FMCSA") imposing fines on Meadowbrook's sister company who owned the truck he was driving, and his commercial driver's

2

license being suspended by FMCSA. Under the circumstances, Meadowbrook had legitimate, non-discriminatory reasons to terminate Plaintiff's employment. With respect to Plaintiff's FMLA claim, the FMLA does not provide employees with a right against termination for a reason other than interference with rights under the FMLA. Plainly, as stated above, Defendant has a reason to terminate Plaintiff's employment. With respect to Plaintiff's FLSA claim Meadowbrook has detailed records of Plaintiff's clock in and clock out time and all overtime he was paid.

(a) Pursuant to L. Civ. R. 16.1(b)(1)(H), set forth whether an Affidavit of Merit has been served, or is required to be served, for any action asserting professional malpractice or negligence and, if an affidavit of merit is required, the date by which it must be served.

Yes ☐ No ☒   If Yes, Date of Service N/A_____

(b) If an Affidavit of Merit has been served, state whether Defendant has any objections to the adequacy of the Affidavit

Yes ☐ No ☒

**2. Have settlement discussions taken place?** Yes ☒ No ☐

If so, when? During virtual meet-and-confer at the parties' Rule 26(f) conference on October 8, 2025.

a) What was plaintiff's last demand?

   1) Monetary demand:     $220,250.00

   2) Non-monetary demand:  Reinstatement & any other relief afforded by law

b) What was defendant's last offer?

   1) Monetary offer:     $0.00

   2) Non-monetary offer:  N/A

**3. The parties [have/ have not]** met pursuant to Rule 26(f):

The parties are required to confer no later than October 8, 2025, pursuant to their obligations under Rule 26(f). The parties have timely done so.

4. **The parties [have/ have not] exchanged the information required by Rule 26(a)(1).** The parties propose that the parties shall exchange disclosures no later than Wednesday, October 22, 2025.

5. **Explain any problems in connection with completing the disclosures required by Rule 26(a)(1)**

N/A

6. **The parties [have/ have not] filed disclosures of third party litigation funding. See L. Civ. R. 7.1.1.**

7. **The parties [have/ have not] conducted discovery other than the above disclosures. If so describe.**

N/A

8. **Proposed Joint Discovery Plan:**

    (a) Discovery is needed on the following subjects:

    (b) Discovery [should/**should not be**] conducted in phases or be limited to particular issues. Explain. **N/A**

    (c) Proposed schedule:

    (1) Rule 26 Disclosures: **Wednesday, October 22, 2025**

    (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): **N/A**

    (3) Service of initial written discovery: **October 31, 2025**

    (4) Maximum of **25** interrogatories by each party to each other party.

    (5) Maximum of **10** depositions to be taken by each party.

  (6) Motions to amend or to add parties to be filed by **April 8, 2026**

  (7) Factual discovery to be completed by **May 1, 2026**

  (8) Expert reports, if any, due on ___**N/A**___ **(subject to parties' rights under the Rules)**

  (9) Rebuttal expert reports, if any, due on ___**N/A**___ **(subject to parties' rights under the Rules)**

  (10) Expert depositions to be completed by ___**N/A**___ **(subject to parties' rights under the Rules)**

  (11) Dispositive motions to be filed by **June 1, 2026**

 (d) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

Discovery may encompass electronically stored information ("ESI"). The Parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. Requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The Parties have not discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the Parties will meet and confer before seeking intervention from the Court.

 The Parties shall produce ESI in unitized, fixed image format (e.g., .pdf or .tif).

 Plaintiff does not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Rule 34. Plaintiff and

Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or the Defendants determine, in good faith, that additional information is needed, the Parties shall discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the Parties cannot reach an agreement, Plaintiff or the Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order, as appropriate.

The Parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the Parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. This Order is to be considered an order pursuant to Rule 502(d) of the Federal Rules of Evidence. The standard under Rule 502(b) of the Federal Rules of Evidence applies to resolve any dispute about the inadvertence of a production or disclosure.

The Parties shall confer and then submit a jointly proposed protective order to the Court should one become necessary.

**Electronic service:**

Pursuant to Rules 5(b)(2)(E) and 6(d), any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email

address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Kenneth Jamison | Emanuel Kataev, Esq. (emanuel@sagelegal.nyc) <br> Mia Kristensen (mkristensen@sagelegal.nyc) |
| Defendant Meadowbrook Industries, LLC. | Ellen M. Boyle (emboyle@kirmserlaw.com) |
| Defendant Joseph Caldeira | Ellen M. Boyle (emboyle@kirmserlaw.com) |

(e) A pretrial conference may take place on _____, **2026 or on such other date as the Court may set.** _____

(f) Trial date _____, 2026 or on such other date as the Court may set _____ (<u>Jury Trial;</u> Non-Jury Trial)

9. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?**

   Yes ☐   No ☒   If so, explain.

10. **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

    Yes ☐   No ☒

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

7

N/A

11. **Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S.**

    Yes ☒   No ☐

12. **Do you anticipate any discovery problem(s) not listed above? Describe.**

    Yes ☐   No ☒

13. **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise) or mediation (pursuant to L. Civ. R. 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

    The parties are discussing with their respective clients and report to the Court at the initial conference as to whether they are amenable to mediation. The parties do not believe this case is appropriate for voluntary arbitration.

14. **Is this case appropriate for bifurcation?**

    Yes ☐   No ☒

15. **An interim status/settlement conference (with clients in attendance) should be held as early as practicable, and this Court has the inherent power under Rule 16 to issue an Order to that effect.**

16. **We [do/<u>do not</u>] consent to the trial being conducted by a Magistrate Judge.**

17. **Identify any other issues to address at the Rule 16 Scheduling Conference.**

    N/A

Dated: October 15, 2025

| | |
|---|---|
| */s/ Emanuel Kataev* <br> Emanuel Kataev, Esq. <br> CONSUMER ATTORNEYS, PLLC <br> 6829 Main Street <br> Flushing NY 11367-1305 <br> (718) 412-2421 (office) <br> (718) 489-4155 (facsimile) <br> ekataev@consumerattorneys.com <br><br> *Attorneys for Plaintiff* <br> *Kenneth Jamison* | */s/ Ellen M. Boyle* <br> Ellen M. Boyle – NJ ID No. 043211987 <br> KIRMSER, CUNNINGHAM & SKINNER <br> 202A Hall's Mill Road <br> P O Box 1675 <br> Whitehouse Station, New Jersey 08889-1675 <br> (908) 572-3600 <br> ellen.boyle@kirmserlaw.com <br><br> *Attorneys for Defendants, Meadowbrook Industries, Inc. and Joseph Calderia* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

      **SAGE LEGAL LLC**

      By: */s/ Emanuel Kataev, Esq.*