LAW OFFICES OF

# KIRMSER, CUNNINGHAM & SKINNER

<table>
<tr><td>OLIVIER J. KIRMSER**<br>WILLIAM P. CUNNINGHAM<br>JOSEPH F. SKINNER<br>MICHAEL S. SCHWARTZ<br>ELLEN M. BOYLE*</td><td style="text-align:center">ATTORNEYS AT LAW<br>NOT A PARTNERSHIP OR PROFESSIONAL CORPORATION<br>Employees of ACE American Insurance Company, a Chubb Company</td><td>DAVID L. BURNETT<br>TIMOTHY P. MALACRIDA*<br>MICHAEL T. WILKOS*<br>KIMBERLY HINNANT-LOGAN<br>NICOLE L. HOLLINGSWORTH<br>ROBERT GRAVES-GRIMAL*</td></tr>
</table>

202A Hall's Mill Road<br>P.O. BOX 1675<br>WHITEHOUSE STATION, NJ 08889-1675

*New Jersey and New York Bars
**New Jersey and Pennsylvania Bars

(908) 572-3600<br>FACSIMILE: (908) 572-4045

BRENDAN D. HENNESSY**
JONATHAN E. HILL**

July 7, 2026

Via ECF
The Honorable Michael A. Shipp, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re**:   **Jamison v. Meadowbrook Industries, Inc.**
> **Docket No. 3:25-cv-13182-MAS-JTQ**

Dear Judge Shipp:

Defendants Meadowbrook Industries, Inc. and Joseph Calderia respectfully submit this letter brief in support of their motion to dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rules of Civil Procedure 37(b) and 41(b).

**PREMLIMINARY STATEMENT**: Plaintiff filed this action on July 11, 2025, alleging discrimination, unpaid overtime, and a failure to provide FMLA leave. Since the outset of discovery, Plaintiff has wholly failed to participate in this litigation. Defendants served their First Set of Interrogatories and First Request for Production of Documents on October 31, 2025, and Plaintiff has not served a single response, objection, or document production.

Defendants made repeated good-faith efforts to secure compliance without court intervention. Plaintiff requested multiple extensions, which Defendants granted twice before declining a third request. The Court then addressed Plaintiff's discovery failures at status conferences on February 17, 2026 and June 10, 2026, but Plaintiff still produced nothing.

The Honorable Michael A. Shipp, U.S.D.J.
July 7, 2026
Page 2

Plaintiff's complete disregard of his discovery obligations has prejudiced Defendants' ability to investigate the claims, evaluate the merits of the action, prepare depositions, and defend against Plaintiff's allegations. This is not an isolated oversight. It is a continuing refusal to comply with discovery obligations and to prosecute the case.

Because each of the factors identified in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), weighs in favor of dismissal, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY:** Plaintiff alleges he was discriminated against by Meadowbrook Industries, Inc. because he was fired after a motor vehicle accident involving a company truck. He also alleges unpaid overtime and a failure to provide FMLA leave. (See Complaint attached to the Certification of Ellen M. Boyle ("Boyle Cert.") as **Ex. A**).

Defendants' discovery responses show that Plaintiff was terminated because of serious incidents and regulatory violations. (See Boyle Cert. **Ex. B**). These include crashing the garbage truck into the Barnegat Toll Plaza on the Garden State Parkway, being charged by the New Jersey State Police with driving while intoxicated, failing a drug test when PCP was found in his system, failing to report that failed drug test to Meadowbrook, FMCSA fines imposed on Meadowbrook's sister company, and suspension of Plaintiff's commercial driver's license by FMCSA. (*Id.*). Defendants also produced payroll records showing that Plaintiff was paid all wages to which he was entitled. (*Id.*).

