# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**KENNETH JAMISON,**
*Plaintiff*

V.

**MEADOWBROOK INDUSTRIES, LLC, ET AL.,**
*Defendant*

## SUMMONS IN A CIVIL CASE

CASE
NUMBER: **3:25–CV–13182–MAS–JTQ**

TO: *(Name and address of Defendant):*

> Joseph Caldeira
> 320 Edison Avenue
> Jackson, NJ 08527

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Emanuel Kataev, Esq.
> CONSUMER ATTORNEYS, PLLC
> 6829 Main Street
> Flushing NY 11367-1305
> (718) 412-2421 (office)
> ekataev@consumerattorneys.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**/s Melissa E. Rhoads**

**Clerk of Court**



ISSUED ON 2025–07–11 13:19:53, Clerk
USDC NJD

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me(1) | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____ ; or _____

☐ Left the summons at the individual's residence or usual place of abode with (name): _____ a person of suitable age and discretion who resides there, on (date): _____ and mailed a copy to the individual's last known address; or

☐ Name of person with whom the summons and complaint were left: _____ ; or

☐ Returned unexecuted: _____ _____ ; or

☐ Other (specify): _____ _____ _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
Date

Signature of Server

Address of Server

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me(1) | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____ ; or

☐ Left the summons at the individual's residence or usual place of abode with (name): _____
_____ a person of suitable age and discretion who resides there,
on (date):_____ and mailed a copy to the individual's last known address; or

☐ Name of person with whom the summons and complaint were left:
_____ ; or

☐ Returned unexecuted: _____
_____ ; or

☐ Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                          Date                    *Signature of Server*

                          _____
                          *Address of Server*

Emanuel Kataev, Esq.
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Kenneth Jamison*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| KENNETH JAMISON, | Case No.: 3:25-cv-13182 |
| Plaintiff, | |
| vs. | **COMPLAINT AND** <br> **DEMAND FOR JURY TRIAL** |
| MEADOWBROOK INDUSTRIES, LLC, and JOSEPH CALDEIRA, | |
| Defendants. | |

Plaintiff, KENNETH JAMISON, by and through his attorneys, CONSUMER ATTORNEYS PLLC, hereby complains of the Defendants, MEADOWBROOK INDUSTRIES, LLC (hereinafter "Meadowbrook" or the "Corporate Defendant") and JOSEPH CALDEIRA (hereinafter "Caldeira" or the "Individual Defendant"), upon information and belief, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action alleging that Defendant has violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 *et seq.*, ("NJLAD"); the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"); and the Fair Labor Standards Act, as amended (hereinafter

1

the "FLSA"), 29 U.S.C. §201 *et seq.*, and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his actual and/or perceived disability and retaliated against following his request for a reasonable accommodation.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the ADA (42 U.S.C. § 12188).

3. This Court has supplemental jurisdiction over related state claims of the NJLAD against Defendant under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the District of the State of New Jersey.

## PROCEDURAL REQUIREMENTS

5. Plaintiff filed a charge of discrimination upon which this Complaint is based with the United States Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC on April 14, 2025, with respect to the herein charges of discrimination and retaliation.

7. A copy of the Notice of Right to Sue is annexed hereto as Exhibit "A."

8. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

9. Plaintiff therefore exhausted his administrative remedies as is required by Title VII.

## PARTIES

10. At all relevant times, Plaintiff was and is a resident of the 71 Beech St, 2nd Floor, East Orange, NJ 07018.

11. Upon Information and belief, Defendant is a domestic limited liability company duly existing pursuant to, and by virtue of, laws of the State of New Jersey that is authorized to do business in the State of New Jersey, including in this district.

12. Upon information and belief, Defendant employs more than fifty (50) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

13. Defendant Caldeira is an individual and, on information and belief, a resident of New Jersey.

14. Defendant Caldeira was an employer of the Plaintiff because he has sufficient control over the business of the Corporate Defendant and directs the terms of the Plaintiff's employment with them.

15. Indeed, Caldeira personally hired Plaintiff, set his wages and schedule, and otherwise had complete operational control over Meadowbrook.

16. At all relevant times, Plaintiff was an employee of Defendants, located at 320 Edison Avenue, Jackson, New Jersey 08527.

## STATEMENT OF FACTS

17. Plaintiff commenced employment with Defendant in or around July 12, 2019, wherein he served as a driver and a loader.

18. Plaintiff's regular work schedule with Defendants was from 5:00 AM to 1:00 PM, but the total number of hours worked varied from week to week due to overtime, wherein Plaintiff worked until 2:00 PM to 5:00 PM.

19. During the relevant period, Defendant typically paid Plaintiff, who regularly worked for fifty (50) hours per week, at a rate of twenty dollars and fifty cents ($23.50) per hour.

20. At all times relevant, Defendant had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week.

21. At all times relevant, Defendant had actual knowledge that it was obligated under the FLSA to track and record Plaintiff's compensable hours accurately and with precision.

22. At all times relevant, Defendant had actual knowledge that it was obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff overtime wages at the time one-and-one-half (1.5) rate for overtime Plaintiff worked in excess of forty (40) hours each week.

23. Plaintiff steadfastly performed his job duties in a loyal, efficient, and reliable manner, and maintained an unblemished record of employment.

24. On April 12, 2024, Plaintiff got involved in a vehicular accident and after treatment, Plaintiff was advised by his doctor that he may return to work on restricted duty, particularly prescribing to him to avoid high cognitive functioning activities, lifting or heavy exertion, screen or computer use, and operating machinery or driving vehicles.

25. Despite informing Defendants of the prescribed restrictions by Plaintiff's doctor, Defendants ignored the same and nonetheless scheduled Plaintiff for full workdays with no restrictions.

26. Defendants did not comply with the requested accommodation by insisting that they are still waiting for the safety team to contact it.

27. For several months thereafter, Plaintiff repeatedly reached out to Defendants by visiting the job site for the purpose of requesting that he be assigned with light-duty tasks, but Defendants, in turn, always told Plaintiff that it is still waiting for the safety team.

28. Plaintiff asked Defendants if he could contact the safety team in order to expedite the process but Plaintiff received no response from Defendants.

29. The foregoing pattern continued from April 2024 until Caldeira no longer responded to Plaintiff's text messages and/or phone calls.

30. Because Plaintiff could no longer perform his regular duties without an accommodation, which the Defendants stonewalled Plaintiff from receiving, he was deemed constructively terminated from his employment with the Defendants.

31. Plaintiff realized that Defendants made no effort to address the culture of discrimination and retaliation that was permeated in the workplace against those who required necessary medical leave and accommodations.

32. Defendants, however, never engaged Plaintiff in any interactive dialogue to determine whether it could provide him with a reasonable accommodation.

33. Accordingly, as a result of Defendants' blatant and willful violations of ADA and NJLAD, their actions have detrimentally affected Plaintiff's emotional state of mind and caused him financial harm, as well.

34. It is clear from the extremely short temporal proximity of Plaintiff's request for accommodations and Defendants' decision to terminate him that the reason to terminate Plaintiff was discriminatory and retaliatory in nature.

