# EXHIBIT E

DEFS0183

**Supervisor's First Report of Incident**

| Site Number 520 | Site Name *Meadowbrook Industries, LLC* | City/State *Jackson NJ* |
|---|---|---|

**Employee Data**

First Name, Last Name, Initial: *Kenneth Jemison*   Social Security Number: ▮▮▮▮▮

Date of Birth: 7/10/1979   Sex: ✓ M ___ F   Hourly Wage: $21.00/Hour   Average Hours p/wk: 40 +

Start Time: 5:15 am   Job Description: *Driver*   Department/LOB: *Residential*

Job Class: ___ Casual/Temp ___ Casual/Temporary ___ Leased   Part Time ✓ ___ Full Time   Hire Date: 7/12/2019

Married: ___ Yes ✓ No   Is Spouse a Dependant? N/A ___ Yes ___ No   Total # of Dependants: 1

Home Address: 2324 Pine Grove Ave.   Phone #: 848-224-9863

City: Toms River   State: NJ   Zip: 08005

Driver's License Number: ▮▮▮▮▮   Class Type: B   State: NJ   Expiration Date: 07/10/2026

**Incident Location**

Date: 10/19/22   Time: 6:40 am   Type of Incident: ✓ Accident ___ Employee Injury   Deny Claim? ✓ Yes ___ No   Subrogate? ___ Yes ✓

Accident or Injury Occurred: ___ On Premises ✓ Off Premises   Address or Site Area Incident Occurred: 7-11 Parking Lot 886 W. Bay Ave. Barnegat NJ 08005

Description of Incident: Parked truck to west side of building. Picked up my crew. Got back in truck to go to route. Backed up about 2 feet and impacted hood of BMW, which had pulled directly behind my truck looked in both mirrors and saw nothing.

*Indicate North by arrow*

Preventable: Must check surroundings prior to backing up

Must Deny Claim = Car Parked in a NO Parking Zone (see Photos) (Striped Area)

1 = our vehicle
2 = others

Show position of vehicle, stop signs, red lights, parked vehicles, pedestrians, etc.

Diagram of Incident

**Supervisor & Employee**

Supervisor Name: *Anthony Scioscia*

Investigator's Name (Person who prepared form): *Joseph Caldeira, Jr.*   Date: 10/21/22

Insurance Claim Number:   Total Incurred Cost ($):

DEFS0184

Supervisor's First Report of Incident (

## SECTION II. - COMPLETE THIS SECTION FOR VEHICULAR AND PROPERTY DAMAGE INCIDENTS

### DOT Register Data

| Report to Insurance: ___ Yes ___ No | DOT Recordable: ___ Yes ✓ No | Fatality: ___ Yes ✓ No | Medical Treatment: ___ Yes ✓ No | Tow Away: ___ Yes ✓ No |

### Vehicle Data - Ours

| Unit Number: 151 | Type of Vehicle: Rear Loader | Damage- Vehicle: ___ Yes ✓ No | Towed ___ Yes ✓ No |
| Year: 2010 | Make: Mack | Model: MRU 613 | License Plate: XJ131B NJ |
| Weather Conditions: Clear, Dawn | | VIN Number: 1M2AV02C0AM006092 | |

### Claimant Data (If there are more than 2 claimants, please provide them on a separate sheet of paper)

| | Claimant Name: Unknown | Address | | Phone |
|---|---|---|---|---|
| I | Driver? ___ Yes ___ No | License Number/State ▓▓▓▓▓▓ | | |
| | Towed? ___ Yes ___ No | If Yes, Where? | Vehicle Year '05 | Vehicle Model BMW |
| | Owner's Name | Address | Phone | |
| | Insurance Carrier/Policy # | | Phone | |
| | Claimant Name | Address | | Phone |
| II | Driver? ___ Yes ___ No | License Number/State | | |
| | Towed? ___ Yes ___ No | If Yes, Where? | Vehicle Year | Vehicle Model |
| | Owner's Name & Phone | Address | Phone | |
| | Insurance Carrier/Policy # | | Phone | |

### Property Damage Data (If there are more than 2 properties damaged, please provide details on a separate sheet of paper)

| | Contact/Business Name | Phone |
|---|---|---|
| I | Location/Address | |
| II | Contact/Business Name | Phone |
| | Location/Address | |

### Police Report

| Was Ticket Issued? ___ Yes ✓ No | If Yes, To Whom? ___ Us ___ Others ___ Both | For what? | |
|---|---|---|---|
| Police Department: Barnegat PD | Report # Unknown | Name/Badge Number of Officer: Unknown | |

Witnesses (Name, Address, Phone)

DEFS0185



DEFS0186



DEFS0187



DEFS0188

# EXHIBIT F

DEFS0189

**Supervisor's First Report of Incident**

| Site Number 320 | Site Name Meadowbrook | City/State Jackson NJ |
|---|---|---|

**Employee Data**

First Name, Last Name, Initial Kenneth Jamison | Social Security Number

| Date of Birth 07-10-1979 | Sex X M __ F | Hourly Wage | Average Hours p/wk |
|---|---|---|---|

Start Time | Job Description Driver | Department/LOB

Job Class: __ Casual/Temp Casual/Temporary __ Leased __ Part Time __ Full Time X | Hire Date

Married X Yes __ No | Is Spouse a Dependant? __ Yes X No | Total # of Dependants 3

Home Address 2324 pine Grove Ave | Phone #

City Toms River | State NJ | Zip 08753

Driver's License Number [redacted] | Class Type B | State NJ | Expiration Date 07-10-2026

**Incident Location**

| Date 8/18/23 | Time 8:45 Am | Type of Incident: X Accident __ Employee Injury | Deny Claim? __ Yes __ No | Subrogate? __ Yes |
|---|---|---|---|---|

Accident or Injury Occurred: __ On Premises X Off Premises | Address or Site Area Incident Occurred: 32 Dylan Blvd, Barnegat

Description of Incident: I was picking up trash on Dylan Blvd in Barnegat. Another truck was working towards me Starting from Full Rigger Ave. we met up At the top of the Street Going opposite direction... As I tried to pass the other truck I hit a parked Car on my passenger Side.

Indicate North by arrow

1 = our vehicle
2 = others

Show position of vehicle, stop signs, red lights, parked vehicles, pedestrians, etc.

Diagram of Incident

**Supervisor & Employee**

Supervisor Name Anthony Scioscia

Investigator's Name (Person who prepared form) | Date 8/18/23

Insurance Claim Number | Total Incurred Cost ($)

DEFS0190

Supervisor's First Report of Incident

## SECTION II - COMPLETE THIS SECTION FOR ALL EMPLOYEE INJURIES

| | | | |
|---|---|---|---|
| ___ Abrasion | ___ Amputation | ___ Bee Sting | ___ Break/Fracture |
| ___ Burns – Chemical | ___ Burns – Heat/Scald | ___ Cold Stress | ___ Concussion |
| ___ Contusion/Bruise | ___ Crushed | ___ Cut | ___ Dislocation |
| ___ Dog Bite | ___ Foreign Body/Eye | ___ Fracture | ___ Frostbite |
| ___ Hearing Loss | ___ Heart Attach | ___ Heat Stroke/Heat Stress | ___ Hernia |
| ___ Inflam/Irrit Joints | ___ Internal | ___ Needle stick | ___ Poisoning |
| ___ Puncture | ___ Respiratory | ___ Sprains/Strains | ___ Rash |
| ___ Rat Bite | ___ Other: | | |

### Cause of injury (select only one)

| | | | |
|---|---|---|---|
| ___ Bites (Insect/Animal) | ___ Cold Stress | ___ Electrical | ___ Fall – Height |
| ___ Fall – Same Level | ___ Falling Debris – Ash | ___ Flying/Falling/Rolling Obj. | ___ Fire |
| ___ Heat Stress | ___ Inhalation | ___ Needle stick | ___ Pushing/Pulling |
| ___ Slips/Trips | ___ Struck Against | ___ Struck By | ___ Welding Flash |
| ___ Other: | | | |

### Activity at Time of Incident (check as many as necessary)

| | | | |
|---|---|---|---|
| ___ Bending | ___ Carrying | ___ Climbing | ___ Dismounting |
| ___ Driving | ___ Firefighting | ___ Jumping | ___ Kneeling |
| ___ Lifting | ___ Lying | ___ Pulling | ___ Pushing |
| ___ Riding | ___ Running | ___ Sitting | ___ Standing |
| ___ Stretching/Reaching | ___ Twisting | ___ Welding | |
| ___ Other: | | | |

### Body Part Affected (check as many as necessary)

| | | |
|---|---|---|
| ___ Left | ___ Right | Body Part: |

### Equipment/Material Involved

### Acts (check as many as necessary)

| | |
|---|---|
| ___ None | ___ Defeating/making safety devices inoperative |
| ___ Failure to follow directions | ___ Failure to follow procedures |
| ___ Failure to secure or warn of observed hazards | ___ Failure to use PPE |
| ___ Failure to wear safe personal attire | ___ Horseplay |
| ___ Improper use of equipment | ___ Improper use of hands or body parts |
| ___ Inattention to footing or surroundings | ___ Operation or working at unsafe speed |
| ___ Result of preventable vehicle accident | ___ Taking unsafe position or posture |
| ___ Unsafe placing, mixing, combining | ___ Work on moving, energized, pressurized equipment |
| ___ Other | |

### Medical Data

Name/Address of Physician/Clinic/Hospital

| | | | |
|---|---|---|---|
| Did employee receive full pay on day of injury? ___ Yes ___ No | Did salary continue? ___ Yes ___ No | ___ No Treatment ___ Admitted | ___ First Aid Only ___ Treated/Released |
| Was PPE Available? ___ Yes ___ No | Was PPE Used? ___ Yes ___ No | Type of PPE | |
| Last Day Worked: | Date Returned w/ restrictions: | | Date Returned-Full Duty: |

### OSHA Log 300 Data

| | |
|---|---|
| OSHA Recordable ___ Yes ___ No | ___ None ___ First Aid Only<br>___ Recordable Only, No Lost Time ___ Restricted Days<br>___ Days Away from Work (Lost Time) |

| | | | | |
|---|---|---|---|---|
| Number of Lost Days: | Number of Restricted Days: | Both: | Death: ___ Yes ___ No | Date of Death: |

Type of Illness:

