# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

July 20, 2026

**VIA ECF**
United States District Court
District of New Jersey
<u>Attn</u>: Hon. Michael A. Shipp, U.S.D.J.
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Courtroom 5W
Trenton, NJ 08608

> *Re:*   **Jamison v. Meadowbrook Industries, LLC,** *et ano.*
> <u>**Case No.: 3:25-cv-13182 (MAS) (JTQ)**</u>

Dear Judge Shipp:

This firm represents the Plaintiff in this case. Plaintiff writes to respectfully oppose Defendants' motion to dismiss Plaintiff's Complaint with prejudice pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

## PRELIMINARY STATEMENT

It is plainly untrue that Plaintiff has wholly failed to participate in this litigation since filing this action on July 11, 2025. <u>See</u> ECF Docket Entry 1. Plaintiff also filed Summons Returned Executed, filed a Joint Discovery Plan, a Motion to Appear Remotely at the hearing on the Scheduling Conference, a request to adjourn a telephonic status conference, a letter regarding the scheduling of a conference, and participated in multiple conferences in this case. <u>See</u> ECF Docket Entries 3, 4, 10, 11, 15, and 17.

Defendants seek to punish Plaintiff over delays in responding to discovery due to his incarceration since May 20, 2025. <u>See</u> copy of Ocean County Department of Corrections' Inmate Information, a publicly available document, annexed hereto as **Exhibit "A."** For the reasons set forth below, dismissal is an inappropriate sanction because there are no remote means by which

Plaintiff could have met with his counsel to finalize his responses to Defendants' discovery demands.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A full recitation of facts is available in the accompanying Declaration of Emanuel Kataev, Esq. ("Kataev Decl.") The only reason why Plaintiff has failed to serve discovery responses is because Plaintiff has been incarcerated since May 20, 2025.  See Kataev Decl., Exhibit A. Throughout the inception of filing the complaint and thereafter, Plaintiff and his counsel facilitated communications concerning the case through the means of an intermediary, Plaintiff's then-girlfriend.  Your undersigned met with Plaintiff virtually before his incarceration and by phone after his incarceration with the assistance of his girlfriend on February 4, 2025; July 2, 2025; July 8, 2025; October 21, 2025; and December 19, 2025.

After December 19, 2025, your undersigned counsel was no longer able to have calls with the Plaintiff as his then-girlfriend was no longer involved in a relationship with him and informed my firm she would no longer serve as a liaison.  As a result, your undersigned needs to visit the Ocean County jail where Plaintiff is incarcerated in order to properly complete and serve the discovery responses.  Your undersigned resides in Great Neck, New York such that any meeting with Plaintiff would require your undersigned to travel nearly one hundred (100) miles.

Your undersigned was aware from prior discussions with Plaintiff that virtual meetings were not an option for Plaintiff while he is incarcerated at the Ocean County jail and there is no feasible way, to your undersigned's knowledge, to have a phone call with Plaintiff to review the voluminous discovery demands and Plaintiff's responses thereto, as Plaintiff would need to be able to refer to documents he did not have in front of him.

2

At the June 10, 2026 telephonic conference before the Hon. Justin T. Quinn, U.S.M.J. ("Judge Quinn"), the Court expressed disappointment at the delays and questioned why Plaintiff did not make efforts to ascertain viable options for his counsel to meet with Plaintiff by virtual or other remote means with the understanding that such options may be available.  Plaintiff did reach out to Michael J. Fiure, the County Administrator, via email and was informed that virtual meeting would not be an option while a phone call or a visit may be pre-arranged.

In light of the foregoing circumstances, Plaintiff respectfully submits that the sanction of dismissal is too harsh, as Plaintiff must be afforded an opportunity to meet with his counsel in order to properly complete discovery.

## LEGAL STANDARD

The Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") authorize sanctions for failure to provide discovery, obey court orders, and prosecute claims, and that the legal standard regarding same involves assessing six factors: "(1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense." See Fattah v. Beard, 214 Fed. Appx. 230, 232-33 (3d Cir. 2007) and Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original).

However, it is relevant that "the sanction of dismissal is extreme and should be reserved for cases where it is justly deserved […]." See Fattah, 214 Fed. Appx. at 233; see also Poulis, 747 F.2d at 866 ("We recognized that in National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 … (1976), a dismissal was upheld where plaintiffs had acted in 'flagrant bad faith'

3

and counsel 'had behaved with 'callous disregard' of [his] responsibilities,' *id.* at 643, but observed that 'the case at hand is not as extreme;' 'dismissal is a *drastic* sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff'") (internal citation omitted) (emphasis added).

