LAW OFFICES OF
# KIRMSER, CUNNINGHAM & SKINNER

OLIVIER J. KIRMSER**
WILLIAM P. CUNNINGHAM
JOSEPH F. SKINNER
MICHAEL S. SCHWARTZ
ELLEN M. BOYLE*

*New Jersey and New York Bars
**New Jersey and Pennsylvania Bars

ATTORNEYS AT LAW
NOT A PARTNERSHIP OR PROFESSIONAL CORPORATION
Employees of ACE American Insurance Company, a Chubb Company

202A Hall's Mill Road
P.O. BOX 1675
WHITEHOUSE STATION, NJ 08889-1675

(908) 572-3600
FACSIMILE:  (908) 572-4045

DAVID L. BURNETT
TIMOTHY P. MALACRIDA*
MICHAEL T. WILKOS*
KIMBERLY HINNANT-LOGAN
NICOLE L. HOLLINGSWORTH
ROBERT GRAVES-GRIMAL*

BRENDAN D. HENNESSY**
JONATHAN E. HILL**

July 27, 2026

Via ECF
The Honorable Michael A. Shipp, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re**:  **Jamison v. Meadowbrook Industries, Inc.**
> **Docket No. 3:25-cv-13182-MAS-JTQ**

Dear Judge Shipp:

Defendants Meadowbrook Industries, Inc. and Joseph Calderia respectfully submit this Reply Brief in further support of their motion to dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rules of Civil Procedure 37(b) and 41(b). Plaintiff's opposition does not cure the undisputed discovery failures that prompted this motion, and it offers no legally sufficient basis to excuse Plaintiff's noncompliance.

Plaintiff's opposition attempts to recast this matter as though he has meaningfully participated in discovery simply because he filed papers and attended conferences. But the issue before the Court is not whether Plaintiff has taken isolated procedural steps; it is whether Plaintiff has complied with his discovery obligations. He has not.

Defendants served their First Set of Interrogatories, First Request for Production of Documents, and Request for Admissions on October 31, 2025, and Plaintiff has not served a single response, objection, or document production. Plaintiff requested multiple extensions, which

The Honorable Michael A. Shipp, U.S.D.J.
July 27, 2026
Page | 2

Defendants granted twice before declining a third request, and the Court addressed Plaintiff's discovery failures at status conferences on February 17, 2026 and June 10, 2026. Yet Plaintiff still produced nothing.

Plaintiff's reliance on his incarceration is misplaced. Plaintiff has been represented by counsel throughout this litigation. If counsel believed Plaintiff's incarceration impeded discover responses, counsel could have sought an extension, requested a protective order, or otherwise informed the Court of the specific impediments to compliance. Counsel did none of those things. Instead Plaintiffs serve no discovery responses whatsoever. The existence of counsel substantially undermines Plaintiff's claim that incarceration alone constitutes good cause for months of complete noncompliance

Plaintiff had already been granted extensions of time, and there is no reason counsel could not have mailed the discovery to Plaintiff and, at minimum, served written responses to the Requests for Admissions. Those requests required only straightforward admit-or-deny responses, were based on documents already provided to counsel in Defendants' discovery and did not depend on an in-person meeting to be answered.

Dismissal is warranted under Federal Rules of Civil Procedure 37(b) and 41(b). The Federal Rules authorize sanctions for failure to provide discovery, obey court orders, and prosecute claims, and dismissal is appropriate where the circumstances warrant it. In determining whether dismissal is justified, courts consider factors set forth in *Poulis v. State Farm Fire & Cas. Co*., 747 F.2d 863 (3d Cir. 1984): the extent of the party's personal responsibility, prejudice to the adversary, a history of dilatoriness, whether the conduct was willful or in bad faith, the effectiveness of sanctions other than dismissal, and the meritoriousness of the claim or defense.

The Honorable Michael A. Shipp, U.S.D.J.
July 27, 2026
Page | 3

Here, the *Poulis* factors strongly support dismissal. Plaintiff bears personal responsibility for the failure to provide discovery responses. Even accepting Plaintiff's assertion that he was incarcerated, that fact does not excuse his failure to respond where he had already been granted extensions and still did nothing to complete discovery. Defendants have been substantially prejudiced because, without interrogatory answers, document production, or responses to admissions, they cannot meaningfully investigate Plaintiff's claims, evaluate damages, identify witnesses, prepare depositions, or move this matter forward. Plaintiff's repeated failure to respond over an extended period reflects a history of dilatoriness, and his noncompliance is willful because there is no indication that the failure resulted from mistake or inability. Lesser sanctions would be ineffective and would merely reward Plaintiff's continued disregard of the judicial process.

Plaintiff argues that his failure to respond to Defendant's Request for Admissions ("RFA") must not be taken as admissions since doing would permit the Court to consider the merits of the case and because he alleges he had good cause for the delay.  Neither of these arguments is sufficient to allow the Court to permit the plaintiff to withdraw these admissions.

The purpose of RFAs  "is to narrow the issues to those which are genuinely contested[.]" *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1998); Rule 36(b). It is precisely for this reason that Defendants served the RFAs which relate to the drug testing and the accidents that Plaintiff was indisputable involved in to help narrow the issues in the litigation.  All of the Requests are based on documents that Plaintiff should have in his possession but in any event were already provided by Defendants in discovery.

Although Rule 36(b) permits withdrawal or amendment of an admission only where doing so would promote the presentation of the merits, that standard is plainly not met here. Fed. R. Civ.

The Honorable Michael A. Shipp, U.S.D.J.
July 27, 2026
Page | 4

P. 36(b). The admissions are not disputed in any meaningful way; they are supported by documentary evidence, including drug testing records, FMCSA letters confirming that Plaintiff's commercial driver's license was revoked, the summons issued after Plaintiff crashed into the Garden State Toll Plaza, and police and accident reports. Plaintiff has not identified a single admission he would actually deny, nor has he offered any coherent explanation of how withdrawal would advance the merits. In short, Plaintiff seeks to withdraw admissions that are well-founded, undisputed, and fully supported by the record. There is no basis to permit withdrawal.

Plaintiff's request for additional time should be denied. The Court has already afforded Plaintiff opportunities to comply, yet he still has produced no discovery. Plaintiff's opposition offers no concrete assurance that discovery will be completed if yet another extension is granted, and the Court should not permit this case to remain stalled indefinitely while Defendants are denied the basic discovery to which they are entitled.

For all of these reasons, Defendants respectfully request that the Court reject Plaintiff's opposition, deem the unanswered Requests for Admissions admitted pursuant to Rule 36(a)(3), grant Defendants' motion to dismiss with prejudice, and award such other and further relief as the Court deems just and proper

Respectfully submitted,
KIRMSER, CUNNINGHAM & SKINNER

*Ellen M. Boyle*

Ellen M. Boyle

EMB:ss
cc:   Emanuel Kataev, Esq., Consumer Attorneys PLLC