**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KENNETH JAMISON,<br><br>Plaintiff,<br><br>v.<br><br>MEADOWBROOK INDUSTRIES, INC., *et al.*,<br><br>Defendants. | Civil Action No. 25-13182 (MAS)(JTQ)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Meadowbrook Industries, Inc., and Joseph Calderia's (collectively, "Defendants") Motion to Dismiss Plaintiff Kenneth Jamison's ("Plaintiff") Complaint under Federal Rules of Civil Procedure 37(b) and 41(b).[1] (ECF No. 21.) Plaintiff opposed (ECF No. 22), and Defendants replied (ECF No. 23). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b).

By way of brief background, Plaintiff has been incarcerated in the Ocean County Jail since May 2025. (*See* Kataev Decl. ¶ 4, ECF No. 22-1.) Plaintiff commenced this action on July 11, 2025, by filing a Complaint, asserting six causes of action under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (*See generally* Compl., ECF No. 1.) Defendants filed an

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

Answer on August 25, 2025 (ECF No. 7), and the parties entered the throes of discovery in September 2025 (*see* ECF Nos. 9, 10).

Under the Pretrial Scheduling Order, the parties were scheduled to: (1) exchange their written discovery demands by October 31, 2025; and (2) complete fact discovery by May 1, 2026. (*See* Pretrial Scheduling Order ¶¶ 6, 10, ECF No. 13.) Plaintiff's then-romantic partner facilitated communication between Plaintiff and Plaintiff's counsel from July 2025 to December 19, 2025. (*See* Kataev Decl. ¶ 6.) After that point, Plaintiff's counsel "was no longer able to have calls with the Plaintiff" because Plaintiff's romantic relationship ended, and Plaintiff's counsel would have been required to visit Plaintiff at the Ocean County Jail. (*Id.* ¶¶ 7-8.) Until June 2026, however, Plaintiff's counsel did not know where Plaintiff was being incarcerated. (*See* Boyle Cert. ¶ 14, ECF No. 21-2.) Although Plaintiff's counsel—at an unspecified date—asked one Ocean County administrator whether a virtual meeting with Plaintiff would be feasible (Kataev Decl. ¶ 13), Plaintiff's counsel made no other attempts to communicate with or visit Plaintiff. As a result, Plaintiff failed to meet the discovery deadlines imposed by the Pretrial Scheduling Order, and with leave from the Magistrate Judge (*see* ECF No. 20), Defendants filed a Motion to Dismiss with Prejudice for Failure to Make Discovery on July 7, 2026. (Defs.' Mot. to Dismiss, ECF No. 21.) Plaintiff opposed on July 20, 2026 (Pl.'s Opp'n Br., ECF No. 22), and Defendants replied on July 27, 2026 (Defs.' Reply Br., ECF No. 23).

Rules 37(b) and 41(b) permit a court to dismiss an action as a sanction for a party's failure to follow court orders or prosecute an action. Fed. R. Civ. P. 37(b); Fed. R. Civ. P. 41(b). A dismissal with prejudice—before any adjudication on the merits—is a drastic sanction which deprives a party of his day in court. *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013); *see also Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 866-68 (3d Cir. 1984) (explaining that

dismissals with prejudice are "extreme" sanctions, reserved for instances where a party acts in "flagrant bad faith" or where counsel "behaved with callous disregard of [his] responsibilities" (citation modified) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). While a court has discretion to fashion an appropriate sanction, *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d. Cir. 1974), "[d]ismissal must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 869.

When determining whether dismissal is appropriate, the court must balance the following five factors:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868 (emphases in original). After careful consideration of these factors, the Court concludes that the ultimate sanction of dismissal is not warranted here.

Factor one "asks whether the party himself, as opposed to the party's counsel, bears personal responsibility for the action or inaction." *Cox v. United Parcel Serv. Inc.*, 753 F. App'x 103, 105 (3d Cir. 2018) (internal quotation marks and citation omitted). Despite Defendants' claims to the contrary (Defs.' Moving Br. 4, ECF No. 21-1), the Court finds that Plaintiff is not responsible for the discovery violations. Plaintiff is presently incarcerated in Ocean County Jail and has been since May 2025—before the inception of this action. (*See* Kataev Decl. ¶ 4.) The last known communication Plaintiff had with his counsel was on December 19, 2025. (*Id.* ¶ 6.) After that point, the record shows that Plaintiff's counsel ceased communicating with Plaintiff, resulting in a default of his discovery obligations. Under the circumstances, Plaintiff is not at fault for the

dereliction of his counsel. *See Poulis*, 747 F.2d at 868 (explaining that "a client cannot always avoid the consequences of the acts or omissions of its counsel" (citation omitted)).

As to the second factor, prejudice is comprised of "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (quoting *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994)). The Court finds that Defendants are not prejudiced under this general definition of prejudice—*i.e.*, that Plaintiff's failure to answer discovery meaningfully inhibited Defendants' ability to prepare for depositions, assess damages, identify witnesses, or prepare dispositive motions. (Defs.' Moving Br. 4-5.) Moreover, contrary to Defendants' assertion that they have incurred significant costs (*id.* at 5), the docket does not reveal that Defendants ever requested the Court's assistance in compelling Plaintiff's compliance with his discovery obligations. Prejudice is, therefore, not evident on this record because this matter—although open for a year and a half—is still in its early stages.