Under the Pretrial Schedule Order entered on October 29, 2025, initial written discovery requests were to be served by October 31, 2025 and fact discovery was to be completed by May

The Honorable Michael A. Shipp, U.S.D.J.
July 7, 2026
Page 3

1, 2026.  (Boyle Cert. **Ex. C**). Defendants served their First Set of Interrogatories, First Request for Production of Documents, and Request for Admissions on Plaintiff October 31, 2025. (Boyle Cert. **Ex. D**). Plaintiff's responses were due within thirty days. Plaintiff then requested a 30-day extension on December 1, 2025, an additional 30-day extension on December 19, 2025, and another 30-day extension on January 23, 2026; Defendants granted the first two requests and declined to consent to a third. (Boyle Cert. **Exs. E, F, and G**).

At the February 17, 2026 telephone status conference before Judge Justin T. Quinn, Defendants advised that Plaintiff had served no discovery responses or objections. (Boyle Cert. ¶ 9). Plaintiff's counsel stated for the first time that Plaintiff was incarcerated and that counsel would meet with him to review and finalize the responses and they would be served in the next few weeks. (Boyle Cert. ¶ 10). The Court scheduled a further telephone status conference for May 11, 2026, which Plaintiff moved to continue; the conference was rescheduled to June 10, 2026. (Boyle Cert. **Exs. H and I**).

At the June 10, 2026 telephone status conference, Defendants again advised that they had not received any discovery responses. (Boyle Cert. ¶ 13). Plaintiff's counsel stated that he did not know where Plaintiff was incarcerated and had no way to communicate with him, although Plaintiff had previously been communicating with counsel through his girlfriend. (*Id.* ¶ 14). During the conference, and despite his earlier statement that his office did not know where Plaintiff was incarcerated, Plaintiff's counsel advised that his staff had discovered that Plaintiff was incarcerated at the Ocean County Jail. (*Id.*).

Defense counsel requested permission to file a motion to dismiss for failure to respond to discovery. On June 29, 2026, the Court granted Defendants leave to file the present motion. To date, Plaintiff still has not produced any written discovery responses or documents.

The Honorable Michael A. Shipp, U.S.D.J.
July 7, 2026
Page 4

**LEGAL STANDARD:** The Federal Rules of Civil Procedure authorize sanctions for failure to provide discovery, obey court orders, and prosecute claims. *Fattah v. Beard,* 214 F. App'x 230, 232-33 (3d Cir. 2007). Dismissal is an appropriate sanction where the circumstances warrant it. (*Id.*). In determining whether dismissal is justified, courts consider the six factors outlined in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. Each factor need not be satisfied for the District Court to dismiss a complaint. *Ware v. Rodale Press, Inc*., 322 F.3d 218, 221 (3d Cir. 2003).

### ARGUMENT: THE POULIS FACTORS STRONGLY SUPPORT DISMISSAL

Plaintiff has failed to answer a single interrogatory or produce a single document despite being served with written discovery more than eight months ago and receiving multiple extensions of time. That complete noncompliance has prevented Defendants from obtaining basic information regarding Plaintiff's claims and alleged damages.

**A. Plaintiff Bears Personal Responsibility:** Plaintiff alone is responsible for his failure to provide discovery responses. Even if counsel shares some responsibility, Plaintiff has taken no action to prosecute his claims or comply with his obligations. Incarceration is not an excuse, particularly where Plaintiff had already been granted extensions of time. Plaintiff was obligated to stay in contact with counsel and keep counsel informed of his whereabouts.

**B. Defendants Have Been Substantially Prejudiced**: Defendants have been significantly prejudiced by Plaintiff's refusal to participate in discovery. Without interrogatory answers or document production, Defendants cannot meaningfully prepare depositions, evaluate Plaintiff's

The Honorable Michael A. Shipp, U.S.D.J.
July 7, 2026
Page 5

allegations, assess damages, identify witnesses, or prepare dispositive motions. Defendants have also incurred unnecessary attorneys' fees in attempting to secure compliance and seeking court intervention.

**C. Plaintiff Has Demonstrated a History of Dilatoriness:** Plaintiff's failure is not an isolated missed deadline. He repeatedly ignored his discovery obligations over an extended period, despite Defendants' repeated requests and the Court's involvement. That pattern reflects the type of dilatory conduct that warrants dismissal.

**D. Plaintiff's Conduct Is Willful:** Plaintiff's noncompliance is willful. There is no indication that the failure to respond resulted from mistake or inability. To the contrary, Plaintiff ignored multiple opportunities to comply and still has produced nothing. Although his attorney initially claimed he was unable to reach his client, during the June 11, 2026 status call, counsel's staff in a matter of minutes located where Plaintiff was incarcerated. This could have been accomplished at any time during the eight months the discovery has been outstanding. There is also no reason that Plaintiff could not have reached out to his attorney. An incarcerated individual certainly has the ability to communicate with counsel.

**E. Lesser Sanctions Would Be Ineffective**: The Court has already afforded Plaintiff opportunities to comply, yet he still has produced no discovery. Under these circumstances, monetary sanctions or additional orders compelling discovery would merely reward Plaintiff's continued disregard of the judicial process.

**F. Plaintiff's Claims Lack Merit on Their Face**: Plaintiff's claims also lack merit. He alleges discrimination based on his termination after a motor vehicle accident, along with unpaid overtime and a failure to provide FMLA leave. Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973), and *Shaner v. Synthes,* 204 F.3d 494, 500 (3d Cir. 2000), Plaintiff cannot

The Honorable Michael A. Shipp, U.S.D.J.
July 7, 2026
Page 6

establish a *prima facie* case or rebut Defendants' legitimate, non-discriminatory reason for termination.

Because Plaintiff failed to respond to Defendants' Request for Admissions, under Federal Rule of Civil Procedure 36, has admitted the requests. Accordingly, Plaintiff has admitted that 1) he tested positive for PCP, 2) did not advise Defendant of that result, 3) crashed the garbage truck into the Barnegat Toll Plaza, and was later issued summonses for Driving While Intoxicated, Unsafe Lane Change, Reckless Driving, and Careless Driving, 4) his Commercial Driver's License was revoked by FMCSA and 5) FMCSA imposed fines on Meadowbrook as a result of his failure to report the positive drug test. (See Boyle Cert. Ex. K). All of these admissions are confirmed by the documents produced by Defendants in response to Plaintiff's requests. (Boyle Cert. Ex. B). These admissions, together with Defendants' discovery responses, establish legitimate business reasons for Plaintiff's termination and defeat his claims on the merits.

Plaintiff also claims alleges he was not paid overtime he is owed. Defendants have produced comprehensive payroll records detailing that Plaintiff was fully compensated for all overtime. (Boyle Cert. Ex. B).

With respect to his FMLA claim, the FMLA prohibits an employer from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right" that it guarantees. 29 U.S.C. § 2615(a)(1). The "entitlement to restoration is a qualified one." *Morro v. DGMB Casino, LLC*, 112 F. Supp. 3d 260, 281. An employee is not entitled to this restoration "[i]f the employee is unable to perform an essential function of the position..." 29 C.F.R. § 825.216(c); see also *Lupyan v. Corinthian Colls. Inc.*, 761 F.3d 314, 318 (3d Cir. 2014). In other words, an FMLA interference claim fails if an "employee would not have been able to return to work at the

The Honorable Michael A. Shipp, U.S.D.J.
July 7, 2026
Page 7

end of the twelve weeks in any event." *Katekovich v. Team Rent A Car of Pittsburgh, Inc.*, 36 F. App'x 688, 690 (3d Cir. 2002).

Plaintiff was terminated before he requested FMLA because he repeatedly violated safety rules and violated the law.  (Boyle Cert. Ex. B). Moreover, his actions resulted in losing his commercial driver's license so he would not be able to continue his employment with Defendant. (*Id.*).  Under these circumstances, he has no viable FMLA claim.

**CONCLUSION:** For the foregoing reasons, Defendants Meadowbrook Industries, Inc. and Joseph Calderia respectfully request that the Court enter an Order dismissing Plaintiff's Complaint with prejudice pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, together with such other relief as the Court deems just and proper.

Respectfully submitted,
KIRMSER, CUNNINGHAM & SKINNER

Ellen M. Boyle

Ellen M. Boyle

EMB:ss

cc:    Emanuel Kataev, Esq., Consumer Attorneys PLLC (Via ECF)