35. Rather than engaging in a meaningful interactive dialogue, Defendants terminated Plaintiff in order to avoid providing a reasonable accommodation as is required by law.

36. Accordingly, Plaintiff has been unlawfully discriminated against on the basis of his actual and/or perceived disabilities and for requesting an accommodation.

37. Defendants acted intentionally and intended to harm Plaintiff.

38. Defendants treated Plaintiff this way solely due to his disability, whether actual and/or perceived and for requesting an accommodation.

39. Alternatively, Defendants decision to terminate Plaintiff was at least in part substantially motivated by the advent of his disability and need for modified work activity.

40. Defendants retaliated against Plaintiff solely because he requested a modified work activity assignment to care for his disability.

41. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, other compensation which such employment entails, and emotional distress damages.

42. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

43. Plaintiff was and is disabled and has a serious health condition within the meaning of the ADA and NJLAD, and/or Defendant perceived Plaintiff to be disabled.

44. Plaintiff is a qualified individual by virtue of his approximately six (6) years' experience acting as a driver and a loader who can perform the essential functions of his employment with or without a reasonable accommodation as defined by §12111(8) of the ADA.

45. At all times relevant, Plaintiff's disability was a physical impairment which substantially limits one or more major life activities within the meaning of § 12102(1)(A) of the ADA, including, but not limited to: walking, standing, thinking, concentrating, working, and interacting with others.

46. Defendants unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff and retaliated against his for seeking to permit his to seek a modified work assignment due to his disability as it is his right under the law.

47. The above are just some of the ways the Defendants discriminated and retaliated against the Plaintiff while employing him.

48. Plaintiff was offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.

49. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law given the existence of its employment law practice.

50. As such, Plaintiff demands punitive damages as against Defendant.

## AS A FIRST CAUSE OF ACTION FOR NON-PAYMENT OF OVERTIME COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT

51. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

52. Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

53. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

54. Defendants have failed to pay Plaintiff overtime for hours that he worked in excess of forty (40) hours in a workweek.

55. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

56. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

57. Because Defendants' violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

58. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

59. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

60. Section 12112 of the ADA, titled "Discrimination," provides:

    a. General rule. - No covered entity shall discriminate against a qualified individual on the basis of **disability** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

61. Defendant violated this section as set herein

## AS A THIRD CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

62. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63. The ADA prohibits retaliation, interference, coercion, or intimidation.

64. Section 12203 of the ADA provides:

    b. Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

8

c. Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or his having exercised or enjoyed, or on account of his or his having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

65. Defendant violated this section as set forth herein.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION

66. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

67. The NJLAD prohibits discrimination and bias-based harassment in various areas, including employment, housing, and public accommodations. It protects individuals from discrimination based on a wide range of characteristics, including race, religion, national origin, gender, sexual orientation, gender identity, and disability.

68. Defendant violated this section as set herein.

## AS A FIFTH CAUSE OF ACTION FOR RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

69. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

70. Plaintiff was qualified for his position and had performed his job duties effectively prior to the acts complained of here.

71. Plaintiff worked for Defendants for more than a year.

72. Plaintiff worked for Defendants for more than 1,250 hours for the year prior to the date he requested leave due to his serious health condition.

9

73. Defendants, despite actual knowledge of the of serious health condition he had (which was documented by Plaintiff's doctor), simply ignored the same and nonetheless scheduled Plaintiff for full workdays.

74. When Plaintiff sought leave, Defendants decided to terminate Plaintiff's employment.

75. Plaintiff suffered an adverse employment action when he was wrongfully terminated.

76. Defendants' alleged reason for terminating Plaintiff's employment is pretextual and baseless.

77. Defendants fired Plaintiff because he asserted a right recognized under the FMLA.

78. Defendant's conduct constitutes unlawful retaliation against Plaintiff in violation of his rights under the FMLA, 29 U.S.C. § 2615(a).

79. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

80. Plaintiff is also entitled liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## AS A SIXTH CAUSE OF ACTION FOR RETALIATION UNDER THE FAIR AND LABOR STANDARDS ACT

81. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

82. As a result of Defendants' termination of Plaintiff's employment following his complaint of not receiving proper overtime compensation, a reasonable employee would be dissuaded from engaging, or preparing to engage, in activity that is protected by the FLSA, such as speaking freely to the Department of Labor's investigators, participating in the Department

of Labor's investigation, filing a complaint, obtaining back wages due as part of an investigation, or otherwise asserting or complaining about their rights under the FLSA

83. The threat of termination and monetary damages is intended dissuade current and former employees from speaking freely with Department of Labor investigators.

84. Defendant's intent to dissuade employees from speaking freely with Department of Labor investigators or otherwise engaging in protected activity under the FLSA is evident.

85. By engaging in the conduct set forth in this Complaint, Defendant has willfully violated and is continuing to violate Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by retaliating against current and former employees for engaging in or preparing to engage in activity that is protected by the FLSA.

## JURY DEMAND AND PRAYER FOR RELIEF

86. Plaintiff requests a jury trial on all issues to be tried. WHEREFORE, Plaintiff respectfully requests a judgment against the Defendant:

    A. Declaring that that the practices complained of herein are unlawful under the FLSA;

    B. Declaring that Defendant engaged in unlawful employment practices prohibited by the, ADA, the FMLA and the NJLAD, in that Defendant discriminated and retaliated against Plaintiff on the basis of his actual and/or perceived disability and requesting an accommodation and/or unpaid leave due to his serious health condition.

    C. Awarding an amount for Plaintiff's unpaid wages and overtime compensation to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest (pre-judgment and post-judgment), overtime pay, attorneys' fees and costs;

11

D. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make his whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

F. Awarding Plaintiff punitive damages;

G. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant' unlawful employment practices.

Dated: July 11, 2025

/s/ *Emanuel Kataev*
Emanuel Kataev, Esq.
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Kenneth Jamison*

JS 44  (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jamison, Kenneth

## DEFENDANTS

Meadowbrook Industries, LLC and Joseph Caldeira

**(b)** County of Residence of First Listed Plaintiff   Ocean
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Emanuel Kataev, Esq. CONSUMER ATTORNEYS, PLLC
68-29 Main Street, Flushing NY 11367 T: (718) 412-2421 (office)
E: ekataev@consumerattorneys.com, cc: e-service@consumerattorneys.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐1  U.S. Government Plaintiff

☒3  Federal Question
*(U.S. Government Not a Party)*

☐2  U.S. Government Defendant

☐4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated *or* Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated *and* Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒1 Original Proceeding
☐2 Removed from State Court
☐3 Remanded from Appellate Court
☐4 Reinstated or Reopened
☐5 Transferred from Another District *(specify)*
☐6 Multidistrict Litigation - Transfer
☐8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act of 1990, (ADA); New Jersey Law Against Discrimination (NJLAD); Family and Medical Leave Act (FMLA); Fair Labor Standards Act,(FLSA)

Brief description of cause:
Plaintiff alleges violation of ADA, NJLAD, FMLA and FLSA by Defendants

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒Yes   ☐No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
Jul 11, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Emanuel Kataev

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 03/24)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: **federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# EXHIBIT A

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Boston Area Office**
15 New Sudbury St, Room 475
Boston, MA 02203
(617) 865-3670
Website: www.eeoc.gov

### DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/14/2025

**To:** Mr. Kenneth Jamison
6829 Main Street
Flushing, NY 11367
Charge No: 520-2025-02933

EEOC Representative and email:    WILMARIE ROSADO PEREZ
Investigator
wilmarie.rosadoperez@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 520-2025-02933.

On behalf of the Commission,

Digitally Signed By:Feng K. An
04/14/2025

Feng K. An
Area Office Director

Cc:
Ellen Boyle
Kirmser, Cunningham & Skinner
202 Hall's Mill Road
White Hse Sta, NJ 08889

Debra A Kierych
Meadowbrook Industries
800 E Grand St
Elizabeth, NJ 07201

320 Edison Avenue
Jackson, NJ 08527

Mia Kristensen
Consumer Attorneys
72-47 139th Street
Flushing, NY 11367

Emanuel Kataev
18211 Jamaica Avenue
Jamaica, NY 11423


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you** *receive* **this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 520-2025-02933 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Elizabeth Rader, 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 520-2025-02933 to the District Director at Elizabeth Rader, 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

Enclosure with EEOC Notice of Closure and Rights (01/22)

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*

 Outlook

## Activity in Case 3:25-cv-13182-MAS-JTQ JAMISON v. MEADOWBROOK INDUSTRIES, LLC et al Add and Terminate Judges

From njdefiling@njd.uscourts.gov <njdefiling@njd.uscourts.gov>
Date Fri 2025-07-11 01:20 PM
To    njdefiling@njd.uscourts.gov <njdefiling@njd.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of New Jersey [LIVE]

### Notice of Electronic Filing

The following transaction was entered on 7/11/2025 at 1:19 PM EDT and filed on 7/11/2025
**Case Name:**       JAMISON v. MEADOWBROOK INDUSTRIES, LLC et al
**Case Number:**     3:25-cv-13182-MAS-JTQ
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Judge Michael A. Shipp and Magistrate Judge Justin T. Quinn added. (jal, )**

### 3:25-cv-13182-MAS-JTQ Notice has been electronically mailed to:

EMANUEL KATAEV    emanuel@sagelegal.nyc, 4119461420@filings.docketbird.com, e-service@consumerattorneys.com, ekesq2014@recap.email

### 3:25-cv-13182-MAS-JTQ Notice has been sent by regular U.S. Mail:

# EXHIBIT B

LAW OFFICES OF

# KIRMSER, CUNNINGHAM & SKINNER

OLIVIER J. KIRMSER**
WILLIAM P. CUNNINGHAM
JOSEPH F. SKINNER
MICHAEL S. SCHWARTZ
ELLEN M. BOYLE*

ATTORNEYS AT LAW
NOT A PARTNERSHIP OR PROFESSIONAL CORPORATION
Employees of ACE American Insurance Company, a Chubb Company

202A Hall's Mill Road
P O BOX 1675
WHITEHOUSE STATION, NJ 08889-1675

(908) 572-3600
FACSIMILE: (908) 572-4045

DAVID L. BURNETT
TIMOTHY P. MALACRIDA*
MICHAEL T. WILKOS*
KIMBERLY HINNANT-LOGAN
NICOLE L. HOLLINGSWORTH

BRENDAN D. HENNESSY**
JONATHAN E. HILL**

*New Jersey and New York Bars
**New Jersey and Pennsylvania Bars

February 17, 2026

**<u>Via Email</u>**
Emanuel Kataev, Esq.
Consumer Attorneys PLLC
6829 Main Street
Flushing, NY 11367-1305

      **Re:    Jamison v. Meadowbrook Industries, Inc.**
              **<u>Civil action No. 3:25-cv-13182-MAS-JTQ</u>**

Dear Mr. Kataev:

Enclosed herewith please find our clients' certified answers to interrogatories, response to Request to Produce, and documents Bates stamped DEFS149-231. We reserve the right to amend said answers pending further discovery.

Thank you.

                    Very truly yours,
                    KIRMSER, CUNNINGHAM & SKINNER

                    Ellen M. Boyle

EMB:gra
Encls.

Docusign Envelope ID: 95F34817-688D-4C15-A8E5-4A4AB2D24EA1

Ellen M. Boyle – NJ ID No. 043211987
KIRMSER, CUNNINGHAM & SKINNER
202A Hall's Mill Road
P O Box 1675
Whitehouse Station, New Jersey 08889-1675
(908) 572-3600
Attorneys for Defendants, Meadowbrook Industries, Inc.
and Joseph Calderia

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KENNETH JAMISON<br><br>Plaintiff<br><br>v.<br><br>MEADOWBROOK INDUSTRIES, LLC, ET AL<br><br>Defendant | CIVIL ACTION NO:  3:25-cv-13182-MAS-JTQ<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS** |

TO:    Emanuel Kataev, Esq.
          Consumer Attorneys PLLC
          6829 Main Street
          Flushing, NY 11367-1305

Subject to the objections filed herewith and based upon its investigation to date, Defendants provide the following responses to Plaintiff's First Set of Document Requests to Defendants. Defendants hereby reserve the right to supplement and/or amend these responses before trial based upon Defendants' continuing investigation, if appropriate.

KIRMSER, CUNNINGHAM & SKINNER
Attorneys for Defendants

By: _____
        Ellen M. Boyle

Dated:  February 13, 2026

## DOCUMENT REQUESTS

1. Organizational charts, directories, or similar documents sufficient to identify the supervisors, managers, and HR personnel with decision-making authority over Plaintiff's employment during the period of Plaintiff's employment from July 12, 2019 through and including the present.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome.**

2. All documents describing the job duties, responsibilities, or essential job functions of all employees holding the driver and loader positions, including but not limited to, job descriptions.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, see documents numbered DEFS2003**

3. All human resources policy documents pertaining to discrimination and retaliation policies, including but not limited to manuals provided by Defendant to employees.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, see documents numbered DEF001-053.**

4. All documents relating to the terms and conditions of Plaintiff's employment with Defendant and any change in Plaintiff's job duties or positions, including but not limited to Plaintiff's personnel file(s), offer letter(s), contract(s), agreement(s), policies, handbooks, performance reviews, performance improvement plans, warnings, disciplinary actions, termination notices, resignation letters, and promotion letters.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, see documents produced.**

5. All documents relating to the employment terms and conditions of the non-disabled employees who continued to perform the same regular duties without accommodations, and any changes in their job duties or positions, including but not limited to their personnel file(s), offer letter(s), contract(s), agreement(s), policies, handbooks, performance reviews, performance improvement plans, warnings, disciplinary actions, termination notices, resignation letters, and promotion letters.

**RESPONSE: Defendants object as follows: This request is overbroad, unduly burdensome, irrelevant, not properly limited in time and scope, seeks personal and/or confidential information, and is not reasonably calculated to lead to the discovery of admissible evidence.**

6. All documents and communications submitted to or received from the U.S. Equal Employment Opportunity Commission ("EEOC") relating to Plaintiff's charge of discrimination, Charge No. 520-2025-02933 dated on or about February 4, 2025.

**RESPONSE: Defendants object as follows: This request seeks information that may already be in the Plaintiff's possession or control. Notwithstanding this objection and subject thereto see documents numbered DEFS 149-202.**

7. All documents relating to performance reviews or evaluations conducted of driver and loader employees, including but not limited to documents reflecting the standards by which the performance of driver and loader employees is evaluated.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, see job descriptions produced herewith.**

8. All documents relating to performance reviews or evaluations conducted of driver and loader employees, including but not limited to documents reflecting the standards by which the performance of driver and loader employees is evaluated.

**RESPONSE: See answer to Interrogatory No. 7.**

9. All documents relating to any equal opportunity and discrimination training or education you have provided to employees from July 12, 2019 through and including the present, including but not limited to policies, training materials, videotapes, records of training attendance, and handbooks.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, see documents numbered DEFS208-231.**

10. All documents relating to Defendant's affirmative action, diversity, non-discrimination, or equal opportunity policies, statements, guidelines, practices, plans, training programs, or related reports and surveys produced in connection with such policies and programs, including surveys and reports regarding employee attitudes, recruitment, diversity, discrimination or harassment, retaliation, compensation, training, mentoring, supervisors, or evaluations.

**RESPONSE: Defendants object as follows: This request is vague, ambiguous, overbroad, unduly burdensome, and oppressive. This request seeks information and/or documents which are not relevant to the subject matter of this litigation and which are not likely to lead to the discovery of admissible evidence.**

11. All documents relating to any formal or informal complaints, grievances, or reports of disability discrimination or retaliation that any current or former employees, including Plaintiff have made to or about employees from July 12, 2019 through and including the present. This request includes, but is not limited to, any complaints filed with the EEOC, state or local government agencies, or federal or state court.

**RESPONSE: Defendants object as follows: This request is overbroad, unduly burdensome, irrelevant, not properly limited in time and scope, seeks personal and/or confidential information, and is not reasonably calculated to lead to the discovery of admissible evidence.**

12. All documents that relate to the policies and procedures for raising a complaint of discrimination or retaliation, and all documents that refer or relate to Defendant's procedures for investigating and addressing such complaints.

**RESPONSE: See documents previously produced.**

13. All documents and communications related to Defendant's investigation into Plaintiff's complaints, including but not limited to witness statements, reports, or resulting actions by Defendant.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, Plaintiff did not file complaints prior to his termination.**

14. All documents and/or communications related to Defendant's decision not to accommodate Plaintiff.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, not applicable.**

15. All documents related to Defendant's calculation or assessment of Plaintiff's damages, including but not limited to any data relied upon to determine the calculation or assessment.

**RESPONSE: Defendants object as follows: This request seeks the production of information protected from disclosures by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges, immunities, and/or doctrines of law.**

16. All applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy all or part of any judgment.

**RESPONSE: Defendants object as follows: This request is improper because it calls for legal conclusions and because it calls for information that is not admissible before a jury. Notwithstanding this objection, and subject thereto, the policies may be inspected at the office of counsel for Defendants at a time mutually convenient to counsel during normal business hours.**

17. All documents relating to the Eighth Affirmative Defense of Defendant's Answer that Plaintiff has failed to mitigate his damages, including witness statements, any records related to Plaintiff's job search activities, or communications with Plaintiff's prospective employers.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, this information is in Plaintiff's possession. Defendant has no documents responsive to this request.**

18. All documents related to the Defendant's net worth, including but not limited to financial statements, assets, liabilities, and tax return forms from July 12, 2019 through and including the present.

**RESPONSE: Defendants object as follows: Discovery of a Defendants' financial condition may be taken only after the Plaintiff presents a prima facie case of a right to punitive damages. *Herman v. Sunshine Chemical Specialties, Inc.*, 133 N.J. 329, 343-44 (1993). Defendants object to the request because the Plaintiff has yet to illustrate a prima facie case as to her claims. *Westhoff v. Kerr S.S. Co., Inc.*, 219 N.J. Super. 316, 321 (App. Div.), certif denied, 109 N.J. 503 (1987). This request seeks irrelevant, personal, and confidential information which is not reasonably calculated to lead to the discovery of admissible evidence. This request is objectionable as it is designed solely to harass Defendants.**

19. All documents relating to Defendant's document retention or destruction policy.

**RESPONSE: Defendants object as follows: This request seeks information and/or documents which are not relevant to the subject matter of this litigation and which are not likely to lead to the discovery of admissible evidence.**

20. All documents relating to each expert Defendant intends to call as a witness at trial, including but not limited to resumes, curriculum vitae, reports, and all documents and communications sent to or received from each expert.

**RESPONSE: Defendants object as follows: Expert witnesses have not yet been retained, but if and when retained, this response to this interrogatory will be amended.**

21. All affidavits, sworn statements, notes, and other documents sent to, received from, or otherwise relating to any person you intend to call as a witness at trial, either in person, through deposition testimony, or through an affidavit.

**RESPONSE: Defendants object as follows: This request calls for information protected by the work product privilege. Notwithstanding this objection, and subject thereto, Defendants have not yet determined the witnesses who will be called at trial, same will be provided in accordance with the Court Rules.**

22. All affidavits, sworn statements, and communications relating to any claim or defense in this action.

**RESPONSE: Defendants object as follows: This request seeks the production of information protected from disclosures by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges, immunities, and/or doctrines of law. Notwithstanding this objection, and subject thereto, see documents produced herewith.**

23. All social media postings relating to the allegations in the Complaint, including but not limited to postings on Instagram, Snapchat, X, Meta, TikTok, YouTube, blogs, wikis, and other social media sites.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, none.**

24. All documents you intend to use as exhibits in the above-captioned action including, but not limited to, exhibits during depositions.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. This request seeks the production of information protected from disclosures by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges, immunities, and/or doctrines of law. Notwithstanding this objection, and subject thereto, see documents previously produced.**

25. All documents you referred to, relied upon, consulted, or used in any way to draft the Answer to Plaintiff's Complaint, your Initial Disclosures, or your response to Plaintiff's First Set of Interrogatories to Defendant.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. This request seeks the production of information protected from disclosures by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges, immunities, and/or doctrines of law. Notwithstanding this objection, and subject thereto, see documents previously produced.**

26. Any document relating to Plaintiff that you obtained from third parties, including, but not limited to, any employment records obtained in response to subpoenas.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, any and all documents received in response to subpoenas will be provided to Plaintiff in accordance with the Rules of Court.**

27. All documents reflecting Plaintiff's hours worked and compensation received during the period of Plaintiff's employment, including time records, timecards, punch reports, work schedules, payroll records, pay stubs, wage statements, and any data showing regular and overtime hours, pay rates, bonuses, and deductions.

**RESPONSE: See documents previously produced.**

28. All policies, manuals, memoranda, or communications describing Defendant's timekeeping, overtime, and compensation practices in effect during Plaintiff's employment, including procedures for recording, reporting, and approving overtime or off-the- clock work.

**RESPONSE: See documents previously produced.**

29. All documents relating to Defendant's classification of Plaintiff and other similarly situated employees as "exempt" or "non-exempt" from overtime requirements, including analyses, audits, internal communications, job descriptions, or determinations made under the Fair Labor Standards Act.

**RESPONSE: Defendants object as follows: This request seeks information and/or documents which are not relevant to the subject matter of this litigation and which are not likely to lead to the discovery of admissible evidence.**

30. All documents evidencing or referring to any complaints, grievances, investigations, or agency inquiries concerning unpaid wages, unpaid overtime, or employee misclassification, including Defendant's responses to such matters.

**RESPONSE: Defendants object as follows: This request is overbroad, unduly burdensome, irrelevant, not properly limited in time and scope, seeks personal and/or confidential information, and is not reasonably calculated to lead to the discovery of admissible evidence.**

31. All documents and communications between Defendant and any third-party vendors or agencies (including payroll processors or the United States Department of Labor) relating to wage, hour, or overtime compliance.

**RESPONSE: Defendants object as follows: This request seeks information and/or documents which are not relevant to the subject matter of this litigation and which are not likely to lead to the discovery of admissible evidence.**

32. All documents Defendant intends to rely upon to show that Plaintiff was properly classified as exempt or was paid all wages and overtime due under federal and state law.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, see documents produced.**

33. All documents relating to the First Affirmative Defense of Defendant's Answer that "Plaintiff is not an individual with a disability within the meaning of the Americans with Disabilities Act."

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, none. See answers to interrogatories.**

34. All documents relating to the Second Affirmative Defense of Defendant's Answer that "Plaintiff is not qualified to perform the essential functions of Plaintiff's job with or without a reasonable accommodation."

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, none. See answers to interrogatories.**

35. All documents and communications relating to Plaintiff's request(s) for medical or family leave, including any FMLA leave request forms, medical certifications, doctor's notes, correspondence with supervisors or human resources, and any responses or determinations by Defendant.

**RESPONSE: Defendants have no documents responsive to this request.**

36. All documents reflecting Defendant's FMLA or medical-leave policies, procedures, or guidance in effect during Plaintiff's employment, including employee handbooks, policy manuals, and any training or explanatory materials provided to employees or managers.

**RESPONSE: See documents previously produced.**

37. All communications between or among Plaintiff's supervisors, managers, or HR personnel regarding Plaintiff's medical condition, request for leave, leave approval or denial, work scheduling during leave, or termination.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, see documents previously produced.**

38. All documents reflecting any leave requests (FMLA or otherwise) made by employees other than Plaintiff from July 12, 2019 to the present, and the company's responses thereto, sufficient to show how Defendant handled comparable requests.

**RESPONSE: Defendants object as follows: This request is overbroad, unduly burdensome, irrelevant, not properly limited in time and scope, seeks personal and/or confidential information, and is not reasonably calculated to lead to the discovery of admissible evidence.**

39. All documents Defendant intends to rely upon to support its stated reason(s) for constructively terminating Plaintiff's employment, including any internal memoranda, emails, performance notes, or decision-maker communications.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, see documents previously produced.**

## CERTIFICATION

I, Vincent Cignarella, HEREBY CERTIFIES as follows:

1. I am an employee of Meadowbrook Industries, Inc., a party to this action.

2. I have reviewed the document production request and I have made or caused to be made a good faith search for documents responsive to this request. I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on my personal knowledge and/or information provided by others.

3. Because Defendant is an organization and no one person has personal knowledge of all of the matters contained herein, some or all of the information contained in these answers, in forming the basis for my information and belief, may be contained in records, and/or documents maintained by Defendant, and/or the recollections and statement of others.

4. I am authorized to make this Certification and respond to this Request to Produce on behalf of Meadowbrook Industries, Inc.

Meadowbrook Industries, Inc.

By: _____
         Vincent Cignarella

Date:   February 13, 2026
*Jamison v. Meadowbrook Industries, Inc., et al.*

Ellen M. Boyle – NJ ID No. 043211987
KIRMSER, CUNNINGHAM & SKINNER
202A Hall's Mill Road
P O Box 1675
Whitehouse Station, New Jersey 08889-1675
(908) 572-3600
Attorneys for Defendants, Meadowbrook Industries, Inc.
and Joseph Calderia

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH JAMISON | CIVIL ACTION NO: 3:25-cv-13182-MAS-JTQ |
| Plaintiff | **DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| v. | |
| MEADOWBROOK INDUSTRIES, LLC, ET AL | |
| Defendant | |

TO:    Emanuel Kataev, Esq.
       Consumer Attorneys PLLC
       6829 Main Street
       Flushing, NY 11367-1305

Subject to the objections filed herewith and based upon its investigation to date, Defendants provide the following responses to Plaintiff's First Set of Interrogatories to Defendants. Defendants hereby reserve the right to supplement and/or amend these responses before trial based upon Defendants' continuing investigation, if appropriate.

KIRMSER, CUNNINGHAM & SKINNER
Attorneys for Defendants

By: _____
       Ellen M. Boyle

Dated:  February 13, 2026

## INTERROGATORIES

1. Identify all persons with whom Defendant has communicated (exclusive of counsel in the instant action) concerning the allegations in the Complaint or the Answer and describe those communications.

**RESPONSE: Defendants object as follows: This request seeks the production of information protected from disclosures by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges, immunities, and/or doctrines of law.**

2. Describe in reasonable detail the allegations in the Complaint of which Defendant was aware prior to the service of the Complaint.

**RESPONSE: Defendants object as follows: This request is vague, ambiguous, overbroad, unduly burdensome, and oppressive. Notwithstanding this objection, and subject thereto, Plaintiff was suspended following his April 12, 2024 accident wherein Plaintiff was charged with DWI. Plaintiff was suspended for the duration of the investigation into the April 12, 2024 accident. Therefore, Plaintiff's request for light duty and/or an accommodation was moot.**

3. Identify the employees who were aware of any allegations of the Complaint, prior to the service of the Complaint.

**RESPONSE: Defendants object as follows: This request is vague, ambiguous, overbroad, unduly burdensome, and oppressive. Notwithstanding this objection, and subject thereto, Joseph Caldeira.**

4. For the period July 12, 2019 through and including the present, identify each individual who made any type of complaint (written, verbal, formal, informal), or who expressed any concern, regarding inappropriate conduct or behavior that related to age, race, and color. Include in your response the position held by the individual, the date the complaint was made or concern expressed, whether it was made in writing, and the individual(s) to whom the complaint was made.

**RESPONSE: Defendants object as follows: This request is overbroad, unduly burdensome, irrelevant, not properly limited in time and scope, seeks personal and/or confidential information, and is not reasonably calculated to lead to the discovery of admissible evidence.**

5. Describe in reasonable detail any responses made or actions taken by the Defendant, in response to each of the complaints identified in Interrogatory No. 4.

**RESPONSE: Defendants object as follows: This request is overbroad, unduly burdensome, irrelevant, not properly limited in time and scope, seeks personal and/or confidential information, and is not reasonably calculated to lead to the discovery of admissible evidence.**

2

6. For the period July 12, 2019 through and including the present, identify all persons employed by the Defendant who have been or are responsible for conducting any investigations regarding complaints of discrimination.

**RESPONSE: Defendants object as follows: This request is vague and confusing. Notwithstanding this objection, and subject thereto, Debra Kierych (HR).**

7. Identify any and all individuals who participated in any investigation initiated by Defendant in response to Plaintiff's complaints of discrimination, and describe the actions of such individuals in detail.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, plaintiff made no complaint of discrimination while he was employed. Any investigation after he filed a charge of discrimination was conducted by counsel and is privileged.**

8. Describe in detail all training, if any, provided to Defendant's employees regarding the prevention of employment discrimination, harassment, and retaliation, including the date and place of each training session.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, Defendant has a third party come in to provide training to employees. See documents number DEFS208-231.**

9. Identify each person who conducted each training session described in Interrogatory No. 8, the persons who attended, and state whether attendance was mandatory.

**RESPONSE: Defendants object as follows: This request is overbroad, unduly burdensome, irrelevant, not properly limited in time and scope, seeks personal and/or confidential information, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection and subject thereto see response to interrogatory 8.**

10. Describe, in detail, what steps, if any, Defendant took to prevent retaliation against Plaintiff after he requested accommodations starting in or around April 2024.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, Plaintiff was suspended following investigation into his April 12, 2024 accident. Therefore, Plaintiff's request for an accommodation starting in or around April 2024 was moot.**

11. Identify all persons from whom you have received statements (oral or written) relating to the allegations set forth in your Answer.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, none.**

3

12. Identify each expert you intend to call as a witness at trial. For each expert you intend to call as a witness at trial, provide:

1. The expert's full name and address.
2. The expert's area of expertise.
3. The subject matter on which the expert is expected to testify.
4. A summary of the facts and opinions to which the expert is expected to testify.

**RESPONSE: Defendants object as follows: Expert witnesses have not yet been retained, but if and when retained, this response to this interrogatory will be amended.**

13. For each witness you intend to call at trial, provide:

1. The witness's full name and address.
2. The witness's relationship to you.
3. A summary of his, her, or their expected testimony.

**RESPONSE: Defendants object as follows: This request calls for information protected by the work product privilege. Notwithstanding this objection, and subject thereto, Defendants have not yet determined the witnesses who will be called at trial, same will be provided in accordance with the Court Rules.**

14. Identify all persons who provided information used, and all documents reviewed or referenced, in answering these interrogatories.

**RESPONSE: Defendants object as follows: This request seeks the production of information protected from disclosures by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges, immunities, and/or doctrines of law. Notwithstanding this objection, and subject thereto, see documents previously produced.**

15. Describe in reasonable detail the material facts supporting the Eighth Affirmative Defense of your Answer that Plaintiff has failed to mitigate his damages.

**RESPONSE: Defendants object to this interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all material facts" supporting the defense, as this request exceeds the scope of permissible discovery. Defendants further object to this interrogatory as it is vague and ambiguous with respect to the terms "reasonable detail" and "material facts," which are not defined and may be subject to differing interpretations. Defendant also objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or attorney work product doctrine. Additionally, Defendants objects to the extent that the interrogatory seeks expert opinions or conclusions, which will be disclosed in accordance with the Court's scheduling order and applicable rules.**

**Subject to and without waiving these objections, Defendants respond as follows: Defendants assert that Plaintiff failed to mitigate his damages by not making reasonable efforts to seek alternative employment, failing to pursue available medical treatment, and/or declining opportunities that could have reduced the alleged damages. Defendants' investigation is ongoing, and Defendant reserves the right to supplement or amend this response as discovery continues.**

16. Describe in reasonable detail the material facts supporting the First Affirmative Defense of your Answer that "Plaintiff is not an individual with a disability within the meaning of the Americans with Disabilities Act."

**RESPONSE: Defendants object to this interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all material facts" supporting the defense, as this request exceeds the scope of permissible discovery. Defendants further object to this interrogatory as it is vague and ambiguous with respect to the terms "reasonable detail" and "material facts," which are not defined and may be subject to differing interpretations. Defendants also object to the extent that the interrogatory seeks information protected by the attorney-client privilege or attorney work product doctrine. Additionally, Defendants object to the extent that the interrogatory seeks expert opinions or conclusions, which will be disclosed in accordance with the Court's scheduling order and applicable rules.**

**Subject to and without waiving these objections, Defendants respond as follows: Based on the information presently available, Defendants assert that Plaintiff is not an individual with a disability within the meaning of the Americans with Disabilities Act because Plaintiff's alleged physical or mental impairment does not substantially limit one or more major life activities, and/or Plaintiff does not have a record of such an impairment, nor is Plaintiff regarded as having such an impairment as defined by the statute. Defendants' investigation is ongoing, and Defendants reserve the right to supplement or amend this response as discovery continues.**

17. Describe in reasonable detail the material facts supporting the Second Affirmative Defense of your Answer that "Plaintiff is not qualified to perform the essential functions of Plaintiff's job with or without a reasonable accommodation."

**RESPONSE Defendants object to this interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all material facts" supporting the defense, as this request exceeds the scope of permissible discovery. Defendants further object to this interrogatory as it is vague and ambiguous with respect to the terms "reasonable detail" and "material facts," which are not defined and may be subject to differing interpretations. Defendants also object to the extent that the interrogatory seeks information protected by the attorney-client privilege or attorney work product doctrine. Additionally, Defendants object to the extent that the interrogatory seeks expert opinions or conclusions, which will be disclosed in accordance with the Court's scheduling order and applicable rules.**

**Subject to and without waiving these objections, Defendants respond as follows: Based on the information presently available, Defendants assert that Plaintiff is not qualified to perform the essential functions of his job, with or without reasonable accommodation, because Plaintiff was involved in four accidents in less than two years, which raised significant concerns about his overall safety as a driver for the Company. Plaintiff failed a drug test and did not alert Meadowbrook, which left the Company vulnerable to fines and penalties and resulted in the suspension of his CDL. Furthermore, reports from co-workers indicate that Plaintiff fell asleep at the wheel during the April 12, 2024 crash, and the State Police charged him with a DWI. These facts provided sufficient grounds for terminating Plaintiff's employment. Defendants' investigation is ongoing, and Defendants reserve the right to supplement or amend this response as discovery continues.**

18. Identify and describe in reasonable detail the method by which Defendant calculated Plaintiff's wages and overtime compensation during Plaintiff's employment, including the pay period, rate of pay, overtime rate (if any), and any deductions or adjustments applied.

**RESPONSE: Defendants object to this interrogatory to the extent it seeks "all methods" and "reasonable detail" regarding the calculation of Plaintiff's wages and overtime compensation, as the request is overly broad and unduly burdensome. Defendants further object to the terms "reasonable detail," "method," and "any deductions or adjustments" as vague and ambiguous, as they are not defined and may be subject to differing interpretations. Defendants also object to the extent the interrogatory seeks information protected by the attorney-client privilege or attorney work product doctrine.**

**Subject to and without waiving these objections, Defendants respond as follows: During Plaintiff's employment, employees were required to follow a specific process for payroll. Employees would go to the window and receive their assignment, then punch in for work using their fingerprint. At the end of the workday, employees would clock out using their fingerprint. Payroll was calculated based on the recorded clock-ins and clock-outs. Plaintiff was paid at the applicable rate of pay for each pay period, and all overtime was compensated at the appropriate overtime rate in accordance with state and federal law. Any deductions or adjustments applied to Plaintiff's wages were made in accordance with company policy and applicable law. Defendants' records reflect that Plaintiff was paid for all overtime worked. Defendants reserve the right to supplement or amend this response as discovery continues. See also documents numbered DEF 112 - 115.**

19. Describe in reasonable detail all facts supporting Defendant's classification of Plaintiff as "exempt" or "non-exempt" under the Fair Labor Standards Act, including the individuals involved in making that determination and any analyses, audits, or criteria used.

6

**RESPONSE: Defendants object to this interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all facts" supporting the classification of Plaintiff under the Fair Labor Standards Act, as well as information regarding "any analyses, audits, or criteria used," as this request exceeds the scope of permissible discovery. Defendants further object to the terms "reasonable detail," "all facts," and "criteria" as vague and ambiguous, as they are not defined and may be subject to differing interpretations. Defendants also object to the extent the interrogatory seeks information protected by the attorney-client privilege or attorney work product doctrine.**

**Subject to and without waiving these objections, Defendants respond as follows: Plaintiff was classified as "non-exempt" under the Fair Labor Standards Act based on the nature of his job duties as a garbage truck driver, which primarily involved the operation of vehicles and the performance of manual labor, rather than duties that would qualify for any exemption under the Act. No formal audits or outside analyses were conducted; the determination was made in accordance with company policy and the criteria set forth in the Fair Labor Standards Act. Defendants reserve the right to supplement or amend this response as discovery continues.**

20. Identify all individuals who reviewed, approved, or denied Plaintiff's request(s) for leave related to his medical condition, including the date and nature of each such request, the decision made, and the reason(s) for that decision.

**RESPONSE: Plaintiff was suspended at the time he allegedly requested an accommodation and/or leave.**

21. Describe all facts supporting Defendant's decision to terminate Plaintiff's employment, including the date on which the decision was made, the persons involved in making it, and all communications or documents considered in connection with that decision.

**RESPONSE: Defendants object as follows: This request is overly broad and unduly burdensome. Notwithstanding this objection, and subject thereto, Plaintiff was involved in four accidents in less than two years, which raised concerns about his overall safety as a driver for the Company. Plaintiff also failed his drug test and not alerting Meadowbrook which left the Company vulnerable to fines and penalties and resulted in his CDL being suspended. The reports from his co-workers that Plaintiff fell asleep at the wheel during the April 12, 2024 crash, combined with the State Police charging him with a DWI, provided sufficient grounds for terminating the Plaintiff's employment.**

22. Identify all employees who requested family or medical leave (whether under the FMLA or otherwise) from July 12, 2019 through the present, and for each such employee, state:

1. Their position and department;
2. Whether leave was approved or denied; and
3. Whether they experienced any change in job status, hours, or compensation within six months after requesting leave.

**RESPONSE: Defendants object as follows: This request is overbroad, unduly burdensome, irrelevant, not properly limited in time and scope, seeks personal and/or confidential information, and is not reasonably calculated to lead to the discovery of admissible evidence.**

23. Describe in reasonable detail all steps Defendant took to prevent retaliation against employees who requested or took family or medical leave, including any communications, training, or policies in effect during Plaintiff's employment.

**RESPONSE: Defendants object as follows: This request seeks information and/or documents which are not relevant to the subject matter of this litigation and which are not likely to lead to the discovery of admissible evidence.**

**<u>CERTIFICATION</u>**

I, Vincent Cignarella, HEREBY CERTIFIES as follows:

1.  I am an employee of Meadowbrook Industries, Inc., a party to this action.

2.  I have read the preceding answers to Interrogatories, and they are true to the best of my knowledge, information and belief.

3.  Because Defendant is an organization and no one person has personal knowledge of all of the matters contained herein, some or all of the information contained in these answers, in forming the basis for my information and belief, may be contained in records, and/or documents maintained by Defendant, and/or the recollections and statement of others.

4.  I am authorized to make this Certification and answer these Interrogatories on behalf of Meadowbrook Industries, Inc.

Meadowbrook Industries, Inc.

Signed by:

By: *Vincent Cignarella*
FCF71534062A4A5...

Date:    2/16/2026

*Jamison v. Meadowbrook Industries, Inc., et al.*

LAW OFFICES OF
# KIRMSER, CUNNINGHAM & SKINNER

OLIVIER J. KIRMSER**
WILLIAM P. CUNNINGHAM
JOSEPH F. SKINNER
MICHAEL S. SCHWARTZ
ELLEN M. BOYLE*

*New Jersey and New York Bars
**New Jersey and Pennsylvania Bars

ATTORNEYS AT LAW
NOT A PARTNERSHIP OR PROFESSIONAL CORPORATION
Employees of ACE American Insurance Company, a Chubb Company

202A Hall's Mill Road
P O BOX 1675
WHITEHOUSE STATION, NJ 08889-1675

(908) 572-3600
FACSIMILE:  (908) 572-4045

DAVID L. BURNETT
TIMOTHY P. MALACRIDA*
MICHAEL T. WILKOS*
KIMBERLY HINNANT-LOGAN
NICOLE L. HOLLINGSWORTH

JONATHAN E. HILL**

March 12, 2025

**Via Respondent's Portal**

Boston Area Office
15 New Dudbury St Room 475
Boston, MA 02203

> Re:   **Jamison v. Meadowbrook Industries, Inc.**
>        **EEOC Charge No. 520-2025-02933**

Dear Investigator:

Kindly accept this letter as a Position Statement on behalf of Respondent, Meadowbrook Industries, Inc. ("Meadowbrook" or "the Company") in response to the Charge filed by Complainant, Kenneth Jamison ("Complainant"). Meadowbrook denies that it discriminated against Complainant or denied him rights and protections in violation of any law.

As set forth fully below, Complainant was terminated from his position due to a series of significant incidents and regulatory violations that raised serious concerns about his fitness to operate a commercial vehicle safely. These included being charged by the New Jersey State Police with driving while intoxicated, failing a drug test when PCP was found in his system, neglecting to report that failed drug test to Meadowbrook resulting in the Federal Motor Carrier Safety Administration ("FMCSA") imposing fines on Meadowbrook's sister company who owned the truck he was driving, and his commercial driver's license being suspended by FMCSA. Under the circumstances, Meadowbrook had legitimate, non-discriminatory reasons to terminate Complainant's employment.

DEFS0149

March 12, 2025
Page 2

## I.    Background

Meadowbrook is a solid waste and recycling company servicing customers in Southern and Central New Jersey. Complainant became employed by Meadowbrook as a CDL Driver and Loader in July 2019 but he left the Company in 2020 and was rehired on February 2, 2021.

On April 12, 2024, at 6:15 a.m. Complainant was operating a 2009 Mack MRU garbage truck owned by Meadowbrook's sister company, Regional. He was driving south on the Garden State Parkway and was in the EZ Pass lane of the Barnegat Toll Plaza when he crashed the truck into the concrete toll plaza divider, toll plaza supports, and a toll booth before stopping. Complainant and the driver of another vehicle and a toll booth operator were injured because of Complainant crashing the truck. See New Jersey State Police Report attached hereto as Exhibit A.

Following the incident, Complainant was suspected by the New Jersey State Police of driving while intoxicated ("DWI"), as indicated by the police report. See **Exhibit A**. Prior to Complainant being taken to the hospital due to the injuries he sustained in the crash, the State Police drew blood at the scene for testing. The police deemed this necessary due to Complainant's erratic driving and the nature of the accident of the sanitation truck crashing into the Barnegat Toll Plaza. Complainant was charged with a DWI. See **Exhibit A**.

Meadowbrook on that same date interviewed the other two employees on the truck and learned that as Complainant drove the truck towards the Barnegat Toll Plaza he fell asleep and started drifting to the right. As the truck drifted it hit the concrete divider, went air borne and crashed through the toll booth. Complainant, contradicting his co-workers and the police report, claimed that another truck cut in front him as he approached the toll booth and caused him to hit the median and rise and hit the toll booth. See **Exhibit B**.

DEFS0150

March 12, 2025
Page 3

Shortly after the accident the Company was contacted by phone by the Federal Motor Carrier Safety Administration (FMCSA) advising that Regional Industries had committed regulatory violations because it permitted Complainant to drive its truck after he had tested positive for Phencyclidine-PCP on March 3, 2023. FMCSA on June 10, 2024 sent the Company a Notice of Claim which is attached hereto as **Exhibit C**. The Notice proposed a fine of $44,170. Meadowbrook had not drug tested Complainant in March 2023 but it learned that Complainant had been drug tested by another company to which he applied to be a driver.

FMCSA is the federal agency within the Department of Transportation that enforces drug and alcohol testing rules and regulations for employees who drive commercial trucks and buses, as well as vehicles that carry hazardous materials. See 49 CFR Part 382. The regulations provide detailed instructions on the steps covered drivers must complete if they violate those regulations and wish to resume performing safety-sensitive driving work for any employer. Covered drivers who have committed drug and alcohol violations are ineligible to operate a commercial motor vehicle on public roads until they have completed a federally mandated return-to-duty process. FMCSA also requires commercial drivers to report any failed drug or alcohol tests, including those from potential employers to their current employer through the Drug and Alcohol Clearinghouse. Complainant did not comply with the procedure for reporting a failed drug test to Meadowbrook that occurred in March 2023 with a prospective employer.

Prior to the April 12, 2024 toll booth accident, Complainant had three other accidents during his employment. On June 30, 2022 he continued to drive the truck with the air pressure buzzer alarm going off which eventually caused him to lose air pressure on brakes and he had difficulty stopping the truck and smashed into the car in front of him. (See **Exhibit D**). On October 19, 2022, Complainant backed into a car parked behind the truck because he did not

DEFS0151

March 12, 2025
Page 4

check the surrounding area prior to backing up. (See **Exhibit E**). On August 18, 2023 Complainant side swiped a park car. (See **Exhibit F**). Plaintiff had also received several traffic citations as well. (See **Exhibit G**).

Four accidents in less than two years, raised concerns about his overall safety as a driver for the Company. Failing his drug test and not alerting Meadowbrook left the Company vulnerable to fines and penalties and resulted in his CDL being suspended. The reports from his co-workers that Complainant fell asleep at the wheel during the April 12, 2024 crash, combined with the State Police charging him with a DWI, provided sufficient grounds for terminating the Complainant's employment.

## II. Liability

Under the Americans with Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("NJLAD"), it is unlawful for employers to discriminate against qualified individuals with disabilities regarding hiring, firing, promotions, or any other terms, conditions, or privileges of employment. An individual is considered to have a disability if they have a physical or mental impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an impairment.

In this case, Complainant's termination was not based on any perceived or actual disability, but rather was a result of legitimate safety concerns stemming from Complainant's repeated failure to meet the standards required for the position of a CDL driver. The ADA and the NJLAD do provide for reasonable accommodations for employees with disabilities, but only to the extent that such accommodations do not impose an undue hardship on the operations of the business. However, Complainant's pattern of unsafe driving behavior and the serious violation of federal substance abuse laws created a situation that could not be accommodated within the

DEFS0152

March 12, 2025
Page 5

framework of his driving responsibilities.

Meadowbrook's decision to terminate Complainant's employment was based on his documented history of unsafe driving practices and his violation of federal drug testing rules. Prior to the April 12, 2024, incident, Complainant was involved in three separate accidents, each resulting from his negligence and his failure to adhere to safety regulations. As noted, these incidents raised serious concerns about Complainant's ability to perform his job safely.

Furthermore, a failure to report a positive drug test, constitutes a legitimate and non-discriminatory reason for dismissal. FMCSA regulations make it clear that reporting such violations is mandatory for employment as a commercial driver. By failing to provide this critical information, Complainant not only breached federal requirements but also endangered the safety of others on the road.

Meadowbrook is committed to engaging in an interactive process with employees who may require reasonable accommodations due to a disability. In this instance, however, Complainant's repeated incidents of unsafe driving, in conjunction with his failure to report a drug test failure, undermined the company's obligation to consider any potential accommodations he might have needed. Given the extreme safety risks involved, Meadowbrook had no reasonable basis to allow him to continue driving, regardless of any alleged disabilities. Indeed, Meadowbrook was advised after the April 12, 2024 accident that Complainant was disqualified to drive a commercial vehicle.

Complainant's termination was not based on his disability status or any condition resulting from the accident but was a necessary action to maintain safety and compliance with federal regulations, ensuring the well-being of all employees and the public.

DEFS0153

March 12, 2025
Page 6

### III.    Conclusion

In summary, the actions taken regarding Complainant's employment were appropriate and well-documented, based on observed behavior, repeated safety issues, and adherence to regulations surrounding commercial driver conduct. Meadowbrook respectfully requests that Complainant's charge of discrimination be dismissed. If you have any questions about this matter or desire further information, please do not hesitate to contact me.

Very truly yours,
KIRMSER, CUNNINGHAM & SKINNER

Ellen M. Boyle

EMB:ss

DEFS0154