DEFS0191

Supervisor's First Report of Incident (

## SECTION II – COMPLETE THIS SECTION FOR VEHICULAR AND PROPERTY DAMAGE INCIDENTS

### DOT Register Data

| Report to Insurance: ___ Yes ___ No | DOT Recordable: ___ Yes _X_ No | Fatality: ___ Yes _X_ No | Medical Treatment: ___ Yes _X_ No | Tow Away: ___ Yes _✓_ No |

### Vehicle Data – Ours

| Unit Number: 143 | Type of Vehicle: | Damage- ___ Yes _X_ No  Vehicle: | Towed ___ Yes _X_ No |
|---|---|---|---|
| Year: 2009 | Make: Mack | Model: MRU613 | License Plate: XR921W |
| Weather Conditions: Overcast | | VIN Number: 1M2AV02C09M003933 | |

### Claimant Data

|  | Claimant Name Mary Segarra | Address 32 Dylan Blvd | | Phone 609-290-9269 |
|---|---|---|---|---|
| I | Driver? _X_ Yes ___ No | License Number/State | | |
| | Towed? ___ Yes _X_ No | If Yes, Where? | Vehicle Year 2013 | Vehicle Model Elantra |
| | Owner's Name Mary Segarra | Address 32 Dylan Blvd | Phone | |
| | Insurance Carrier/Policy # Geico | | Phone | |
| | Claimant Name | Address | Phone | |
| II | Driver? ___ Yes ___ No | License Number/State | | |
| | Towed? ___ Yes ___ No | If Yes, Where? | Vehicle Year | Vehicle Model |
| | Owner's Name & Phone | Address | Phone | |
| | Insurance Carrier/Policy # | | Phone | |

### Property Damage Data

|  | Contact/Business Name | Phone |
|---|---|---|
| I | Location/Address | |
| II | Contact/Business Name | Phone |
| | Location/Address | |

### Police Report

| Was Ticket Issued? ___ Yes ___ No | If Yes, To Whom? ___ Us ___ Others ___ Both | For what? |
|---|---|---|
| Police Department | Report # | Name/Badge Number of Officer |

Witnesses (Name, Address, Phone)

DEFS0192

Supervisor's First Report of Incident (

| SECTION IV – | COMPLETE THIS SECTION FOR ALL ENVIRONMENTAL SPILLS, EMISSIONS, RELEASES OR DISCHARGES |
| --- | --- |

**Type of Material**

| | | |
| --- | --- | --- |
| ___ | Hazardous Waste | Released To:   ___ Air |
| ___ | Hazardous Substance – Exceeded to RQ   ___Yes __No | ___ Water |
| ___ | Non Hazardous | ___ Ground |
| ___ | Unknown | |

**Physical State**

| | | |
| --- | --- | --- |
| ___ | Solid – Estimated Volume in Pounds | How was Estimation Calculated? |
| ___ | Liquid – Estimated Volume in Gallons | |
| | Air – Estimated Volume in Cubic Feet | |

**External Agency Notified by    Facility**

| | | | | |
| --- | --- | --- | --- | --- |
| ___ | Law Enforcement: | | | |
| ___ | City | ___ | County | ___  State |
| ___ | Fire Department | ___ | FEMA (Federal Emergency Management) | |
| ___ | State DEQ | ___ | National Emergency Response Center | |
| ___ | Other: | | | |

Name(s)/ Telephone of Those Contacted

**Agency or Group Involved**

| | | | | |
| --- | --- | --- | --- | --- |
| ___ | Law Enforcement | ___ | Fire Department | ___  FEMA |
| ___ | City | ___ | County | ___  State |
| ___ | OSHA | ___ | DOT | ___  EPA |
| ___ | News Media | ___ | TV | ___  Newspaper |
| ___ | Radio | ___ | Interest Groups | ___  Individual |
| ___ | Community | | Organization | |

Describe the Nature of Their Involvement Such as Information Requested, Interviews Requested, Inspections, Documents, Requests, Etc.

**Proposed Citations, Penalties**

| | | | | |
| --- | --- | --- | --- | --- |
| ___ | Police ___ | ___ | Fire | Report Attached |
| ___ | DOT | ___ | EPA | |
| | OSHA | | | ___ Yes ___ No |

DEFS0193

# EXHIBIT F

DEFS0194

**KENNETH JAMISON - MVR Abstract (page 1 of 3)**

**SuperVision**
**LICENSE MONITOR**

| | |
|---|---|
| **Report Date:** | 04/17/2024 3:47 PM |
| **State:** | NJ |
| **License:** | ▇▇▇▇▇▇▇ |
| **Requested By:** | Kierych, Debra |
| **Driver Ref #:** | N/A |
| **Division Name:** | 000103 - Driver |

JAMISON, KENNETH M
2324 PINE GROVE AVE
TOMS RIVER, NJ 08753-6007

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **County:** | N/A | **Date of Birth:** | 07/10/1979 | **Sex:** N/A | **Points:** | 0.00 | |
| **Height:** | N/A | **Weight:** | N/A | **Eyes:** N/A | **CDL Status:** | Valid | |

| Class | Type | Issue | Expiration | Status |
|---|---|---|---|---|
| CLASS B COMMERCIAL VEH > 26000 LBS. MAY TOW ANOTHER VEHICLE < 10000 LBS | COMMERCIAL | | 07/10/2026 | Valid |
| | Endorsements: | MOTORCYCLE | | |

**Medical certificate**

| Issued | Expires | Status | Self Certificate | Description | Source |
|---|---|---|---|---|---|
| 02/27/2023 | 02/27/2025 | CERTIFIED | NON-EXCEPTED INTERSTATE | MEDICAL CERTIFICATE | MVR |

**Examiner**

| Name | Phone# | MDLicenseNo | MDLicJurisd | Specialty | MDRegistryNo | Source |
|---|---|---|---|---|---|---|
| MAXWELL CASTOR | (732)557-9980 | 25MP00239000 | NJ | PA PHYSICIAN ASSISTANT | 6392677629 | MVR |

**Miscellaneous Driver Info**

Point Credit: Date: '10/14/2023' Event:'POINT CREDIT-ANNUAL SAFE DRIVING'(- 3 POINTS)
Advisory Notice: Date: '3/1/2023' Event:'CDL CLEARANCE NOTICE'
Advisory Notice: Date: '3/1/2023' Event:'CDL CLEARANCE NOTICE'
Advisory Notice: Date: '1/25/2023' Event:'MEDCERT EXPIRATION COURTESY NOTICE'
Advisory Notice: Date: '1/25/2023' Event:'MEDCERT EXPIRATION COURTESY NOTICE'
Point Credit: Date: '10/14/2022' Event:'POINT CREDIT-ANNUAL SAFE DRIVING'(- 3 POINTS)
Point Credit: Date: '10/14/2021' Event:'POINT CREDIT-ANNUAL SAFE DRIVING'(- 3 POINTS)
Advisory Notice: Date: '3/15/2021' Event:'CDL CLEARANCE NOTICE'
Advisory Notice: Date: '2/12/2021' Event:'MEDCERT EXPIRATION COURTESY NOTICE'
Fee Payment: Date: '10/14/2020' Event:'LICENSE REST FEE PAYMT- WEB/CREDIT'
Advisory Notice: Date: '2/20/2020' Event:'HEARING REQUEST ACKNOWLEDGMENT'
Point Credit: Date: '12/16/2019' Event:'POINT CREDIT-ANNUAL SAFE DRIVING'(- 3 POINTS)
Suspension History: BASIC DRIVING SUSPENDED BETWEEN: 2020-07-27 2020-10-14
Suspension History: COMMERCIAL SUSPENDED BETWEEN: 2020-07-27 2020-10-14

*[handwritten: 4/12/24 ACCIDENT HIT BARNEGAT TOLL BOOTH]*
*[handwritten: 12/14/22 ACCIDENT BACKED INTO CAR]*

Points Disclaimer: TOTAL POINTS ARE COMPUTED BASED ON THE LAST 36 MONTHS OF VIOLATIONS. DEFENSIVE DRIVING PROGRAM, DRIVER IMPROVEMENT PROGRAM, PROBATIONARY DRIVER PROGRAM AND ANNUAL SAFE DRIVING CREDIT POINTS THAT HAVE BEEN RECEVIED WITHIN THE LAST 36 MONTHS ARE ALSO REFLECTED IN THE ACTUAL TOTAL POINTS CALCULATED.

| Viol/Sus Date | Conv/Reins Date | Viol Type | PT | Description | Code | CML |
|---|---|---|---|---|---|---|
| 07/09/2023 | | Accident | | INVOLVED IN ACCIDENT-POLICE REPORT | | U |

© 2024. Explore Information Services. LLC. All Rights Reserved    LOCATOR#15407833

DEFS0195

**KENNETH JAMISON - MVR Abstract (page 2 of 3)**

**SuperVision**
LICENSE MONITOR

| | |
|---|---|
| **Report Date:** | 04/17/2024 3:47 PM |
| **State:** | NJ |
| **License:** | ▇▇▇▇▇▇▇▇ |
| **Requested By:** | Kierych, Debra |
| **Driver Ref #:** | N/A |
| **Division Name:** | 000103 - Driver |

---

|  |  |  |  |  |
|---|---|---|---|---|
| | ECD Code = AC01<br>ECD Description = Accident<br>Location: NJ<br>Miscellaneous: Posted Date: 09/15/23 | | | |
| 04/16/2023  05/25/2023 | Violation  **DELAYING TRAFFIC**<br>ACD CODE = F34<br>ACD Description = Stopping, standing, or parking: obstructing or impeding traffic with a motor vehicle<br>Court Description: CRANBURY TWP<br>State: NJ<br>Miscellaneous: Posted Date: 05/25/23 | 0456 | U |
| 11/19/2022  02/09/2023 | Violation  **OBSTRUCTING PASSAGE OF OTHER VEHIC**<br>ACD CODE = F34<br>ACD Description = Stopping, standing, or parking: obstructing or impeding traffic with a motor vehicle<br>Court Description: PERTH AMBOY<br>State: NJ<br>Miscellaneous: Posted Date: 02/09/23 | 0467 | U |
| 10/19/2022 | Accident  INVOLVED IN ACCIDENT-POLICE REPORT<br>ECD Code = AC01<br>ECD Description = Accident  *BACKED INTO CAR*<br>Location: NJ<br>Miscellaneous: Posted Date: 01/12/23 | | U |
| 07/25/2022 | Accident  INVOLVED IN ACCIDENT-POLICE REPORT<br>ECD Code = AC01<br>ECD Description = Accident<br>Location: NJ<br>Miscellaneous: Posted Date: 09/01/23 | | U |
| 06/30/2022  08/16/2022 | Violation  UNSAFE OPERATION OF A MOTOR VEHICL<br>ACD CODE = N84<br>ACD Description = Unsafe operation  *REAR ENDED*<br>Court Description: TOMS RIVER<br>State: NJ  *OTHER VEHICLE*<br>Miscellaneous: Posted Date: 08/16/22 | C972 | true |
| 06/30/2022 | Accident  INVOLVED IN ACCIDENT-POLICE REPORT<br>ECD Code = AC01<br>ECD Description = Accident<br>Location: NJ<br>Miscellaneous: Posted Date: 11/03/22 | | U |
| 10/14/2020 | Action  RESTORATION WITH WARNING | RSTW | U |

---

© 2024, Explore Information Services, LLC. All Rights Reserved.          LOCATOR#15407833

DEFS0196

**KENNETH JAMISON - MVR Abstract (page 1 of 3)**

**SuperVision**
**LICENSE MONITOR**

| | |
|---|---|
| **Report Date:** | 04/17/2024 3:47 PM |
| **State:** | NJ |
| **License:** | ▇▇▇▇▇▇▇ |
| **Requested By:** | Kierych, Debra |
| **Driver Ref #:** | N/A |
| **Division Name:** | 000103 - Driver |

JAMISON, KENNETH M
2324 PINE GROVE AVE
TOMS RIVER, NJ 08753-6007

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **County:** | N/A | **Date of Birth:** | 07/10/1979 | **Sex:** N/A | **Points:** | 0.00 | |
| **Height:** | N/A | **Weight:** | N/A | **Eyes:** N/A | **CDL Status:** | Valid | |

| Class | Type | Issue | Expiration | Status |
|---|---|---|---|---|
| CLASS B COMMERCIAL VEH > 26000 LBS. MAY TOW ANOTHER VEHICLE < 10000 LBS | COMMERCIAL | | 07/10/2026 | Valid |
| | Endorsements: | MOTORCYCLE | | |

**Medical certificate**

| Issued | Expires | Status | Self Certificate | Description | Source |
|---|---|---|---|---|---|
| 02/27/2023 | 02/27/2025 | CERTIFIED | NON-EXCEPTED INTERSTATE | MEDICAL CERTIFICATE | MVR |

| Examiner Name | Phone# | MDLicenseNo | MDLicJurisd | Specialty | MDRegistryNo | Source |
|---|---|---|---|---|---|---|
| MAXWELL CASTOR | (732)557-9980 | 25MP00239000 | NJ | PA PHYSICIAN ASSISTANT | 6392677629 | MVR |

**Miscellaneous Driver Info**

Point Credit: Date: '10/14/2023' Event:'POINT CREDIT-ANNUAL SAFE DRIVING'(- 3 POINTS)
Advisory Notice: Date: '3/1/2023' Event:'CDL CLEARANCE NOTICE'
Advisory Notice: Date: '3/1/2023' Event:'CDL CLEARANCE NOTICE'
Advisory Notice: Date: '1/25/2023' Event:'MEDCERT EXPIRATION COURTESY NOTICE'
Advisory Notice: Date: '1/25/2023' Event:'MEDCERT EXPIRATION COURTESY NOTICE'
Point Credit: Date: '10/14/2022' Event:'POINT CREDIT-ANNUAL SAFE DRIVING'(- 3 POINTS)
Point Credit: Date: '10/14/2021' Event:'POINT CREDIT-ANNUAL SAFE DRIVING'(- 3 POINTS)
Advisory Notice: Date: '3/15/2021' Event:'CDL CLEARANCE NOTICE'
Advisory Notice: Date: '2/12/2021' Event:'MEDCERT EXPIRATION COURTESY NOTICE'
Fee Payment: Date: '10/14/2020' Event:'LICENSE REST FEE PAYMT- WEB/CREDIT'
Advisory Notice: Date: '2/20/2020' Event:'HEARING REQUEST ACKNOWLEDGMENT'
Point Credit: Date: '12/16/2019' Event:'POINT CREDIT-ANNUAL SAFE DRIVING'(- 3 POINTS)
Suspension History: BASIC DRIVING SUSPENDED BETWEEN: 2020-07-27 2020-10-14
Suspension History: COMMERCIAL SUSPENDED BETWEEN: 2020-07-27 2020-10-14
Points Disclaimer: TOTAL POINTS ARE COMPUTED BASED ON THE LAST 36 MONTHS OF VIOLATIONS. DEFENSIVE DRIVING PROGRAM, DRIVER IMPROVEMENT PROGRAM, PROBATIONARY DRIVER PROGRAM AND ANNUAL SAFE DRIVING CREDIT POINTS THAT HAVE BEEN RECEVIED WITHIN THE LAST 36 MONTHS ARE ALSO REFLECTED IN THE ACTUAL TOTAL POINTS CALCULATED.

| Viol/Sus Date | Conv/Reins Date | Viol Type | PT | Description | Code | CML |
|---|---|---|---|---|---|---|
| 07/09/2023 | | Accident | | INVOLVED IN ACCIDENT-POLICE REPORT | | U |

© 2024, Explore Information Services, LLC. All Rights Reserved.          LOCATOR#15407833

DEFS0197

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Boston Area Office**
15 New Sudbury St, Room 475
Boston, MA 02203
(617) 865-3670
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/14/2025

**To:** Mr. Kenneth Jamison
6829 Main Street
Flushing, NY 11367
Charge No: 520-2025-02933

EEOC Representative and email:     WILMARIE ROSADO PEREZ
Investigator
wilmarie.rosadoperez@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 520-2025-02933.

On behalf of the Commission,

Digitally Signed By:Feng K. An
04/14/2025
Feng K. An
Area Office Director

DEFS0198

**Cc:**
Ellen Boyle
Kirmser,  Cunningham & Skinner
202 Hall's Mill Road
White Hse Sta, NJ 08889

Debra A Kierych
Meadowbrook Industries
800 E Grand St
Elizabeth, NJ 07201

320 Edison Avenue
Jackson, NJ 08527

Mia Kristensen
Consumer Attorneys
72-47 139th Street
Flushing, NY 11367

Emanuel Kataev
18211 Jamaica Avenue
Jamaica, NY 11423


Please retain this notice for your records.

DEFS0199

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 520-2025-02933 to the

DEFS0200

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Elizabeth Rader, 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 520-2025-02933 to the District Director at Elizabeth Rader, 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)**

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

✓ **Only one** major life activity need be substantially limited.

✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

DEFS0201

Enclosure with EEOC Notice of Closure and Rights (01/22)

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

DEFS0202

**Driver**

1. CDL Class B.
2. Air Brake Endorsement.
3. Minimum of 2 years' experience. Front Load and Roll Off preferred.
4. Must have clean driving record.
5. Collects commercial and/or residential garbage and yard waste; compacts waste; hauls to and dumps waste in appropriate disposal location.
6. Performs manual collection of waste materials as required.
7. Assist other routes as needed to complete daily work.
8. Performs routine housekeeping on assigned equipment.
9. Performs daily housekeeping by cleaning, organizing and sweeping the Solid Waste yard and recycling drop-off sites.
10. Responds to and assists with cleanup efforts after special events, natural disasters and storms as directed. Irregular hours may be involved due to weather, equipment failures and maintenance of daily schedules.
11. Performs all duties in accordance with company policies, procedures and safety regulations.
12.  Completes required records and reports with accuracy and in a timely manner.

**Physical Ability:** Tasks involve the ability to exert heavy physical effort in all different types of working conditions. Typically involving some combination of sitting, standing, walking, climbing, balancing, stooping, kneeling and crouching. Also, some lifting, carrying, pushing and/or pulling of heavy objects and materials (up to 75 pounds) and occasionally heavier items (100 pounds or over).

**Sensory Requirements: T**asks require visual and auditory perception and skills as well as oral communications ability.

**Environmental factors:** Tasks require exposure to adverse weather conditions, extreme temperatures, wetness/humidity, noise extremes, strong odors, smoke/dust/pollen/dirt, machinery hazards, traffic hazards, disease/pathogens, vibrations, etc.

DEFS203

**Regional Industries LLC Groundman Job Description.**

1. Collects commercial and/or residential garbage, and yard waste; compacts waste; hauls to and dumps waste in appropriate disposal location.
2. Performs manual collection of waste materials as required.
3. Assist other routes as needed to complete daily work.
4. Performs routine housekeeping on assigned equipment.
5. Performs daily housekeeping by cleaning, organizing and sweeping the Solid Waste yard and recycling drop-off sites.
6. Responds to and assists with cleanup efforts after special events, natural disasters and storms as directed. Irregular hours may be involved due to weather, equipment failures and maintenance of daily schedules.
7. Performs all duties in accordance with division policies, procedures and safety regulations.
8.  Completes required records and reports with accuracy and in a timely manner.

**Physical Ability:** Tasks involve the ability to exert very heavy physical effort in very heavy work conditions, typically involving some combination of sitting, standing, walking, climbing, balancing, stooping, kneeling, crouching and crawling, and some lifting, carrying, pushing and/or pulling of heavy objects and materials (up to 100 pounds) and occasionally heavier items (100 pounds or over).

**Sensory Requirements:** Some tasks require visual and auditory perception and discrimination as well as oral communications ability.

**Environmental factors:** Tasks require exposure to adverse weather conditions, extreme temperatures, wetness/humidity, noise extremes, strong odors, smoke/dust/pollen/dirt, machinery hazards, traffic hazards, disease/pathogens, vibrations, etc.

**www.regional-industries.com**

DEFS204

**WASTE INDUSTRIES, REGIONAL INDUSTRIES, MEADOWBROOK INDUSTRIES LLC.**

**WORK SAFETY RULES & PROCEDURES**

Updated: April 17 2025

1. **Full Work Day & Work week** – A full workday consist of working and completing a 8 hour shift. A Full work week consists of a minimum of 40 hours with the possibility of 40 plus.
2. **Policy for calling out of work** – You must contact your supervisor a minimum of 2 hours prior to calling out of work.
3. Report any and all issues and incidents, for example but not limited to, safety, accident or operational issues to the supervisor or route manager immediately using Nextel radio.
4. Any type of fighting, violence, or harassment or otherwise endangering any employee, customer, or member of the public while on duty will not be tolerated and will be cause for immediate termination. Do not approach anyone either verbally or physically while on the route, on company property or during work hours.
5. The use of alcohol and drugs is **STRICTLY PROHIBITED** on all company premises and in all company vehicles.
6. The use of Alcohol and drugs or being under the influence of alcohol or drugs is **STRICTLY PROHIBITED** while on duty.
7. Personal cell phones are not allowed to be used while on duty especially while driving.  This includes Nextels for personal use. Please see Company Handbook for detailed company policy.
8. Headsets or headphones with or without the radio or music on are not allowed to be used while on duty.
9. Employees shall not for any reason solicit money or accept money from any resident or customer. This will be cause for termination.
10. Do not engage in horseplay or any form of disruptive conduct during working hours or at any time while on Company property.
11. Do not leave work prior to completion of your work assignment, without the prior permission of your Supervisor.
12. Observe traffic laws and report traffic violations involving company vehicles to your direct supervisor.
13. No employee is allowed to drive a company garbage truck if he/she does not possess a CDL license.  This includes any and all drivers and loaders.
14. No employee is allowed to drive a company vehicle if he/she does not possess a valid New Jersey driver's license.
15. No employee is allowed to drive a company vehicle without authorization from Management.
16. **DO NOT REMOVE REGISTRATIONS, INSURANCE CARDS, LEASE DOCUMENTS OR DEP CARDS FROM VECHILES.**
17. Drivers & loaders must wear PPE (Personal Protective Equipment) at all times, including when on Regional Industries property.  Please do not get out of car without safety vest or shirt on.  PPE is glasses, vests, gloves, & work boots.
18. Drivers; there will be ("0"), **ZERO** tolerance for hitting parked cars and backing accidents.

DEFS205

19. Drivers; must not put truck in reverse if he does not see helper in his passenger side (right side) mirror, on the ground instructing & signaling him to back up and/or stop. If driver loses sight of helper, he must stop truck **IMMEDIATELY**, put brake on, get out of truck & locate helper.

20. Drivers and loaders must look both ways to look for traffic before leaving the truck and/or stepping off the back step.

21. Drivers and loaders are responsible for the collection of trash and recycling materials on their route. Please, try to avoid any misses.

22. Drivers and Loader: must clean up any trash or recycling spillage in the street or on the curb with the supplied broom & shovel. **All** spillage's **MUST** be cleaned.

23. Drivers and Loader: Do not throw garbage cans-**PLACE** them back on curb in upright position with lids placed firmly back on top.

24. Drivers and Loader: Do not block driveways when returning cans to curb.

25. Drivers and Loader must never go in the hopper or in the body of the truck while the truck is running.

26. Drivers and Loader: Please note the location of fire extinguishers, flares & safety triangles for when needed.

27. Drivers and Loader: Please note where the kill switch is located when needed.

28. Drivers and Loader: Seatbelts must be worn when traveling over ¼ of a mile or over 15 mph.

29. Drivers and Loader: There should **NEVER** be more than two (2) workers in the cab of the truck at any one time.  Only one (1) driver and one (1) helper.

30. Drivers; must wear hard hat while in all dump facilities.

31. Drivers; Turn motor off & close valve every day.

32. Drivers; before leaving yard, check truck to make sure that there are no materials in body.  If there are materials in truck check, with your supervisor for instructions.

33. Drivers; before leaving yard, check power take off (PTO), solenoid, sweeper blade, and push out blade to make sure they are all working properly.

34. Drivers; before leaving yard, check brakes.

35. Drivers; prior to leaving yard, VCR's must be completed & signed.  It must also be thoroughly completed; sign and print name, and then handed in along with dump tickets **(write truck number, sign and PRINT NAME)** at the end of each day.

36. Drivers; shall **NEVER** reverse when loaders are on the rear step.

37. Drivers; O&D forms for disposal facility must be filled out clearly & completely. Please sign and **PRINT NAME**.

38. All drivers are responsible of the care & safety of the truck.  **NOTHING** should be placed on the dashboard other than helmet nor should anything be hanging from the front of the truck.

39. Drivers; do not tailgate any other vehicles.

40. There are certain bridges in our area that our trucks cannot go under.  **DO NOT GO UNDER THESE BRIDGES.**  Please see attached list of bridges for the locations. Hitting a bridge or not following the Work Safety Rules will be cause for immediate termination.

41. Loaders must stop traffic to back up driver when necessary.

42. **Loaders are not permitted to ride on the back step when truck is in reverse or backing up**.

43. Loaders must **not** ride on back step if truck is traveling more than **1/8th of a mile** or traveling over 15 mph.

44. Loaders: Only one (1) man allowed on each back step of truck.

45. Loaders: must hold handles on back of truck using a 3-point stance.  No hands through the handles.  No towels or rags are permitted to be tied to handles.

DEFS206

****The above-mentioned Work Safety Rules & Procedures, if not followed will result in disciplinary action.  Disciplinary action may include a verbal warning, written warning, suspension with or without pay, and/or termination. ****

**\*\*Attachments\*\***
**Drug and Alcohol Policy**
**DMV Review Criteria**
**List of bridges to avoid**

DEFS207

Case 3:25-cv-13182-MAS-JTQ    Document 21-5    Filed 07/07/25    Page 26 of 84 PageID: 191

# Implicit Bias and the Workplace

## Presented by: Christopher C. Irving Ed.D.

DEFS208

Case 3:25-cv-13182-MAS-JTQ   Document 21-5   Filed 07/07/26   Page 27 of 84 PageID: 192

# Workshop Agreements

❖ **One person speaks at a time, while everyone else listens.**

❖ **Challenge by choice**

❖ **Agree to disagree**

❖ **Share the airtime**

❖ **Confidentiality**

❖ **Assume best intentions**

Cultural Bio

DEFS209

# What is implicit bias?

❖ **Implicit = hidden, unconscious**

❖ **Bias = an attitude (negative or positive) towards someone or something**

❖ **"Implicit bias" when we have attitudes towards people. or associate stereotypes with them, without even being conscious of them**

Case 3:25-cv-13182-MAS-JTQ    Document 21-5    Filed 07/07/26    Page 29 of 84 PageID: 194

# To begin our look inside

**The first thing we need to know is that our brains constantly create mental shortcuts without our even being aware of them.**

**Poll #1**

DEFS211

# How is this possible? How can I have attitudes I don't even know I have?

**96.999996%** **of what our brains do is unconscious** ("fast thinking" vs slow, conscious deliberation)

DEFS212

# Sometimes these mental shortcuts affect what we can see.

DEFS213

DEFS214

## What do you see?



DEFS215

# What do you see now?



DEFS216

# Sometimes they impact what we pay attention to



# Where do these "stealth stereotypes" come from?

❖ Everything we take in—everything our parents tell us, everything we see on TV or hear in music, that we learn in school or from friends or see on the streets—all of this adds up to associations in our brain…. We may not consciously believe these influences, but they're there, idling in the background." (Chugh, 2018)

DEFS217

Case 3:25-cv-13182-MAS-JTQ    Document 21-5    Filed 07/07/26    Page 36 of 84 PageID: 201

# Who has implicit biases?

# EVERYONE!

- ○ Likes and Dislikes
- ○ Identity Compass

DEFS218

# Key characteristics of implicit biases

❖ Implicit biases are **unconscious and automatic.**

❖  **Everyone has them.**

❖ Our implicit biases **do not necessarily line up with our declared beliefs.**

❖ Implicit biases **can fluctuate** depending on what is happening.

❖ Implicit biases are **changeable**.  The biases and associations we have formed can be "unlearned" and replaced with new mental associations

Source: Kirwan Institute, 2017

DEFS219

DEFS220



Case 3:25-cv-13182-MAS-JTQ    Document 21-5    Filed 07/07/26    Page 39 of 84 PageID: 204

# When are we most likely to turn to automatic thinking and be influenced by our implicit biases?

❖ When we are stressed

❖ When we are rushed

❖ When we are distracted

❖ When we are exhausted

❖ When we are annoyed

❖ When we are in ambiguous situations

❖ When we are trying to juggle too many tasks and too much information

DEFS221

Case 3:25-cv-13182-MAS-JTQ    Document 21-5    Filed 07/07/26    Page 40 of 84 PageID: 205

# Implicit biases "leak" into real-world behavior

Research tells us that unconscious biases can leak into microaggressions and also into our nonverbal behaviors and our perceptions of others. For example:

○  how far we sit or stand from someone

○ how long we smile

○ whether we make eye contact

○ whether we perceive others as angry or threatening

DEFS222

# Why does implicit bias matter?

*Our Culture → Unconscious Biases → Pre-Judging (prejudice) → Microaggressions →*

*→ Biased Language and Acts of Discrimination →*

*→ Racist Policies and Practices in our Institutions*

DEFS223

Document 21-5    Filed 07/07/26    Page 42 of 84 PageID: 207

# Acts of bias **harm** people.

**Microaggressions and acts of bias cause harm to people's mental health and physical health and to their chances for success in both educational settings and in the workplace**

**(Sue 2019)**

DEFS224

# Sometimes implicit biases are literally a matter of life or death.

DEI Sign In

DEFS225

Case 3:25-cv-13182-MAS-JTQ   Document 21-5   Filed 07/07/26   Page 44 of 84 PageID: 209

# How do implicit biases impact business?

**Unconscious biases of administrators can impact their decisions regarding the hiring, promotion and inclusion of staff members, which in turn can impact recruitment and retention.**

DEFS226

# What is the impact of bias in the workplace?

Document 21-5    Filed 07/07/26    Page 45 of 84 PageID: 210

**Microaggressions can cause harm to people's mental health and to their chances for success in in the workplace .**

**(Source: Sue,  2010;  Sehgal (2018) American Psychiatric Association)**

DEFS227

# Looking Through an Equity Lens

**Consciously asking questions about the impact on marginalized groups when making decisions.**



DEFS228

Case 3:25-cv-13182-MAS-JTQ    Document 21-5    Filed 07/07/26    Page 47 of 84 PageID: 212

# Some starting questions for an equity lens

○ **What decisions are being made?**

○ **Who is making the decisions?**

○ **How will the decisions affect those not at the decision-making table?**

○ **What are the benefits and consequences, including thinking through unintended consequences to historically marginalized and underrepresented groups?**

DEFS229

# Resources on Implicit Bias

○ **The Person You Mean to Be: How Good People Fight Bias (**Chugh, 2018)

○ **Biased: Uncovering the Hidden Prejudice That Shapes What We See, Think, and Do** (Eberhardt. 2019)

○ **Blindspot: Hidden Biases of Good People.** (Banaji & Greenwald, 2013)

DEFS230

# Microaggressions and Bias in Universities

- Harwood, S.A.,  Hunt, M.B., Mendenhall, R. & Lewis, J.A. (2012). Racial Microaggressions in the Residence Halls: Experiences of Students of Color at a Predominantly White University, *Journal of Diversity in Higher Education,*  Vol. 5, No. 3, 159–173

- Sue, D.W., Alsaidi, S., Awad, M.N., Glaeser, E., Calle, C.Z., & Nebdez, N. (2019). Disarming Racial Microaggressions: Microintervention Strategies for Targets, White Allies, and Bystanders *American Psychologist*, Vol. 74, No. 1, 128–142

DEFS231

# EXHIBIT C

<table>
<tr><td>

**KENNETH JAMISON,**

**Plaintiff,**

v.

**MEADOWBROOK INDUSTRIES, INC., et al.,**

**Defendants.**

</td><td>

**UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**

**Civil Action No. 25-13182 (MAS) (JTQ)**

**PRETRIAL SCHEDULING ORDER**

</td></tr>
</table>

THIS MATTER having come before the Court for an initial scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on October 29, 2025; and the Court having conferred with counsel; and good cause appearing for the entry of this Order:

**IT IS on this 29th day of October, 2025**

**ORDERED THAT:**

### I.  DISCLOSURES

1.  The initial disclosures required by Fed. R. Civ. P. 26 have been served.

2.  If appropriate, counsel must file the disclosure of third-party litigation funding required by L. Civ. R. 7.1.1 **no later than November 14, 2025**

3.  If appropriate, Counsel must conduct the e-discovery conference required by Fed. R. Civ. P. 26(f) and L. Civ. R. 26.1(d) **no later than November 14, 2025.**

### II.  DISCOVERY CONFIDENTIALITY ORDERS

4.  Any proposed confidentiality order agreed to by the parties must comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. Any such order must be clearly designated **"Discovery Confidentiality Order."** *Id.*

### III.  DISCOVERY

5.  All parties must conduct discovery expeditiously and diligently. In addition, all discovery conducted must be proportional to the needs of the case considering the factors set forth in Fed. R. Civ. P. 26(b)(1).

6. The parties' initial written discovery requests must be served **by October 31, 2025.**

7. In accordance with Fed. R. Civ. P. 33, the parties may serve **twenty-five (25) single interrogatories (including all sub-parts)**. In accordance with Fed. R. Civ. P. 30, the parties are limited to **ten (10) depositions** per side.

8. No objections to questions posed at depositions shall be made other than as to form or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

9. Any motion to amend the pleadings or to join new parties, whether by amended or third-party complaint, must be filed **by April 8, 2026.**

10. All fact discovery, including any third-party depositions, is to be complete **by May 1, 2026.** No discovery is to be issued or conducted after this date.

11. Any party intending to file a dispositive motion must first seek leave of the Court by way of a letter application. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and 78.1.

12. Dispositive motions, if any, shall be filed by **a date to be determined**.

13. Counsel must meet and confer in a good faith effort to resolve any discovery or case management dispute before bringing such dispute to the attention of the Court. *See* L. Civ. R. 16.1(f)(1). Any unresolved disputes must be brought to the Court's attention promptly, in compliance with paragraph 6 of Magistrate Judge Quinn's Case Management Order, which is available on the District Court's Website. (*See* JTQPreferencesCaseManagementOrder.pdf (uscourts.gov)).

14. No motion, including discovery motions, shall be made without prior leave of Court.

## IV. EXPERTS

15. All affirmative expert disclosures and reports (liability and damages) must be served **by TBD.** All such reports must be in the form and content required by Fed. R. Civ. P. 26(a)(2)(B).

16. All responding expert disclosures and reports must be served **by TBD.** All such reports shall be in the form and content as described above.

17. All expert depositions are to be concluded **by TBD.**

18. No expert shall testify at trial as to any opinions or base those opinions on fact not substantially disclosed in his or her report.

## V.   FUTURE CONFERENCES

19. The Court will conduct a telephone status conference **on February 17, 2026 at 3:30pm;** Counsel for Plaintiff is directed to initiate the call to (609) 989-2144.  The parties are directed to submit a joint status letter three (3) days prior to the conference.

20.  Counsel must confer at least 48 hours in advance of each Court appearance to confirm attendance and to review any matters to be discussed with the Court.

21. The Court may from time-to-time schedule conferences as may be required, either *sua sponte* or at the request of a party. Failure to appear at such conferences, or to comply with the terms of this or any Court Order, may result in the imposition of sanctions.

22. Counsel should be prepared to discuss settlement at every conference with the Court.  Lead trial counsel and client(s) with full settlement authority are required to appear at any settlement conference conducted by the Court.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision regarding settlement will be the person available for the conference.

23. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of all counsel.

  s/ Justin T. Quinn

**HON. JUSTIN T. QUINN**
**United States Magistrate Judge**

# EXHIBIT D

LAW OFFICES OF

# KIRMSER, CUNNINGHAM & SKINNER

OLIVIER J. KIRMSER**
WILLIAM P. CUNNINGHAM
JOSEPH F. SKINNER
MICHAEL S. SCHWARTZ
ELLEN M. BOYLE*

ATTORNEYS AT LAW
NOT A PARTNERSHIP OR PROFESSIONAL CORPORATION
Employees of ACE American Insurance Company, a Chubb Company

202A Hall's Mill Road
P O BOX 1675
WHITEHOUSE STATION, NJ 08889-1675

(908) 572-3600
FACSIMILE:  (908) 572-4045

DAVID L. BURNETT
TIMOTHY P. MALACRIDA*
MICHAEL T. WILKOS*
KIMBERLY HINNANT-LOGAN
NICOLE L. HOLLINGSWORTH

BRENDAN D. HENNESSY**
JONATHAN E. HILL**

*New Jersey and New York Bars
**New Jersey and Pennsylvania Bars

October 31, 2025

**<u>Via Email</u>**
Emanuel Kataev, Esq.
Consumer Attorneys PLLC
6829 Main Street
Flushing, NY 11367-1305

   **Re:**  **Jamison v. Meadowbrook Industries, Inc.**
       **<u>Docket No. 3:25-cv-13182-MAS-JTQ</u>**

Dear Mr. Kataev:

  Enclosed please find Defendants' First Set of Interrogatories and First Request For The Production of Documents to Plaintiff, Kenneth Jamison.  This correspondence will serve as a formal request for responses within the time provided by the Rules of Court.

  Additionally, enclosed please find Defendants' First Request For Admissions to Plaintiff, Kenneth Jamison, which I kindly request you respond to within the time period provided by the Rules of Court.

  Thank you for your attention to the foregoing and enclosed.

        Very truly yours,
        KIRMSER, CUNNINGHAM & SKINNER

        Ellen M. Boyle

EMB:gra
Encls.

# EXHIBIT E

| From: | Mia Kristensen |
|---|---|
| To: | Boyle, Ellen M |
| Cc: | Victoria Trevor; Alivia Cooney; Irina Iakovleva; Emanuel Kataev |
| Subject: | [EXTERNAL] Re: Jamison, Kenneth v. Meadowbrook Industries, LLC - Discovery Responses |
| Date: | Tuesday, December 2, 2025 9:28:21 AM |

Thank you.

Sincerely,

**Mia Kristensen, Legal Assistant**

mkristensen@sagelegal.nyc

(718) 301-6334

1411 Broadway, 29th Floor
New York, NY 10018-1976

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

18211 Jamaica Avenue
Jamaica, NY 11423-2327

173 54th Street
Brooklyn, NY 11220-2505

1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

162 Broadway, 2nd Floor
Amityville, NY 11701-2704

6829 Main Street,
Flushing, NY 11367

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

**From:** Boyle, Ellen M <Ellen.Boyle@kirmserlaw.com>
**Sent:** Monday, December 1, 2025 6:18 PM
**To:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Cc:** Victoria Trevor <vtrevor@sagelegal.nyc>; Alivia Cooney <alivia@sagelegal.nyc>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Emanuel Kataev <emanuel@sagelegal.nyc>
**Subject:** RE: Jamison, Kenneth v. Meadowbrook Industries, LLC - Discovery Responses

**Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe**

That is fine.

Ellen M. Boyle, Esq.
Kirmser, Lamastra, Cunningham & Skinner
202 Hall's Mill Road
P.O. Box 1675
Whitehouse Station, N.J. 08889
Tel. 908-572-3162| Fax. 908-572-4045| ellen.boyle@kirmserlaw.com

Information contained in this electronic communication and any attachments transmitted within is

CONFIDENTIAL and may contain information that is LEGALLY PRIVILEGED. It is only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any review, release, retransmission, copying, dissemination or other use of, or taking any action in reliance upon this communication, is strictly prohibited. If you have received this communication in error, please immediately notify the sender by reply e-mail and permanently delete the material from your computer and destroy any printed copies. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client, attorney work product or other privileges.

**From:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Sent:** Monday, December 1, 2025 9:31 AM
**To:** Boyle, Ellen M <Ellen.Boyle@kirmserlaw.com>
**Cc:** Victoria Trevor <vtrevor@sagelegal.nyc>; Alivia Cooney <alivia@sagelegal.nyc>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Emanuel Kataev <emanuel@sagelegal.nyc>
**Subject:** [EXTERNAL] Re: Jamison, Kenneth v. Meadowbrook Industries, LLC - Discovery Responses

Good morning,

I hope this email finds you well.

Counsel, Mr. Emanuel Kataev respectfully requests a 30-day extension to submit the discovery responses in the matter of Jamison, Kenneth v. Meadowbrook Industries, LLC, Case. No. 3:25-cv-13182-MAS-JTQ.

We are in the process of coordinating with our client and need to hold a meeting with them to address several items related to the outstanding discovery. Given scheduling constraints, we will need additional time to complete the discovery responses.

This extension would allow us to provide a more complete submission.

We greatly appreciate your consideration of this request and your continued assistance. Please let me know if there are any additional steps we need to take in order to formalize the extension.

Thank you for your time and attention, and we look forward to your response.

Sincerely,



**Mia Kristensen, Legal Assistant**

mkristensen@sagelegal.nyc

(718) 301-6334

1411 Broadway, 29th Floor
New York, NY 10018-

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

18211 Jamaica Avenue
Jamaica, NY 11423-2327

| | | | |
|---|---|---|---|
| 1976 | | | |
| ☐ 173 54th Street Brooklyn, NY 11220-2505 | ☐ 1981 Marcus Avenue, Suite C129 New Hyde Park, NY 11042-1017 | ☐ 162 Broadway, 2nd Floor Amityville, NY 11701-2704 | ☐ 6829 Main Street, Flushing, NY 11367 |

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

**From:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Sent:** Monday, December 1, 2025 9:27 AM
**To:** emboyle@kirmserlaw.com <emboyle@kirmserlaw.com>
**Cc:** Victoria Trevor <vtrevor@sagelegal.nyc>; Alivia Cooney <alivia@sagelegal.nyc>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Emanuel Kataev <emanuel@sagelegal.nyc>
**Subject:** Jamison, Kenneth v. Meadowbrook Industries, LLC - Discovery Responses

Good morning,

I hope this email finds you well.

Counsel, Mr. Emanuel Kataev respectfully requests a 30-day extension to submit the discovery responses in the matter of Jamison, Kenneth v. Meadowbrook Industries, LLC, Case. No. 3:25-cv-13182-MAS-JTQ.

We are in the process of coordinating with our client and need to hold a meeting with them to address several items related to the outstanding discovery. Given scheduling constraints, we will need additional time to complete the discovery responses.

This extension would allow us to provide a more complete submission.

We greatly appreciate your consideration of this request and your continued assistance. Please let me know if there are any additional steps we need to take in order to formalize the extension.

Thank you for your time and attention, and we look forward to your response.

Sincerely,

# Mia Kristensen, Legal Assistant

☐ mkristensen@sagelegal.nyc

☐ (718) 301-6334

| | | | |
|---|---|---|---|
| ☐ 1411 Broadway, 29th Floor New York, NY 10018-1976 | ☐ 45 Glen Cove Road, 2nd Floor Greenvale, NY 11548-1057 | ☐ 1515 Old Northern Boulevard Roslyn, NY 11576-1127 | ☐ 18211 Jamaica Avenue Jamaica, NY 11423-2327 |
| ☐ 173 54th Street Brooklyn, NY 11220-2505 | ☐ 1981 Marcus Avenue, Suite C129 | ☐ 162 Broadway, 2nd Floor Amityville, NY 11701-2704 | ☐ 6829 Main Street, Flushing, NY 11367 |

New Hyde Park, NY 11042-1017

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

This email (including any attachments) is intended for the designated recipient(s) only, and may be confidential, non-public, proprietary, and/or protected by the attorney-client or other privilege. Unauthorized reading, distribution, copying or other use of this communication is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) should not be deemed a waiver of any privilege or protection. If you are not the intended recipient or if you believe that you have received this email in error, please notify the sender immediately and delete all copies from your computer system without reading, saving, printing, forwarding or using it in any manner. Although it has been checked for viruses and other malicious software ("malware"), we do not warrant, represent or guarantee in any way that this communication is free of malware or potentially damaging defects. All liability for any actual or alleged loss, damage, or injury arising out of or resulting in any way from the receipt, opening or use of this email is expressly disclaimed.

# EXHIBIT F

**From:** Mia Kristensen
**To:** Boyle, Ellen M
**Cc:** Victoria Trevor; Alivia Cooney; Irina Iakovleva; Emanuel Kataev; Graham, Karen A
**Subject:** [EXTERNAL] Re: Jamison, Kenneth v. Meadowbrook Industries, LLC - Discovery Responses
**Date:** Monday, December 22, 2025 9:02:06 AM

Thank you, Counsel.

Sincerely,

**Mia Kristensen, Legal Assistant**

mkristensen@sagelegal.nyc
(718) 301-6334

| | | | |
|---|---|---|---|
| 1411 Broadway, 29th Floor New York, NY 10018-1976 | 45 Glen Cove Road, 2nd Floor Greenvale, NY 11548-1057 | 1515 Old Northern Boulevard Roslyn, NY 11576-1127 | 18211 Jamaica Avenue Jamaica, NY 11423-2327 |
| 173 54th Street Brooklyn, NY 11220-2505 | 1981 Marcus Avenue, Suite C129 New Hyde Park, NY 11042-1017 | 162 Broadway, 2nd Floor Amityville, NY 11701-2704 | 6829 Main Street, Flushing, NY 11367 |

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

**From:** Boyle, Ellen M <Ellen.Boyle@kirmserlaw.com>
**Sent:** Monday, December 22, 2025 8:23 AM
**To:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Cc:** Victoria Trevor <vtrevor@sagelegal.nyc>; Alivia Cooney <alivia@sagelegal.nyc>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Emanuel Kataev <emanuel@sagelegal.nyc>; Graham, Karen A <karen.graham@kirmserlaw.com>
**Subject:** RE: Jamison, Kenneth v. Meadowbrook Industries, LLC - Discovery Responses

 Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe

I will agree but this will be the last extension I can grant.

Ellen M. Boyle, Esq.
Kirmser, Lamastra, Cunningham & Skinner
202 Hall's Mill Road
P.O. Box 1675
Whitehouse Station, N.J. 08889
Tel. 908-572-3162| Fax. 908-572-4045| ellen.boyle@kirmserlaw.com

Information contained in this electronic communication and any attachments transmitted within is CONFIDENTIAL and may contain information that is LEGALLY PRIVILEGED. It is only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any review, release, retransmission, copying, dissemination or other use of, or taking any action in reliance upon this communication, is strictly prohibited. If you have received this communication in error, please immediately notify the sender by reply e-mail and permanently delete the material from your computer and destroy any printed copies. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client, attorney work product or other privileges.

**From:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Sent:** Friday, December 19, 2025 11:53 AM
**To:** Boyle, Ellen M <Ellen.Boyle@kirmserlaw.com>
**Cc:** Victoria Trevor <vtrevor@sagelegal.nyc>; Alivia Cooney <alivia@sagelegal.nyc>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Emanuel Kataev <emanuel@sagelegal.nyc>
**Subject:** [EXTERNAL] Re: Jamison, Kenneth v. Meadowbrook Industries, LLC - Discovery Responses

Good morning,

I hope this email finds you well.

Counsel, Mr. Emanuel Kataev respectfully requests a 30-day extension to submit the discovery responses in the matter of Jamison, Kenneth v. Meadowbrook Industries, LLC, Case. No. 3:25-cv-13182-MAS-JTQ.

We are in the process of coordinating with our client and need to hold a meeting with them to address several items related to the outstanding discovery. Among other appearances and deadlines, Mr. Kaatev has been occupied perfecting a brief in Superb Motors Inc., et al. v. Deo, et al., Docket Nos.: 25-1330(L), 25-2189(Con) due Monday, December 22, 2025, and opposing a motion to certify a class action as well as a motion for partial summary judgment in the matter of Fernandez v. Bulldozer Hospitality Group, Inc., Case No.: 1:25-cv-4490 (AS) (GS) by January 6, 2026, each of which requires substantial time and attention.

This extension would allow us to provide a more complete submission.

We greatly appreciate your consideration of this request and your continued assistance.

Thank you for your time and attention, and we look forward to your response.

Sincerely,

**Mia Kristensen, Legal Assistant**

☐ mkristensen@sagelegal.nyc
☐ (718) 301-6334

☐ 1411 Broadway, 29th Floor

☐ 45 Glen Cove Road, 2nd Floor

☐ 1515 Old Northern Boulevard

☐ 18211 Jamaica Avenue Jamaica, NY 11423-

| | | | |
|---|---|---|---|
| New York, NY 10018-1976 | Greenvale, NY 11548-1057 | Roslyn, NY 11576-1127 | 2327 |
| ☐ 173 54th Street Brooklyn, NY 11220-2505 | ☐ 1981 Marcus Avenue, Suite C129 New Hyde Park, NY 11042-1017 | ☐ 162 Broadway, 2nd Floor Amityville, NY 11701-2704 | ☐ 6829 Main Street, Flushing, NY 11367 |

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

**From:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Sent:** Monday, December 1, 2025 9:31 AM
**To:** emboyle@dlclawfirm.com <emboyle@dlclawfirm.com>
**Cc:** Victoria Trevor <vtrevor@sagelegal.nyc>; Alivia Cooney <alivia@sagelegal.nyc>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Emanuel Kataev <emanuel@sagelegal.nyc>
**Subject:** Re: Jamison, Kenneth v. Meadowbrook Industries, LLC - Discovery Responses


Good morning,

I hope this email finds you well.

Counsel, Mr. Emanuel Kataev respectfully requests a 30-day extension to submit the discovery responses in the matter of Jamison, Kenneth v. Meadowbrook Industries, LLC, Case. No. 3:25-cv-13182-MAS-JTQ.

We are in the process of coordinating with our client and need to hold a meeting with them to address several items related to the outstanding discovery. Given scheduling constraints, we will need additional time to complete the discovery responses.

This extension would allow us to provide a more complete submission.

We greatly appreciate your consideration of this request and your continued assistance. Please let me know if there are any additional steps we need to take in order to formalize the extension.

Thank you for your time and attention, and we look forward to your response.



Sincerely,



**Mia Kristensen, Legal Assistant**

☐ mkristensen@sagelegal.nyc

☐ (718) 301-6334

| 1411 Broadway, 29th Floor | 45 Glen Cove Road, 2nd Floor | 1515 Old Northern Boulevard | 18211 Jamaica Avenue Jamaica, NY 11423- |

| | | | |
|---|---|---|---|
| ☐ New York, NY 10018-1976 | ☐ Greenvale, NY 11548-1057 | ☐ Roslyn, NY 11576-1127 | ☐ 2327 |
| ☐ 173 54th Street Brooklyn, NY 11220-2505 | ☐ 1981 Marcus Avenue, Suite C129 New Hyde Park, NY 11042-1017 | ☐ 162 Broadway, 2nd Floor Amityville, NY 11701-2704 | ☐ 6829 Main Street, Flushing, NY 11367 |

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

**From:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Sent:** Monday, December 1, 2025 9:27 AM
**To:** emboyle@kirmserlaw.com <emboyle@kirmserlaw.com>
**Cc:** Victoria Trevor <vtrevor@sagelegal.nyc>; Alivia Cooney <alivia@sagelegal.nyc>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Emanuel Kataev <emanuel@sagelegal.nyc>
**Subject:** Jamison, Kenneth v. Meadowbrook Industries, LLC - Discovery Responses

Good morning,

I hope this email finds you well.

Counsel, Mr. Emanuel Kataev respectfully requests a 30-day extension to submit the discovery responses in the matter of Jamison, Kenneth v. Meadowbrook Industries, LLC, Case. No. 3:25-cv-13182-MAS-JTQ.

We are in the process of coordinating with our client and need to hold a meeting with them to address several items related to the outstanding discovery. Given scheduling constraints, we will need additional time to complete the discovery responses.

This extension would allow us to provide a more complete submission.

We greatly appreciate your consideration of this request and your continued assistance. Please let me know if there are any additional steps we need to take in order to formalize the extension.

Thank you for your time and attention, and we look forward to your response.

Sincerely,

## Mia Kristensen, Legal Assistant

☐ mkristensen@sagelegal.nyc
☐ (718) 301-6334

| | | | |
|---|---|---|---|
| ☐ 1411 Broadway, 29th Floor New York, NY 10018-1976 | ☐ 45 Glen Cove Road, 2nd Floor Greenvale, NY 11548-1057 | ☐ 1515 Old Northern Boulevard Roslyn, NY 11576-1127 | ☐ 18211 Jamaica Avenue Jamaica, NY 11423-2327 |

1981 Marcus Avenue, Suite

| 173 54th Street Brooklyn, NY 11220-2505 | C129 New Hyde Park, NY 11042-1017 | 162 Broadway, 2nd Floor Amityville, NY 11701-2704 | 6829 Main Street, Flushing, NY 11367 |
|---|---|---|---|

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

This email (including any attachments) is intended for the designated recipient(s) only, and may be confidential, non-public, proprietary, and/or protected by the attorney-client or other privilege. Unauthorized reading, distribution, copying or other use of this communication is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) should not be deemed a waiver of any privilege or protection. If you are not the intended recipient or if you believe that you have received this email in error, please notify the sender immediately and delete all copies from your computer system without reading, saving, printing, forwarding or using it in any manner. Although it has been checked for viruses and other malicious software ("malware"), we do not warrant, represent or guarantee in any way that this communication is free of malware or potentially damaging defects. All liability for any actual or alleged loss, damage, or injury arising out of or resulting in any way from the receipt, opening or use of this email is expressly disclaimed.

# EXHIBIT G

| | |
|---|---|
| **From:** | Boyle, Ellen M |
| **To:** | "Mia Kristensen" |
| **Cc:** | Victoria Trevor; Alivia Cooney; Irina Iakovleva; Emanuel Kataev |
| **Subject:** | RE: Jamison, Kenneth v. Meadowbrook Industries, LLC - Discovery Responses |
| **Date:** | Thursday, January 29, 2026 7:28:00 AM |

Dear Ms. Kristensen: I have already granted two extensions.  I cannot agree to a third.

Ellen M. Boyle, Esq.

Kirmser, Lamastra, Cunningham & Skinner

202 Hall's Mill Road

P.O. Box 1675

Whitehouse Station, N.J. 08889

Tel. 908-572-3162| Fax. 908-572-4045| ellen.boyle@kirmserlaw.com

Information contained in this electronic communication and any attachments transmitted within is CONFIDENTIAL and may contain information that is LEGALLY PRIVILEGED. It is only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any review, release, retransmission, copying, dissemination or other use of, or taking any action in reliance upon this communication, is strictly prohibited. If you have received this communication in error, please immediately notify the sender by reply e-mail and permanently delete the material from your computer and destroy any printed copies. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client, attorney work product or other privileges.

**From:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Sent:** Friday, January 23, 2026 3:52 PM
**To:** Boyle, Ellen M <Ellen.Boyle@kirmserlaw.com>
**Cc:** Victoria Trevor <vtrevor@sagelegal.nyc>; Alivia Cooney <alivia@sagelegal.nyc>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Emanuel Kataev <emanuel@sagelegal.nyc>
**Subject:** [EXTERNAL] Re: Jamison, Kenneth v. Meadowbrook Industries, LLC - Discovery Responses

Good afternoon,

I hope this email finds you well.

Counsel, Mr. Emanuel Kataev respectfully requests a 30-day extension to submit the discovery responses in the matter of Jamison, Kenneth v. Meadowbrook Industries, LLC, Case. No. 3:25-cv-13182-MAS-JTQ.

We are in the process of coordinating with our client and need to hold a meeting with them to address several items related to the outstanding discovery.  Mr. Kataev is in a court ordered deposition in the matter of Superb Motors Inc, et al. v. Deo, et al.; Case No.: 2:23-cv-6188 (JMW), ECF Docket Entry 363 and Text Only Order dated December 19, 2025 (" the Court adopts the deposition schedule proposed at ECF No. 363. These deposition dates are final and shall not be changed without leave from the Court").  The new deadline will be **February 23,**

**2026**.

This extension would allow us to provide a more complete submission.

We greatly appreciate your consideration of this request and your continued assistance.

Thank you for your time and attention, and we look forward to your response.

Sincerely,

**Mia Kristensen, Legal Assistant**

mkristensen@sagelegal.nyc

(718) 301-6334

| 1411 Broadway, 29th Floor New York, NY 10018-1976 | 45 Glen Cove Road, 2nd Floor Greenvale, NY 11548-1057 | 1515 Old Northern Boulevard Roslyn, NY 11576-1127 | 18211 Jamaica Avenue Jamaica, NY 11423-2327 |
| 173 54th Street Brooklyn, NY 11220-2505 | 1981 Marcus Avenue, Suite C129 New Hyde Park, NY 11042-1017 | 162 Broadway, 2nd Floor Amityville, NY 11701-2704 | 6829 Main Street, Flushing, NY 11367 |

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

**From:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Sent:** Friday, December 19, 2025 11:53 AM
**To:** emboyle@dlclawfirm.com <emboyle@dlclawfirm.com>
**Cc:** Victoria Trevor <vtrevor@sagelegal.nyc>; Alivia Cooney <alivia@sagelegal.nyc>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Emanuel Kataev <emanuel@sagelegal.nyc>
**Subject:** Re: Jamison, Kenneth v. Meadowbrook Industries, LLC - Discovery Responses

Good morning,

I hope this email finds you well.

Counsel, Mr. Emanuel Kataev respectfully requests a 30-day extension to submit the discovery responses in the matter of Jamison, Kenneth v. Meadowbrook Industries, LLC, Case. No. 3:25-cv-13182-MAS-JTQ.

We are in the process of coordinating with our client and need to hold a meeting with them to address several items related to the outstanding discovery. Among other appearances and deadlines, Mr. Kaatev has been occupied perfecting a brief in Superb Motors Inc., *et al.* v. Deo, *et al.*, Docket Nos.: 25-1330(L), 25-2189(Con) due Monday, December 22, 2025, and opposing a motion to certify a class action as well as a motion for partial summary judgment in the matter of Fernandez v. Bulldozer Hospitality Group, Inc., Case No.: 1:25-cv-4490 (AS)

(GS) by January 6, 2026, each of which requires substantial time and attention.

This extension would allow us to provide a more complete submission.

We greatly appreciate your consideration of this request and your continued assistance.

Thank you for your time and attention, and we look forward to your response.

Sincerely,

**Mia Kristensen, Legal Assistant**

☐ mkristensen@sagelegal.nyc
☐ (718) 301-6334

☐ 1411 Broadway, 29th Floor
New York, NY 10018-1976

☐ 45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

☐ 1515 Old Northern Boulevard
Roslyn, NY 11576-1127

☐ 18211 Jamaica Avenue
Jamaica, NY 11423-2327

☐ 173 54th Street
Brooklyn, NY 11220-2505

☐ 1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

☐ 162 Broadway, 2nd Floor
Amityville, NY 11701-2704

☐ 6829 Main Street,
Flushing, NY 11367

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

**From:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Sent:** Monday, December 1, 2025 9:31 AM
**To:** emboyle@dlclawfirm.com <emboyle@dlclawfirm.com>
**Cc:** Victoria Trevor <vtrevor@sagelegal.nyc>; Alivia Cooney <alivia@sagelegal.nyc>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Emanuel Kataev <emanuel@sagelegal.nyc>
**Subject:** Re: Jamison, Kenneth v. Meadowbrook Industries, LLC - Discovery Responses


Good morning,

I hope this email finds you well.

Counsel, Mr. Emanuel Kataev respectfully requests a 30-day extension to submit the discovery responses in the matter of Jamison, Kenneth v. Meadowbrook Industries, LLC, Case. No. 3:25-cv-13182-MAS-JTQ.

We are in the process of coordinating with our client and need to hold a meeting with them to address several items related to the outstanding discovery. Given scheduling constraints, we will need additional time to complete the discovery responses.

This extension would allow us to provide a more complete submission.

We greatly appreciate your consideration of this request and your continued assistance. Please

let me know if there are any additional steps we need to take in order to formalize the extension.

Thank you for your time and attention, and we look forward to your response.

Sincerely,

**Mia Kristensen, Legal Assistant**

mkristensen@sagelegal.nyc

(718) 301-6334

1411 Broadway, 29th Floor
New York, NY 10018-1976

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

18211 Jamaica Avenue
Jamaica, NY 11423-2327

173 54th Street
Brooklyn, NY 11220-2505

1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

162 Broadway, 2nd Floor
Amityville, NY 11701-2704

6829 Main Street,
Flushing, NY 11367

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

**From:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Sent:** Monday, December 1, 2025 9:27 AM
**To:** emboyle@kirmserlaw.com <emboyle@kirmserlaw.com>
**Cc:** Victoria Trevor <vtrevor@sagelegal.nyc>; Alivia Cooney <alivia@sagelegal.nyc>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Emanuel Kataev <emanuel@sagelegal.nyc>
**Subject:** Jamison, Kenneth v. Meadowbrook Industries, LLC - Discovery Responses

Good morning,

I hope this email finds you well.

Counsel, Mr. Emanuel Kataev respectfully requests a 30-day extension to submit the discovery responses in the matter of Jamison, Kenneth v. Meadowbrook Industries, LLC, Case. No. 3:25-cv-13182-MAS-JTQ.

We are in the process of coordinating with our client and need to hold a meeting with them to address several items related to the outstanding discovery. Given scheduling constraints, we will need additional time to complete the discovery responses.

This extension would allow us to provide a more complete submission.

We greatly appreciate your consideration of this request and your continued assistance. Please

let me know if there are any additional steps we need to take in order to formalize the extension.

Thank you for your time and attention, and we look forward to your response.

Sincerely,

**Mia Kristensen, Legal Assistant**

mkristensen@sagelegal.nyc

(718) 301-6334

1411 Broadway, 29th Floor
New York, NY 10018-1976

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

18211 Jamaica Avenue
Jamaica, NY 11423-2327

173 54th Street
Brooklyn, NY 11220-2505

1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

162 Broadway, 2nd Floor
Amityville, NY 11701-2704

6829 Main Street,
Flushing, NY 11367

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

# EXHIBIT H

| From: | njdefiling@njd.uscourts.gov |
|---|---|
| To: | njdefiling@njd.uscourts.gov |
| Subject: | [EXTERNAL] Activity in Case 3:25-cv-13182-MAS-JTQ JAMISON v. MEADOWBROOK INDUSTRIES, LLC et al Order on Motion to Continue |
| Date: | Monday, May 11, 2026 9:54:39 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 5/11/2026 at 9:53 AM EDT and filed on 5/11/2026
**Case Name:**        JAMISON v. MEADOWBROOK INDUSTRIES, LLC et al
**Case Number:**      3:25-cv-13182-MAS-JTQ
**Filer:**
**Document Number:** 16(No document attached)

**Docket Text:**
**TEXT ORDER: Plaintiff's emergency motion to continue today's conference is granted. Plaintiff's counsel shall confer with Defendants' counsel and file a letter with the Court identifying several additional May dates that the Parties are available for the call. That letter is due May 14, 2026.So Ordered by Magistrate Judge Justin T. Quinn on 5/11/2026. (eh, )**

**3:25-cv-13182-MAS-JTQ Notice has been electronically mailed to:**

ELLEN MIKASKI BOYLE    emboyle@dlclawfirm.com, eservice-dlclawfirm@chubb.com, karen.graham@kirmserlaw.com, Nicole.lostocco@kirmserlaw.com

EMANUEL KATAEV    emanuel@sagelegal.nyc, 4119461420@filings.docketbird.com, alivia@sagelegal.nyc, e-service@consumerattorneys.com, ekesq2014@recap.email

**3:25-cv-13182-MAS-JTQ Notice has been sent by regular U.S. Mail:**

# EXHIBIT I

| From: | njdefiling@njd.uscourts.gov |
|---|---|
| **To:** | njdefiling@njd.uscourts.gov |
| **Subject:** | [EXTERNAL] Activity in Case 3:25-cv-13182-MAS-JTQ JAMISON v. MEADOWBROOK INDUSTRIES, LLC et al Text Order |
| **Date:** | Friday, May 29, 2026 5:03:09 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## District of New Jersey [LIVE]

### Notice of Electronic Filing

The following transaction was entered on 5/29/2026 at 5:01 PM EDT and filed on 5/29/2026
**Case Name:**       JAMISON v. MEADOWBROOK INDUSTRIES, LLC et al
**Case Number:**    3:25-cv-13182-MAS-JTQ
**Filer:**
**Document Number:** 18(No document attached)

**Docket Text:**
**TEXT ORDER: Magistrate Judge Quinn will conduct a Telephone Status Conference on 6/10/2026 at 10:30 AM. Plaintiff's counsel shall arrange the call and contact Judge Quinn's Chamber once all counsel have joined the line (609-989-2144). So Ordered by Magistrate Judge Justin T. Quinn on 5/29/2026. (eh, )**

**3:25-cv-13182-MAS-JTQ Notice has been electronically mailed to:**

ELLEN MIKASKI BOYLE      emboyle@dlclawfirm.com, eservice-dlclawfirm@chubb.com, karen.graham@kirmserlaw.com, Nicole.lostocco@kirmserlaw.com

EMANUEL KATAEV      emanuel@sagelegal.nyc, 4119461420@filings.docketbird.com, alivia@sagelegal.nyc, e-service@consumerattorneys.com, ekesq2014@recap.email

**3:25-cv-13182-MAS-JTQ Notice has been sent by regular U.S. Mail:**

# EXHIBIT J

| From: | njdefiling@njd.uscourts.gov |
|---|---|
| To: | njdefiling@njd.uscourts.gov |
| Subject: | [EXTERNAL] Activity in Case 3:25-cv-13182-MAS-JTQ JAMISON v. MEADOWBROOK INDUSTRIES, LLC et al Text Order |
| Date: | Tuesday, June 30, 2026 1:51:11 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 6/30/2026 at 1:50 PM EDT and filed on 6/30/2026

| | |
|---|---|
| **Case Name:** | JAMISON v. MEADOWBROOK INDUSTRIES, LLC et al |
| **Case Number:** | 3:25-cv-13182-MAS-JTQ |
| **Filer:** | |
| **Document Number:** | 20(No document attached) |

**Docket Text:**
**TEXT ORDER: The Court grants Defendants' request for leave to file a motion to dismiss for discovery violations. Defendants' motion shall be filed by July 10, 2026. Opposition is due July 20, 2026. Any reply shall be filed by July 27, 2026. So Ordered by Magistrate Judge Justin T. Quinn on 6/30/2026. (eh, )**

**3:25-cv-13182-MAS-JTQ Notice has been electronically mailed to:**

ELLEN MIKASKI BOYLE    emboyle@dlclawfirm.com, eservice-dlclawfirm@chubb.com, karen.graham@kirmserlaw.com, Nicole.lostocco@kirmserlaw.com

EMANUEL KATAEV    emanuel@sagelegal.nyc, 4119461420@filings.docketbird.com, alivia@sagelegal.nyc, e-service@consumerattorneys.com, ekesq2014@recap.email

**3:25-cv-13182-MAS-JTQ Notice has been sent by regular U.S. Mail:**

# EXHIBIT K

Ellen M. Boyle – NJ ID No. 043211987
KIRMSER, CUNNINGHAM & SKINNER
202A Hall's Mill Road
P O Box 1675
Whitehouse Station, New Jersey 08889-1675
(908) 572-3600
Attorneys for Defendants, Meadowbrook Industries, Inc.
and Joseph Calderia

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KENNETH JAMISON<br><br>Plaintiff<br><br>v.<br><br>MEADOWBROOK INDUSTRIES, LLC, ET AL<br><br>Defendant | CIVIL ACTION NO: 3:25-cv-13182-MAS-JTQ<br><br>**DEFENDANTS' FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF** |

TO:    Emanuel Kataev, Esq.
       Consumer Attorneys PLLC
       6829 Main Street
       Flushing, NY 11367-1305

    PLEASE TAKE NOTICE that pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants Meadowbrook Industries, Inc. and Joseph Calderia, by their attorneys, Kirmser, Cunningham & Skinner, hereby make the following requests for admission to be responded to within the time provided by the Rules of Court.

                                    KIRMSER, CUNNINGHAM & SKINNER
                                    Attorneys for Defendants Meadowbrook
                                    Industries, Inc. and Joseph Calderia

                                    *Ellen M. Boyle*

                                    By:_____
                                        Ellen M. Boyle

Dated:  October 31, 2025

1

1. You were drug tested by another company to which you applied to be a driver on or about March 3, 2023.

**Admit** _____    **Deny**_____

2. On or about March 3, 2023 you tested positive for Phencyclidine (PCP).

**Admit** _____    **Deny**_____

3. You did not advise your employer Defendant Meadowbrook that you tested positive for PCP.

**Admit** _____    **Deny**_____

4. On April 12, 2024, at 6:15 a.m. you were operating a 2009 Mack MRU garbage truck owned by Defendant Meadowbrook's sister company.

**Admit** _____    **Deny**_____

5, On or about April 12, 2024 while operating a garbage truck as part of your job duties for Defendant Meadowbrook, you crashed into the Barnegat Toll Plaza on the Garden State Parkway.

**Admit** _____    **Deny**_____

5. The tollbooth collector sustained serious injuries as a result of the garbage truck you were driving crashing into the Barnegat Toll Plaza.

**Admit** _____    **Deny**_____

6. The tollbooth collector has filed a lawsuit against you alleging your "negligence, recklessness, intoxication" caused her injuries.

**Admit** _____    **Deny**_____

7. After the April 12, 2024 accident the New Jersey State Police issued you a summons for Driving While Intoxicated.

**Admit** _____    **Deny**_____

8. After the April 12, 2024 accident the New Jersey State Police issued you a summons for an Unsafe Lane Change.

**Admit** _____    **Deny**_____

2

9. After the April 12, 2024 accident the New Jersey State Police issued you a summons for an Reckless Driving.

**Admit** _____    **Deny** _____

10. After the April 12, 2024 accident the New Jersey State Police issued you a summons for an Careless Driving.

**Admit** _____    **Deny** _____

11. After the April 12, 2024 accident the New Jersey State Police issued you a summons for an Reckless Driving.

**Admit** _____    **Deny** _____

12. After the April 12, 2024 accident the New Jersey State Police issued you a summons for an Careless Driving.

**Admit** _____    **Deny** _____

13.  Your Commercial Driver's License was revoked by the Federal Motor Carrier Safety Administration (FMCSA).

**Admit** _____    **Deny** _____

14.     You are unable to legally drive the vehicles that you were employed by Defendant Meadowbrook to drive.

**Admit** _____    **Deny** _____

15. The FMCSA imposed fines on Defendant Meadowbrook as a result of your failure to report the positive drug test.

**Admit** _____    **Deny** _____

16. On June 30, 2022 while driving a garbage truck for Defendant Meadowbook, you smashed the truck into a car in front of you.

**Admit** _____    **Deny** _____

3

17. On October 19, 2022, while driving a garbage truck for Defendant Meadowbook, you backed into a car parked behind the garbage truck you were operating.

**Admit** _____       **Deny**_____

18. On August 18, 2023 while operating the garbage truck for Defendant Meadowbrook you side swiped a park car.

**Admit** _____       **Deny**_____

4

## **CERTIFICATION**

I hereby certify that the foregoing responses are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

Dated:

5