In Briscoe v. Klaus, another case which considered a Rule 41(b) motion to dismiss for failure to prosecute and the Poulis factors in light of the effects of incarceration, the Third Circuit Court of Appeals first noted that "'dismissals with prejudice . . . are drastic sanctions.' […]. As a result, it is imperative that the District Court have a full understanding of the surrounding facts and circumstances pertinent to the *Poulis* factors before it undertakes its analysis." See Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008) (internal citation omitted). Accordingly, Briscoe held that "the District Court should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case *sua sponte*." Id.

## **ARGUMENT**

In light of Plaintiff's incarceration, and considering the Poulis factors, dismissal is not warranted.

First, Plaintiff does not bear personal responsibility for his inability to meet with his counsel to finalize responses to Defendants' discovery demands. In cases where a court failed to consider that prison officials could not accommodate a meeting with a plaintiff's attorney, "the record was *insufficient* for the District Court to find that Briscoe was personally responsible for failing to attend the conference." See Briscoe, 538 F.3d at 259 (emphasis added). Here, prison officials similarly have refused Plaintiff to attend virtual meetings with his counsel.

Second, Defendants have not been substantially prejudiced. Even though Defendants have correctly described the law, the record remains insufficient for the Court "to conclude that

4

[Plaintiff]'s conduct prejudiced the [D]efendants without providing [Plaintiff] with an opportunity to explain why he failed to attend the conference." Id. "Generally, prejudice includes 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" Id. (internal citation omitted). Even a plaintiff's failure to attend a final pretrial conference, thus prejudicing trial preparations, would not necessarily mean that plaintiff had caused its defendants to be prejudiced. Id. at 260. Here, Plaintiff's delay in ability to respond to Defendants' discovery requests has had no such prejudicial effect on Defendants. Moreover, Plaintiff did not himself cause such delay; the policies of the Ocean County jail did.

Third, Plaintiff has no history of dilatoriness. "[T]he District Court should not have utilized a single instance of dilatory behavior in balancing the Poulis factors." Id. at 260. Similarly, the Court should not place sole emphasis on Plaintiff's delayed, forthcoming response to Defendants' discovery requests when considering whether Plaintiff is repeatedly failing to prosecute its case. This case contains only one other instance of arguable delay – Plaintiff's emergency motion for adjournment of a telephonic conference scheduled on May 11, 2026 – but that issue is now moot, since it was rescheduled and held on June 10, 2026. Moreover, "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.' See Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984) (finding that, although the plaintiff's pretrial documents were 'filed inexcusably late,' it was not the same history of dilatoriness present in Poulis, 747 F.2d at 868); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 343 (3d Cir. 1982) (reinstating plaintiff's case where the plaintiff acted dilatory on one occasion but no evidence existed that the plaintiff's behavior was willful)." See Briscoe, 538 F.3d at 261.

Here, there is only one instance of delayed discovery responses. This does not rise to the level implicated by Poulis.

Fourth, any conduct complained of by Defendants concerning Plaintiff or his counsel was not willful or in bad faith. Again, "the record does not support [a] finding that [Plaintiff] was willful [where] it [does] not provide [Plaintiff] with an opportunity to explain the reason he failed to attend the hearing. See Briscoe, 538 F.3d at 262. "Under this factor, the District Court must consider whether the conduct was 'the type of willful or contumacious behavior which was characterized as flagrant bad faith.' […]. Generally, '[w]illfulness involves intentional or self-serving behavior.' […]. If the conduct is merely negligent or inadvertent, we will not call the conduct 'contumacious.'" See Briscoe, 538 F.3d at 262 (internal citations omitted). Here, certainly, it is not *self*-serving for Plaintiff to be incarcerated.  See Wilkerson v. Brown, No. CIV.96-4920 (JBS) (AMD), 2009 WL 2049162, at *5 (D.N.J. July 8, 2009) ("There is no suggestion that Plaintiff delayed prosecuting this case through 'intentional or self-serving behavior,' … rather, as the Court explained in its Order for Administrative Termination, the stay was called for by the circumstance of Plaintiff's incarceration, and was not procured by Plaintiff as a self-serving or tactical maneuver. In the absence of willful conduct, dismissal is not appropriate").

Fifth, to the extent the Court is inclined to award any type of sanction (which it should not under the circumstances), lesser sanctions would be effective. The Third Circuit has "repeatedly stated that '[d]ismissal must be a sanction of last, not first, resort.'" See Hildebrand v. Allegheny Cty., 923 F.3d 128, 136 (3d Cir. 2019) ("'meaningful alternatives must be explored . . . . Where there is no indication that such alternative actions were weighed and found wanting, a dismissal pursuant to Rule 41(b) is more difficult to sustain'") (internal citations omitted). Here, the Court

must not grant the sanction of dismissal, considering that lesser alternative sanctions may be available, including a conditional sanction.

Sixth, Plaintiff's claims are meritorious. "Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." See Briscoe, 538 F.3d at 263 (citing Poulis, 747 F.2d at 869-70). Notably, here, Defendants moved instead to dismiss only under Rules 37(b) and 41(b). Nonetheless, Plaintiff has adequately pled his *prima facie* claims for overtime and retaliation under the Fair Labor Standards Act, as amended (hereinafter the "FLSA"), 29 U.S.C. §201 *et seq.*, discrimination and retaliation under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), discrimination under the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 *et seq.*, ("NJLAD"), and retaliation under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA").

Before addressing the standard for each of these claims, it warrants mentioning that Defendants assert that Plaintiff's discrimination and retaliation claims are meritless because they have proffered a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's termination. However, Defendants bear the burden of proof on that defense and, should they establish same, Plaintiff bears the burden of proving that the proffered reason is pretextual. Moreover, and importantly, this defense does not apply to Plaintiff's wage-and-hour claims.

"To state a *prima facie* claim for an FLSA overtime violation, a plaintiff must allege that: (1) the plaintiff was an 'employee,' as defined by the FLSA; (2) the defendant was 'engaged in commerce,' as defined by the FLSA; and (3) the plaintiff was not paid overtime compensation for hours worked in excess of forty in a given week." See Razak v. Uber Techs., Inc., No. 16-573, 2016 U.S. Dist. LEXIS 173351, at *10 (E.D. Pa. Dec. 14, 2016) (internal citations omitted).

Here, Plaintiff was an employee of Defendant by working as a driver and loader; Defendant engaged in commerce by providing collection/disposal/recycling services to municipal, commercial, industrial, and private customers and carrying waste from outside the State of New Jersey; and Plaintiff was not paid overtime, because he regularly worked fifty (50) hours per week, yet was not paid overtime wages at the one-and-one-half (1.5) times rate for overtime Plaintiff worked in excess of forty (40) hours each week.

"In order to make out a *prima facie* case of disability discrimination under the ADA, [a plaintiff] must establish that she (1) has a 'disability,' (2) is a 'qualified individual,' and (3) has suffered an adverse employment action because of that disability." See Turner v. Hershey Chocolate USA, 440 F.3d 604, 611 (3d Cir. 2006) (internal citations omitted).

Here, Plaintiff has a disability in that the injuries resulting from his vehicular accident constituted "a physical or mental impairment that substantially limits one or more major life activities of such individual." See 42 U.S.C. § 12102; Plaintiff is a qualified individual in that "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." See 42 U.S.C.S. § 12111(8); and Plaintiff suffered an adverse employment action in that he was not afforded reasonable accommodations and was eventually constructively terminated.

"To establish a *prima facie* case of retaliation under the ADA, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." See Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997) (internal citations omitted).

8

Here, Plaintiff engaged in protected activity by requesting accommodations; Defendant adversely acted by deciding to constructively terminate Plaintiff rather than engage in an interactive dialogue regarding reasonable accommodations; and the short temporal proximity between Plaintiff's request for accommodations and his termination suggests causation. See Krouse, 126 F.3d at 503.

"If the claim is based upon discriminatory discharge, […] plaintiff must demonstrate: (1) that plaintiff is in a protected class; (2) that plaintiff was otherwise qualified and performing the essential functions of the job; (3) that plaintiff was terminated; and (4) that the employer thereafter sought similarly qualified individuals for that job." See Victor v. State, 203 N.J. 383, 409, 4 A.3d 126, 141 (2010) (internal citation omitted).

Here, (1) Plaintiff is in a protected class in that he had a disability arising out of a automobile accident; he was otherwise qualified and performing his functions as a driver and loader; he was constructively terminated; and his job still exists. See N.J. Stat. § 10:5-12(a).

"Under […] the Family and Medical Leave Act, a *prima facie* case of retaliation requires showing: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." See Steidle v. U.S. Liab. Ins. Co., No. 24-2999, 2026 U.S. App. LEXIS 18304, at *1 (3d Cir. June 24, 2026).

Here, Plaintiff engaged in protected activity by requesting accommodations; Defendant adversely acted by deciding to constructively terminate Plaintiff rather than engage in an interactive dialogue regarding reasonable accommodations; and the "'unduly suggestive'" temporal proximity between Plaintiff's request for accommodations and his termination suggests

causation. See Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 307 (3d Cir. 2012) (internal citation omitted).

"To establish a *prima facie* case of retaliatory discharge [under the FLSA], a plaintiff must demonstrate that: (1) the plaintiff engaged in a protected activity, (2) the employer undertook an adverse employment action against the plaintiff, and (3) there was a causal link between the plaintiff's protected action and the employer's adverse action." See Zielinski v. City of Wildwood, No. 12-7195 (JS), 2014 U.S. Dist. LEXIS 170717, at *13 (D.N.J. Dec. 10, 2014) (internal citations omitted).

Here, again, Plaintiff engaged in protected activity by requesting accommodations; Defendant adversely acted by deciding to constructively terminate Plaintiff rather than engage in an interactive dialogue regarding reasonable accommodations; and the temporal proximity between Plaintiff's request for accommodations and his termination suggests causation. See Savage v. Autolender's Liquidation Ctr., Inc., No. 23-cv-16166-ESK-EAP, 2025 U.S. Dist. LEXIS 30674, at *13 (D.N.J. Feb. 20, 2025) (two months is sufficient temporal proximity).

Accordingly, all of Plaintiff's claims have merit.

Lastly, Plaintiff's failure to respond to Defendants' Request for Admissions, like Plaintiff's delayed responses to other discovery requests, must not be taken as admissions. "Rule 36(a)(3) of the Federal Rules of Civil Procedure provides that a request for admission is deemed admitted if a party does not respond within 30 days. Nevertheless, courts may permit withdrawal of the admission if: (1) doing so 'would promote the presentation of the merits of the action'; and (2) 'the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.' Fed. R. Civ. P. 36(b). Courts may consider other factors as well, such as

whether the moving party can show good cause for the delay" <u>See</u> <u>Gwynn v. City of Phila.</u>, 719 F.3d 295, 298 (3d Cir. 2013) (internal citation omitted).

Here, withdrawal of these admissions would permit the Court to consider the merits of the case, and would not otherwise prejudice Defendants, who would still have opportunity to defend the action on its merits, upon receipt of appropriate and accurate discovery responses.

Moreover, there exists good cause for the delay, given that Plaintiff's incarceration was not an intentional dilatory tactic by Plaintiff or his counsel.  <u>See</u> <u>Wilkerson</u>, 2009 WL 2049162, *supra*.

<strong><u>CONCLUSION</u></strong>

Plaintiff respectfully submits that, based on the foregoing, the Court should deny Defendants' motion to dismiss Plaintiff's Complaint with prejudice pursuant to Rules 37(b) and 41(b).  Given that Plaintiff has no projected release date, Plaintiff's undersigned counsel is prepared to visit the Ocean County jail to meet with Plaintiff to finalize the discovery responses. Plaintiff therefore respectfully requests that he be given sixty (60) days to make arrangements to do so and provide the requested discovery, as his litigation calendar makes it difficult to schedule an all-day trip approximately 100 miles away to complete the required discovery.

Plaintiff thanks this honorable Court for its time, attention, and anticipated courtesies in this case.

Dated:   Jamaica, New York
         July 20, 2026

                                          Respectfully submitted,

                                          **SAGE LEGAL LLC**

                                          _/s/ Emanuel Kataev, Esq._____
                                          Emanuel Kataev, Esq.
                                          18211 Jamaica Avenue
                                          Jamaica, NY 11423-2327
                                          (718) 412-2421 (office)
                                          (917) 807-7819 (cellular)
                                          (718) 489-4155 (facsimile)
                                          emanuel@sagelegal.nyc

                                          *Attorneys for Plaintiff*
                                          *Kenneth Jamison*

**VIA ECF**
All counsel of record

12