Factor three requires an evaluation of Plaintiff's "[e]xtensive or repeated delay[s] or delinquenc[ies.]" *Briscoe*, 538 F.3d at 260 (citation omitted). Defendants assert that Plaintiff "repeatedly ignored his discovery obligations over an extended period despite Defendants' repeated requests and the Court's involvement." (Defs.' Moving Br. 5.) Here, Plaintiff's counsel repeatedly requested courtesy extensions from Defendants to propound Plaintiff's responses to discovery on the basis of his competing workload. (*See* ECF No. 21-5 *57-72.[2]) At the time of those requests, Plaintiff's counsel never informed Defendants that Plaintiff was incarcerated and

[2] Page numbers that are preceded by an asterisk refer to the page numbers atop the ECF header.

that attempting to communicate with him would be administratively difficult. Moreover, the record clearly demonstrates that Plaintiff's counsel stopped communicating with Plaintiff after December 19, 2025, and otherwise failed to apprise Plaintiff of the status of this action. (*See* Kataev Decl. ¶ 9.) While it is true that Plaintiff failed to meet his discovery deadlines, the record shows that Plaintiff's counsel abdicated his responsibility to his client after December 19, 2025—not that Plaintiff, himself, ignored his discovery obligations. Accordingly, Plaintiff has not displayed dilatory conduct here.

The fourth factor requires conduct that is more than negligent—it must be intentional or self-serving. *Briscoe*, 538 F.3d at 262. The Court finds no evidence that Plaintiff acted willfully or in bad faith given his incarceration. On the other hand, it is clear that Plaintiff's counsel plainly neglected his duty to Plaintiff and was not candid with opposing counsel or the Court regarding Plaintiff's incarceration. The record, however, falls short of demonstrating that Plaintiff's counsel acted in bad faith in the sense that his actions were designed to achieve a tactical advantage over Defendants. *See Adams*, 29 F.3d at 876 (finding a delay of four and a half years not willful because "there [was] no indication that it was strategic or self-serving. Rather, it [was] a prime example of inexcusable negligent behavior.").

Under the fifth factor, the Court must consider the availability of other sanctions as an alternative to dismissal. *Poulis*, 747 F.2d at 869. Where, as here, the Court finds that an attorney caused the inexcusable delay, the Third Circuit has observed that the Rules authorize a district court "to impose on an attorney those expenses, including attorneys' fees, caused by unjustified failure to comply with discovery orders" and that those costs should be imposed "directly upon the attorney, with an order that such costs are not to be passed on to the client, directly or indirectly." *Id.* At this time, the Court does not find that awarding attorneys' fees is warranted.

Plaintiff's counsel is, however, on notice that the Court is considering imposing costs against him for further delay absent a request for a reasonable discovery extension to the Magistrate Judge which is supported by demonstrable good cause. *See* Fed. R. Civ. P. 16(b)(4). Plaintiff's counsel is not justified in abandoning his client simply because he lives one hundred miles from Ocean County Jail, especially when Plaintiff's counsel was aware that Plaintiff was incarcerated well before initiating this action. (*See* Kataev Decl. ¶¶ 4, 9.)

As to the final factor, for a claim to be meritorious, "the pleadings, if established at trial, would support recovery by plaintiff[.]" *Poulis*, 747 F.2d at 870 (citations omitted). In seeking dismissal, Defendants introduce matters beyond the pleadings (*see* Defs.' Moving Br. 5-7), but the Court may not assess the meritoriousness of a plaintiff's claims under the summary judgment standard. *Poulis*, 747 F.2d at 869. Instead, "[t]he Court assumes in evaluating the sixth *Poulis* factor that Plaintiff's claim[s] ha[ve] merit[,]" *Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F. Supp. 2d 400, 405 (D.N.J. 2007), because Defendants filed an Answer in response to Plaintiff's Complaint, rather than moving to dismiss it under Rule 12(b).

In sum, the *Poulis* factors weigh against dismissal in this case. The Court, however, is persuaded that imposing fees against Plaintiff's counsel could be available at a later time should Plaintiff's counsel make no bona fide effort to communicate or meet with Plaintiff, causing further inexcusable delays. If Plaintiff's counsel cannot adequately represent Plaintiff in this matter, then Plaintiff's counsel has a responsibility to consider withdrawing as counsel. Absent substitution of counsel, Plaintiff's counsel must file a motion to withdraw as counsel under Local Civil Rule 102.1 and Rule 1.16 of the New Jersey Rules of Professional Conduct after taking reasonable steps to locate, contact, and inform Plaintiff of his intent to withdraw. *See In re Valsartan*

*N-Nitrosodimethylamine (NDMA), Losartan, & Irbesartan Prod. Liab. Litig.*, No. 19-2875, 2020 WL 955059, at *2 (D.N.J. Feb. 27, 2020).

Based on the foregoing,

**IT IS**, on this 20th day of November 2026, **ORDERED** as follows:

1. Defendants' Motion to Dismiss (ECF No. 21) is **DENIED.**

2. Within **forty-five (45) days** of the entry of this Memorandum Order, the parties shall meet and confer and file a joint proposed Amended Pretrial Scheduling Order to the Magistrate Judge.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE